IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WILLEM JAN M. VAN ANDEL, LLM and ELEONORA L. ZETTELER, LLM, in their capacity as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzekering "CONSERVATRIX" N.V.;<br><br>Petitioners,<br><br>v.<br><br>GREG EVAN LINDBERG; TRIER HOLDING B.V.; NETHERLANDS INSURANCE HOLDINGS, INC.; and NIH CAPITAL, LLC;<br><br>Respondents. | Civil Action No. 1:23-CV-879 |

**PETITION TO CONFIRM ARBITRATION AWARD**

Petitioners Willem Jan M. van Andel, LLM and Eleonora L. Zetteler, LLM, in their capacity as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzekering "Conservatrix" N.V., (collectively, "Conservatrix") by and through their undersigned counsel, for their Petition to Confirm Arbitration Award against Respondents Greg Evan Lindberg, Trier Holding B.V., Netherlands Insurance Holdings, Inc., and NIH Capital, LLC, (collectively, "Lindberg Respondents") allege as follows:

**INTRODUCTION**

1. This is an action to confirm an arbitration award (the "Award") from the Netherlands for use in North Carolina.

2. Petitioners seek an order from this Court under the Federal Arbitration Act, 9 U.S.C. § 207, confirming the Award rendered in an arbitration before the Dutch Arbitration

Institute ("Nederlands Arbitrage Instituut," or "NAI"), and entry of judgment thereon pursuant to 9 U.S.C. § 13.

## PARTIES

3. Petitioners Willem Jan M. van Andel, LLM and Eleonora L. Zetteler, LLM are individuals who reside in Utrecht, Kingdom of the Netherlands, acting here in their capacity as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzekering "Conservatrix" N.V., a corporation incorporated under the laws of the Netherlands with its registered office in Utrecht. Petitioners are citizens of the Netherlands.

4. Upon information and belief, Respondent Greg Evan Lindberg is an individual who resides in Durham, North Carolina. Upon information and belief, Respondent Greg Evan Lindberg is a citizen of the United States of America.

5. Upon information and belief, Respondent Trier Holding B.V. is a corporation that is incorporated under the laws of the Netherlands and has its registered office in Hoofddorp, the Netherlands.

6. Upon information and belief, Respondent Netherlands Insurance Holdings, Inc. is a corporation that is incorporated under the laws of Delaware and has its registered office in Wilmington, Delaware.

7. Upon information and belief, Respondent NIH Capital, LLC is a limited-liability corporation that is incorporated under the laws of Delaware and has its registered office in Wilmington, Delaware.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this action pursuant to 9 U.S.C. § 203, in that this is a civil action seeking confirmation of an award rendered in an arbitration falling under the Convention on the Enforcement and Recognition of Foreign Arbitral Awards.

9. Venue is proper in this judicial district pursuant to 9 U.S.C. § 204 because the parties' arbitration agreement and the enforcement of the arbitration award falls under the terms of the Convention on the Enforcement and Recognition of Foreign Arbitral Awards, and the place of the arbitration was the Kingdom of the Netherlands.

## FACTS

### I. The Arbitration and Award

10. On December 22, 2019, Nederlandsche Algemeene Maatschappij van Levensverzekering "Conservatrix" N.V., ("Conservatrix") filed a request for summary arbitral proceedings with the Netherlands Arbitration Institute ("NAI") against Greg Evan Lindberg, Trier Holding B.V., Netherlands Insurance Holdings, Inc., and NIH Capital, LLC (respectively, "Lindberg," "Trier," "NIH," and "NIH Capital" and collectively "Lindberg Respondents"). *See* **Exhibit A**, ¶ 8.

11. On January 17, 2020, an arbitral hearing was held in Rotterdam, the Netherlands. At the hearing, counsel for the parties pleaded their arguments and presented additional information with respect to the issues set out in their respective submissions, also in answer to questions raised by the arbitral tribunal. The parties themselves also presented additional information at the hearing. At the end of the hearing, the arbitral tribunal set the date for making its award on January 31, 2020, and set an order of procedure for parties' submissions on costs of legal assistance in the summary arbitral proceedings. *See* **Exhibit A**, ¶ 9.

12. On January 31, 2020, the arbitral tribunal issued its ruling and award, a duly certified copy of which is attached as **Exhibit B**. *See* **Exhibit B**, pp. 33-34; *see also* **Exhibit A**, ¶ 10. The ruling, in relevant part:

a. Ordered Trier to replenish the shortfall in the solvency capital ratio of Conservatrix to 135% with care equity contributions, within 60 days after the award, and thereafter to maintain a minimum solvency capital ratio of 135% in accordance with the Recapitalization Commitment dated March 17, 2017, attached hereto as **Exhibit C**;

b. Ordered Lindberg, NIH and, NIH Capital, jointly and severally, to procure that Trier will replenish the shortfall in the solvency capital ratio of Conservatrix to a solvency capital ratio of 135% with care equity contributions, within 60 days after the award and thereafter to procure that Trier maintains a minimum solvency capital ratio of Conservatrix of 135% in accordance with the Recapitalization Commitment;

c. Ordered Lindberg, NIH, and NIH Capital to pay Conservatrix an immediately payable penalty (Dutch: "dwangsom") of €150 million if the obligations under part b) of the ruling are not timely complied with in whole or in part;

d. Ordered Lindberg, Trier, NIH, and NIH Capital to jointly and severally pay the costs of the summary proceedings, fixed until the issuance of the award at €67,922.08 for fees and disbursements of the arbitral tribunal, at €17,077.92 for fees and disbursements of the arbitral secretary, and at €49,725.00 for the administration costs of the NAI, therefore in total €134,725.00. The arbitral tribunal ruled that these costs shall be paid out of the deposit of €85,000.00 made by

Conservatrix and the administration costs of €54,450.00 paid by Conservatrix. Consequently, the arbitral tribunal ordered Lindberg, Trier, NIH, and NIH Capital, to jointly and severally pay Conservatrix such that payment by either party discharges the obligations of the other party, and vice versa, an amount of €134,725.00 for such costs;

e. Lindberg, Trier, NIH, and NIH Capital to jointly and severally pay to Conservatrix such that payment by either party discharges the obligations of the other party, and vice versa, an amount of €200,000 for costs of legal representation.

## II. Lindberg Respondents' Attempt to Annul the Award

13. On February 17, 2020, the Rechtbank Rotterdam ("Court of Rotterdam") granted leave to enforce the Award. *See* **Exhibit D**, p. 8; *see also* **Exhibit A**, ¶ 11.

14. On April 23, 2020, Trier filed a writ of summons at the Gerechtshof Den Haag ("Court of Appeal of The Hague"), requesting to nullify the Award. *See* **Exhibit D**, p. 2; *see also* **Exhibit A**, ¶ 12.

15. On December 8, 2020, Conservatrix was put into liquidation, and Petitioners W. J. M. van Andel, LLM and E. L. Zetteler, LLM took over and continued the proceedings on behalf of the liquidation assets. *See* **Exhibit D**, p. 2; *see also* **Exhibit A**, ¶ 13.

16. On March 29, 2022, the Court of Appeal of The Hague ruled in favor of Conservatrix and denied Trier's attempts to nullify the Award. *See* **Exhibit D**; *see also* **Exhibit E**; **Exhibit A**, ¶ 14.

17. Attached hereto as **Exhibit E** is a duly certified copy of the Court of Appeal ruling.

18. Attached hereto as **Exhibit D** is a duly certified copy of and English translation of the Court of Appeal ruling.

19. On June 24, 2022, Trier appealed the Court of Appeal ruling to the Hoge Raad der Nederlanden ("Supreme Court of the Netherlands"). *See* **Exhibit F**; *see also* **Exhibit A**, ¶ 15.

20. On September 1, 2023, the Supreme Court of the Netherlands also ruled in favor of Conservatrix and denied Trier's attempts to nullify the Award. *See* **Exhibit F**; *see also* **Exhibit A**, ¶ 16.

21. Attached hereto as **Exhibit E** is a duly certified copy of the Supreme Court of the Netherlands ruling.

22. The Award has not been set aside or suspended by a competent authority of the country in which, or under the law of which, the Award was made. *See* **Exhibit A**, ¶ 17.

## COUNT I
## (Confirm Arbitration Award under the Federal Arbitration Act)

23. Conservatrix repeats and realleges paragraphs 1 through 22 as if fully set forth within.

24. The United States is a contracting party to the New York Convention, subject to the reciprocity reservation set forth in Article I of the New York Convention.

25. The New York Convention has been implemented in the United States by Chapter Two of the Federal Arbitration Act.

26. The Award is governed by the New York Convention because it was rendered in the Kingdom of the Netherlands, another contracting party, and satisfies the requirements of Section 202 of the Federal Arbitration Act. *See* 9 U.S.C. § 202.

27. The Award includes declaratory relief and an award of damages in euros.

28. The Federal Arbitration Act provides that the "court ***shall*** confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207 (emphasis added).

29. None of the grounds available for refusal or deferral of recognition and enforcement of an award specified in the New York Convention apply to the Award.

30. Therefore, the Award should be confirmed pursuant to 9 U.S.C. § 207, and judgment should be entered for the relief awarded therein. The monetary portion of the judgment should be converted to United States dollars prior to entry of judgment.

31. By reason of the foregoing, the court should issue an order confirming the arbitration award annexed hereto as **Exhibit B** by NAI and direct that judgment be entered thereon.

**PRAYER FOR RELIEF**

**WHEREFORE**, Conservatrix respectfully requests that this Court:

1. Issue an order pursuant to 9 U.S.C. § 9 confirming the arbitration award annexed hereto as **Exhibit B** by NAI.
2. Enter judgment thereon pursuant to 9 U.S.C. § 13.
3. Award the Petitioners such other and further relief as this Court deems just and proper.

Dated: October 17, 2023

Respectfully submitted,

By: *[/s/ Jeffrey E. Oleynik]*

Jeffrey E. Oleynik (NC Bar No. 14416)
William O. Walker IV (NC Bar No. 55200)
Brooks, Pierce, McLendon, Humphrey & Leonard, LLP
230 N. Elm Street, Floor 2
Greensboro, NC 27401
Tel: (336) 271-3182
Fax: (336) 232-9182
joleynik@brookspierce.com

Sergio F. Oehninger (*pro hac vice* forthcoming)
Colin S. Harris (*pro hac vice* forthcoming)
Morgan, Lewis & Bockius LLP

1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 739-3000
Fax: (213) 739-3001
sergio.oehninger@morganlewis.com
colin.harris@morganlewis.com

Andrew J. Enschedé (*pro hac vice* forthcoming)
Potomac Law Group PLLC
1717 Pennsylvania Avenue, NW, Suite 1025
Washington, DC 20006
Tel: (202) 558-5557
Fax: (202 318-7707
aenschede@potomaclaw.com

*Counsel for Petitioners*