IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WILLEM JAN M. VAN ANDEL, LLM and ELEONORA L. ZETTELER, LLM, in their capacity as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzkering "CONSERVATRIX" N.V.; | § | Civil Action No. 1:23-CV-00879-JEP |
| Petitioners, | § | |
| v. | § | |
| GREG EVAN LINDBERG; TRIER HOLDING B.V.; NETHERLANDS INSURANCE HOLDINGS, INC.; and NIH CAPITAL, LLC; | § | |
| Respondents. | § | |

**RESPONDENTS NETHERLANDS INSURANCE HOLDINGS, INC. AND NIH CAPITAL, LLC'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PETITION TO CONFIRM ARBITRATION AWARD**

Respondents Netherlands Insurance Holdings, Inc. ("Netherland Insurance") and NIH Capital, LLC ("NIH") (collectively "NIH Respondents") submit this memorandum in support of its Motion to Dismiss Petition to Confirm Arbitration Award filed by Willem Jan M. Van Andel, LLM ("Van Andel") and Eleonora L. Zetteler, LLM, ("Zettler") in their capacity as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzkering "Conservatrix" N.V. ("Conservatrix") (collectively, "Petitioners").

## NATURE OF THE CASE

Petitioners' sole claim in this action seeks to confirm a foreign arbitration award for use in North Carolina pursuant to the Federal Arbitration Act, 9 U.S.C. sec. 207 ("FAA"). Section 207 of the FAA provides a three-year statute of limitations for seeking confirmation of a foreign arbitration award. *See* 9 U.S.C. § 207.

The final arbitration award at issue was delivered by an arbitral tribunal in Rotterdam, the Netherlands on January 31, 2020. Petitioners filed their Petition to Confirm Arbitration Award ("Petition") on October 17, 2023. Thus, the three-year statute of limitations period expired prior to the filing of the Petition. As such, NIH Respondents respectfully ask this Court to dismiss the Petition in its entirety.

## STATEMENT OF PERTINENT FACTS AS ALLEGED IN THE COMPLAINT

On December 22, 2019, Conservatrix filed a request for summary arbitral proceedings with the Netherlands Arbitration Institute ("NAI") against NIH Respondents as well as Greg Evan Lindberg ("Lindberg") and Trier Holding B.V. ("Trier") (collectively, "Respondents") (Doc. 1, ¶ 10). The dispute forming the basis of the arbitration proceedings arises from Petitioners' allegation that Respondents failed to maintain Conservatrix's minimum solvency capital requirement ratio ("Minimum SCR Ratio") at 135% as mandated in a Recapitalization Commitment between Respondents and De Nederlandsche Bank N.V. ("DNB"), dated March 17, 2019. *See* (Doc. 1, Ex. B, ¶¶ 3.14-3.26).

On January 17, 2020 an arbitral hearing was held in Rotterdam, the Netherlands. (*Id*. 1, ¶ 11). Ultimately, on January 31, 2020, the arbitral tribunal issued its ruling and award ("Award") against Respondents. (*Id*., ¶ 12).

Subsequently, the Court of Rotterdam granted leave to enforce the Award on February 17, 2020. (*Id.*, ¶ 13).

On April 23, 2020, Trier filed a writ of summons at the Court of Appeals of the Hague and requested to nullify the Award. (*Id.*, ¶ 14). The Court of Appeals of the Hague ruled in favor of Conservatrix on March 29, 2022. (*Id.*, ¶ 16).

Trier again filed an appeal to the Supreme Court of the Netherlands on June 24, 2022, who ultimately ruled in favor of Conservatrix on September 1, 2023. (*Id.*, ¶¶ 19-20).

Eventually, on October 17, 2023, Petitioners filed their Petition to Confirm Arbitration Award in this Court. *See generally id*.

## STATEMENT OF QUESTION PRESENTED

1. Is a Petition to Confirm Arbitration Award time-barred by the three-year statute of limitations under 9 U.S.C § 207 when the Petition is filed more than three years after the arbitration award is originally issued, regardless of when the relevant appeals process is exhausted?

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In evaluating whether a claim is adequately stated, the "court accepts all well pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ...

bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). Importantly, "When it appears on the face of the complaint that the limitation period has run, a defendant may properly assert a limitations defense through a Rule 12(b)(6) motion to dismiss." *Faircloth v. Nat'l Home Loan Corp*., 313 F. Supp. 2d 544, 552 (M.D.N.C. 2003), *aff'd sub nom. Faircloth v. Fin. Asset Sec. Corp. Mego Mortgage Homeowner Loan Tr*., 87 Fed. Appx. 314 (4th Cir. 2004).

## ARGUMENT

Petitioners' sole claim seeking to confirm a foreign arbitration award in North Carolina is barred by the FAA's three-year statute of limitations. *See* 9 U.S.C. § 207. Specifically, section 207 of the FAA states, "**Within three years after an arbitral award falling under the Convention is made**, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration." 9 U.S.C. § 207 (emphasis added).

While it does not appear any Fourth Circuit cases have interpreted the statute of limitations provision of 9 U.S.C. sec. 207, other Circuits have determined "a foreign arbitral award is 'made' for FAA purposes when it is 'originally decided by the arbitrators,' rather than when the appeals process provided by the arbitral forum state has been exhausted." *Univ. of Notre Dame (USA) in England v. TJAC Waterloo, LLC*, 49 F.4th 13, 17 (1st Cir. 2022)(citing *Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 989 F.2d 572, 581 (2d Cir. 1993),

as amended (May 25, 1993)); *see also EGI-VSR, LLC v. Coderch Mitjans*, 963 F.3d 1112, 1123 (11th Cir. 2020)("A cause of action arises under § 207 of the FAA as soon as an arbitration award 'is made' . . . [i]n other words, an arbitration award becomes confirmable under the. . .FAA as soon as it is issued.").

For example, in *Seetransport*, the Second Circuit considered this exact issue under the same provision of the FAA. *Seetransport*, 989 F.2d at 580-81. Appellant in this case argued "an application to the court for an order of confirmation must be filed within three years after the award was 'made,' that is, originally decided by the arbitrators." *Id*. at 581. Appellee, on the other hand, argued that, under the law of the arbitral forum state, "the award did not become final until [Appellant]'s appeal was dismissed. . .by the Court of Appeals of Paris." *Id*. Appellee further argued that if Appellee's argument was accepted, Appellant would have had to "fil[e] suit in the United States district court to enforce the arbitral award, even though an appeal was pending in the Court of Appeals of Paris that could have vacated the award, and even though [Appellant] probably would have moved in the district court for a stay of the judgment pending the determination of the French judicial proceedings." *Id*.

Nonetheless, the Court determined the process described by Appellee is the exact process envisioned by the New York Convention. *Id*. Specifically, "§ 207 directs an enforcing court to confirm an arbitral award, unless it finds a ground specified in the Convention for refusing or deferring the recognition or enforcement of the award." *Id*. Article VI of the Convention states:

> If an application for the setting aside or suspension of the award has been made to a competent authority referred to in article V (1) (e), the authority before which the award is sought to be relied upon may, if it considers it proper, adjourn the decision on the enforcement of the award and may also, on the application of the party claiming enforcement of the award, order the other party to give suitable security.

*Convention Done at New York June 10, 1958*;, T.I.A.S. No. 6997 (U.S. Treaty Dec. 29, 1970), Article VI. In other words, the proper procedure is to seek to confirm the arbitration award within three years after the award is issued, and if an appeal seeking to set aside the award is made, the court considering the confirmation of the award may, in its discretion, stay the proceedings until such appeal is decided. *Id.*

In addition, the Court considered the International Chamber of Commerce's arbitration rules which state "the 'arbitral award shall be final'. . . and 'shall be deemed to be made at the place of the arbitration proceedings and on the date signed by the arbitrator." *Id.*; *see also* Article 22, Arbitration Rules of International Chamber of Commerce. Ultimately, the Court determined the statute of limitations outlined in 9 U.S.C. sec. 207 began to run on the date the arbitration award was signed by the arbitrator and that the judgment granting Appellee's summary judgment motion "must be reversed and remanded with instructions to dismiss, as time-barred, its cause of action seeking enforcement of the arbitral award pursuant to the Convention." *Id.*

Here, the Award was issued and signed on January 31, 2020. *See* (Doc. 1, ¶ 12); *see also* (Doc. 1, Exhibit B, p. 35). Because "a foreign arbitral award is 'made' for FAA purposes when it is 'originally decided by the arbitrators,' rather than when the appeals process provided by the arbitral forum state has been exhausted," the three-year statute of

limitations proscribed in section 207 of the FAA began running on January 31, 2020 and expired on January 31, 2023. *See Univ. of Notre Dame (USA) in England*, 49 F.4th at 17. Moreover, the NAI arbitration rules state, "An arbitral award shall be binding upon the parties with effect **from the day on which it is made**." *See* Article 46 of the NAI Arbitration Rules (emphasis added).

Petitioners did not file their current Petition to Confirm Arbitration Award until October 17, 2023. *See generally* (Doc. 1). Thus, the statute of limitations has expired. Petitioners failed to follow the above-described procedure outlined in Article VI of the New York Convention wherein Petitioners could have sought to confirm the arbitration award in this Court during the three-year statute of limitations period and sought a stay pending appeal if necessary. *See Convention Done at New York June 10, 1958*;, T.I.A.S. No. 6997, Article VI. Because Petitioners' sole claim seeking to confirm the Award is time barred, this Court must dismiss the Petition to Confirm Arbitration Award in its entirety.

## CONCLUSION

For the foregoing reasons, the Petition to Confirm Arbitration Award should be dismissed under Rule 12(b)(6). NIH Respondents also respectfully requests such other and further relief to which they are entitled.

This the 12th day of January, 2024.

*/s/ Aaron Z. Tobin*
Aaron Z. Tobin
Texas Bar No. 24028045
NC Bar No. 50019
atobin@condontobin.com
Brian A. Kilpatrick (*Special Appearance Counsel*)
Texas Bar No. 00784392
bkilpatrick@condontobin.com
**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: 214.265.3800
Facsimile: 214.691.6311

*Attorneys for Respondents Netherlands Insurance Holdings, Inc. and NIH Capital, LLC*

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rules 7.3(d), this certifies that the foregoing brief contains less than 6,250 words (excluding the caption, signature lines, and certificates) as reported by the word processing software used to prepare this filing.

This the 12th day of January, 2024.

/s/ *Aaron Z. Tobin*
Aaron Z. Tobin

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of January, 2024, I electronically filed the foregoing document with the Clerk of the Court through the ECF system which will send notification of such filing to all attorneys of record.

*/s/ Aaron Z. Tobin*
Aaron Z. Tobin