**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| WILLEM JAN M. VAN ANDEL, LLM and ELEONORA L. ZETTELER, LLM, in their capacity as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzekering "CONSERVATRIX" N.V.;<br><br>Petitioners,<br><br>v.<br><br>GREG EVAN LINDBERG; TRIER HOLDING B.V.; NETHERLANDS INSURANCE HOLDINGS, INC.; and NIH CAPITAL, LLC;<br><br>Respondents. | Civil Action No. 1:23-CV-879 |

**BRIEF IN SUPPORT OF PETITIONERS' MOTION FOR EXTENSION OF TIME TO SERVE RESPONDENT GREG LINDBERG AND ALSO TO SERVE THE SUMMONS BY PUBLICATION OR UNITED STATES MARSHAL**

Petitioners Willem Jan M. van Andel and Eleonora L. Zetteler, in their capacity as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzekering "Conservatrix" N.V. ("Petitioners"), submit this Memorandum in support of their Motion for Extension of Time to Serve Respondent Greg Lindberg ("Lindberg") and also to Serve the Summons by Publication or United States Marshal.

**NATURE OF THE MATTER BEFORE THE COURT**

This case concerns an action to confirm an arbitration award from the Netherlands for use in North Carolina. For the reasons below, Petitioners, through undersigned counsel,

respectfully request that the Court extend the time in which Petitioners may serve Respondent Lindberg with the Summons and Complaint by ninety (90) days. Petitioners also respectfully request that the Court permit Petitioners to serve Respondent Lindberg with the Summons and Complaint by publication, as provided by North Carolina Rule of Civil Procedure 4(j1), or by United States Marshal, as provided by Federal Rule of Civil Procedure 4(c)(3).

## STATEMENT OF FACTS

The Clerk docketed the Complaint in this matter on October 17, 2023. DE 1. Petitioners served Respondent Netherlands Insurance Holdings, Inc. and Respondent NIH Capital, LLC on November 8, 2023. DE 9. Petitioners are in the process of serving Respondent Trier Holding B.V.[1] Petitioners have not been successful at serving Respondent Lindberg. Petitioners' time to serve Respondent Lindberg expires on January 16, 2024.

Since filing the Complaint, Petitioners have expended significant time and expense searching through property records, Department of Motor Vehicle records, news articles, Accurint, criminal records, and approximately 100 legal dockets in an effort to determine where Respondent Lindberg lives and how to serve him. Ex. A, Oleynik Aff. ¶ 4.

Various legal filings related to the many civil and criminal matters pending against Respondent Lindberg indicate that he resides at 10652 Broadland Pass, Thonotosassa, FL

[1] Petitioners are submitting a separate motion requesting additional time to serve Respondent Trier Holding B.V., a Netherlands entity.

33592 (the "10652 Broadland Pass" address) – a property he owns in a Tampa suburb. *See, e.g.*, Ex. B, Property Record Card for 10652 Broadland. The Internal Revenue Service recently listed Respondent Lindberg's "residence" as 10652 Broadland Pass, Thonotosassa, FL 33592. Ex. C, Notice of Federal Tax Lien, *Dept. of Treasury Internal Revenue Servs. v. Lindberg*, No. 23 M 186 (Orange Cnty. Super. Ct. Oct. 4, 2023); Ex. D, *Dept. of Treasury Internal Revenue Servs. v. Lindberg*, No. 23 M 187 (Orange Cnty. Super. Ct. Oct. 2, 2023). Other court records also reflect that Respondent Lindberg is living in the Tampa area. Specifically, Respondent Lindberg is currently under criminal indictment, and as part of his conditions of release pending trial on those charges, he was ordered to wear an ankle-monitoring device and is only permitted to travel to "his current residence in Tampa," within the Western District of North Carolina, and within the Southern District of New York. *See* Defendant's Brief in Support of Motion to Modify Conditions of Release at 4, *United States v. Lindberg*, No. 5:19-cr-00022 (W.D.N.C. Oct. 27, 2022), ECF 347. In connection with Respondent Lindberg's motion to modify those conditions, a declaration was submitted from his "Head of Personal Security," which similarly states that "Mr. Lindberg lives in a permanent home in Tampa with his significant other and five of his children." Declaration of Robert Gaddy at 2, *Lindberg*, No. 5:19-cr-00022 (W.D.N.C. Nov. 8, 2022), ECF 349.

Based on this information, Petitioners attempted to serve Respondent Lindberg via FedEx at 10652 Broadland Pass. Ex. E, FedEx Tracking for 10652 Broadland. According to the FedEx tracking history, however, the "shipment [was] refused by recipient" the first

time FedEx attempted to deliver it. *Id.* at 4. FedEx attempted to redeliver the packet on November 9, 2023 but was unable to. *Id.* The tracking history notes, "incorrect address – recipient moved." *Id.*

Through additional research, Petitioners identified two more addresses that they determined to be associated with Respondent Lindberg. Respondent Lindberg – 3406 Stagecoach Rd., Durham, NC 27713 and 10548 Broadland Pass, Thonotosassa, FL 33592. Oleynik Aff. ¶ 8. They attempted to serve Respondent Lindberg by FedEx at both addresses, but neither delivery was successful, the reason cited in the tracking history being that an "adult recipient" was unavailable to sign for the package or that the recipient had moved. Ex. F, FedEx Tracking for 10548 Broadland; Ex. G, FedEx Tracking for 3406 Stagecoach.

Petitioners have also contacted attorneys at the two firms that represent Respondent Lindberg in a significant number of the cases pending North Carolina, in which Respondent Lindberg is a party, to ask whether they were authorized to accept service for Respondent Lindberg personally. Oleynik Aff. ¶¶ 11–13. One of the firms, Condon Tobin Sladek Thornton Nerenberg, represents two other Respondents in this matter but has indicated that they have not been authorized to accept service for Respondent Lindberg. *Id.* ¶ 12; DE 13, 14 (notices of appearance for Aaron Tobin and Brian Kilpatrick of Condon Tobin). An attorney at the other firm, Fox Rothschild, indicated that Respondent Lindberg has not contacted him specifically about this matter. Oleynik Aff. ¶ 13.

Finally, co-counsel for Petitioners contacted Respondent Lindberg's probation officer, Anthony Zarate, and asked him whether he could help Petitioners effectuate service on Respondent Lindberg. Oleynik Aff. ¶ 14. Mr. Zarate told Petitioners that, absent a court order, he could not assist in serving Respondent Lindberg. *Id.*

Notwithstanding Petitioners' efforts, Petitioners have been unable to serve Respondent Lindberg. Petitioners' research shows that Petitioners' lack of success with serving Respondent Lindberg is consistent with that of parties in other proceedings. For example, in another civil matter involving Respondent Lindberg, the plaintiff recently attempted to serve Respondent Lindberg on nine occasions and hired multiple private investigators, all unsuccessful at serving him. *See* Renewed Motion for Alternative Service on Defendant Greg Lindberg by Publication and for an Extension of Time to Accomplish Such Service, *Wells Family Trust v. Eli Glob.*, No. 1:23-cv-234, (D. N.M. Sept. 18, 2023), ECF 17. In that case, the court granted the plaintiff leave to serve by publication (and ultimately entered a default judgment against Respondent Lindberg). *See* Order Permitting Service by Publication and Extending the Deadline for Service of Defendant Lindberg, *Wells Family Trust*, No. 1:23-cv-234, (D. N.M. Sept. 20, 2023), ECF 17; Clerk's Entry of Default, *Wells Family Trust*, No. 1:23-cv-234, (D. N.M. Nov. 21, 2023), ECF 23.

## QUESTIONS PRESENTED

1. Should the time for Petitioners to serve Respondent Lindberg be extended?
2. Have Petitioners exercised diligence in trying to serve Respondent Lindberg such that they should be permitted to serve him by publication?

3. Should the Court, in the alternative, order the United States Marshal to serve Respondent Lindberg?

## ARGUMENT

### I. The time for Petitioners to serve Respondent Lindberg should be extended.

Petitioners seek an order extending the time in which Petitioners may serve Respondent Greg Lindberg with the Summons and Complaint by ninety (90) days.

Courts *must* extend the time for service "if the plaintiff shows good cause." Fed. R. Civ. P. 4(m); *Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022).[2] Good cause generally requires that plaintiffs show diligence. *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019). It often "exists when the failure of service is due to external factors, such as the defendant's intentional evasion of service." *Id.* (citation omitted).

As detailed in the factual statement above, Petitioners have exercised diligence in trying to serve Respondent Lindberg. Their inability to serve Respondent Lindberg is not for lack of effort, but is instead due to Respondent Lindberg avoiding service and his refusal to authorize his attorneys to accept service on his behalf. Thus, Petitioners have demonstrated sufficient good cause under Rule 4(m).

[2] Even if Petitioners had not made diligent efforts to serve Respondent Lindberg, courts *may* extend the time for service in the absence of good cause. *Gelin*, 35 F.4th at 219 ("[U]nder Rule 4(m), while a district court *must* extend the time for service when a plaintiff shows good cause, such a showing is not *necessary* for the court to grant an extension *in its discretion*."); Fed. R. Civ. P. 4(m), Advisory Committee's Note to 1993 Amendment (noting that Rule 4(m) allows a court to extend time for service "even if there is no good cause shown").

## II. Petitioners have exercised diligence in trying to serve Respondent Lindberg and should thus be permitted to serve him by publication.

In accordance with North Carolina Rule of Civil Procedure 4(j1), Petitioners seek an order permitting Petitioners to serve Respondent Lindberg by publication in Hillsborough County, Florida, where Petitioners believe Respondent Lindberg is located.

Federal Rule of Civil Procedure 4(e)(2) states that parties can serve an individual by:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Federal Rule of Civil Procedure 4(e)(1) alternatively provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

North Carolina Rule of Civil Procedure 4(j)(1) details the traditional methods of service permitted under North Carolina law. North Carolina Rule of Civil Procedure 4(j1) separately provides that "[a] party that cannot with due diligence be served by personal delivery, registered or certified mail, or by a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) may be served by publication."

"[T]here is no 'restrictive mandatory checklist for what constitutes due diligence' for purposes of service of process by publication;" rather, it requires "a case by case analysis." *Jones v. Wallis*, 211 N.C. App. 353, 358 (2011) (cleaned up). Under this approach, plaintiffs should use the resources "reasonably available" to them but are not required to "explore every possible means of ascertaining the location of a defendant." *Id.* at 357–58. This is especially true when additional exploration is unlikely to prove fruitful. *See id.* at 359.

As detailed by the factual background above, Petitioners have made diligent efforts to serve Respondent Lindberg in accordance with North Carolina Rule of Civil Procedure 4(j)(1). They have used all resources reasonably available them, including property records, Department of Motor Vehicle records, news articles, dockets, criminal records, and Accurint in trying to serve Respondent Lindberg. However, Respondent Lindberg's refusal or avoidance of service at the Thonotosassa address and refusal to authorize others to accept service for him (in this case and others) suggest that traditional methods of service are unlikely to be successful. Thus, Petitioners have met the requirements to serve Respondent Lindberg by publication.

**III. The Court may order the United States Marshal to serve Respondent Lindberg.**

As an alternative to an order permitting Petitioners to serve Respondent Lindberg by publication, and in accordance with Federal Rule of Civil Procedure 4(c)(3), Petitioners move the Court to order the United States Marshal to serve Respondent Lindberg.

Under Rule 4(c)(3), courts, at a plaintiff's request, "may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court."[3] Thus, the Court has discretion to order the United States Marshal to serve Respondent Lindberg.

## CONCLUSION

For the reasons set forth above, Petitioners respectfully request that the Court extend Petitioners' time in which to serve Respondent Lindberg with the Summons and Complaint by ninety (90) days and permit Petitioners to serve Respondent Lindberg by publication or for an order under Federal Rule of Civil Procedure 4(c)(3) directing the United States Marshal to serve Respondent Lindberg.

---

[3] Because Respondent Lindberg is already under the supervision of the United States Probation Office for the Middle District of Florida, Petitioners believe the Court could also specially appoint Respondent Lindberg's probation officer to serve him.

Respectfully submitted, this the 16th day of January, 2024.


/s/ Jeffrey E. Oleynik
JEFFREY E. OLEYNIK
joleynik@brookspierce.com
N.C. Bar No. 014416
KATE ELIZABETH GIDUZ
N.C. Bar No. 60887
kgiduz@brookspierce.com
BROOKS, PIERCE, MCLENDON,
HUMPHREY & LEONARD, LLP
150 Fayetteville Street
1700 Wells Fargo Capitol Center
Raleigh, N.C. 27601
Phone: (919) 839-0300
Fax: (919) 839-0304

*Counsel for Petitioner*s


**CERTIFICATE OF WORD COUNT**

I hereby certify that the foregoing document complies with the word count limits established in Local Civil Rule 7.3(d)(1). Specifically, the document contains 2013 words, as counted in compliance with Local Civil Rule 7.3(d)(1).


/s/ Jeffrey E. Oleynik
Jeffrey E. Oleynik
*Counsel for Petitioners*

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon counsel of record through the Court's Case Management and Electronic Case Filing System.

This the 16th day of January, 2024.

*/s/* Kate Elizabeth Giduz
Kate Elizabeth Giduz
*Counsel for Petitioners*