# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WILLEM JAN M. VAN ANDEL, LLM and ELEONORA L. ZETTELER, LLM, in their capacity as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzekering "CONSERVATRIX" N.V.;<br><br>Petitioners,<br><br>v.<br><br>GREG EVAN LINDBERG; TRIER HOLDING B.V.; NETHERLANDS INSURANCE HOLDINGS, INC.; and NIH CAPITAL, LLC;<br><br>Respondents. | Civil Action No. 1:23-cv-00879-CCE-JEP |

**DECLARATION OF WILLEM JAN M. VAN ANDEL, LLM**

I, Willem Jan M. van Andel, declare as follows:

1. The following is within my personal knowledge with the exception of those matters that are based on information and belief as to which I believe them to be true and if called to testify thereto I could and would competently do so.

2. I am an attorney residing in Utrecht, The Netherlands and admitted to the practice of law in The Netherlands.

3. I am acting here in my capacity as an insolvency practitioner in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzekering "Conservatrix" N.V. ("Conservatrix"), a corporation incorporated under the laws of the Netherlands with its registered office in Utrecht.

4. Upon information and belief, Respondent Greg Evan Lindberg ("Lindberg") is an individual who resides in Durham, North Carolina. Upon information and belief, Lindberg is a citizen of the United States of America.

5. Upon information and belief, Respondent Trier Holding B.V. ("Trier") is a corporation that is incorporated under the laws of The Netherlands and has its registered office in Hoofddorp, The Netherlands.

6. Upon information and belief, Respondent Netherlands Insurance Holdings, Inc. ("NIH") is a corporation that is incorporated under the laws of Delaware and has its registered office in Wilmington, Delaware.

7. Upon information and belief, Respondent NIH Capital, LLC ("NIH Capital") is a limited-liability corporation that is incorporated under the laws of North Carolina and has its registered office in Raleigh, North Carolina.

8. On December 22, 2019, Conservatrix filed a request for summary arbitral proceedings with the Netherlands Arbitration Institute ("NAI") against Lindberg, Trier, NIH, and NIH Capital (collectively "Lindberg Respondents").

9. On January 17, 2020, an arbitral hearing was held in Rotterdam, The Netherlands. At the hearing, counsel for the parties pleaded their arguments and presented additional information with respect to the issues set out in their respective submissions, also in answer to questions raised by the arbitral tribunal. The parties themselves also presented additional information at the hearing. At the end of the hearing, the arbitral tribunal set the date for making its award on January 31, 2020, and set an order of procedure for parties' submissions on costs of legal assistance in the summary arbitral proceedings.

10. On January 31, 2020, the arbitral tribunal issued its ruling and award.

11. On February 17, 2020, the Rechtbank Rotterdam ("Court of Rotterdam") granted leave to enforce the Award.

12. On April 23, 2020, Trier filed a writ of summons at the Gerechtshof Den Haag ("Court of Appeal of The Hague"), requesting to nullify the Award.

13. On December 8, 2020, Conservatrix was put into liquidation, and Eleonora L. Zetteler, LLM and I took over and continued the proceedings on behalf of the liquidation assets.

14. On March 29, 2022, the Court of Appeal of The Hague ruled in favor of Conservatrix and denied Trier's attempts to nullify the Award.

15. In June 2022, Mr. Lindberg's counsel in the Netherlands, Dirk Knottenbelt, orally suggested to me the possibility of a $10 million settlement.

16. On June 17, 2022, Mr. Knottenbelt and I held a settlement negotiation that was ultimately fruitless.

17. On June 24, 2022, Trier appealed the ruling of the Court of Appeal of The Hague to the Hoge Raad der Nederlanden ("Supreme Court of the Netherlands").

18. On June 28, 2022, Mr. Knottenbelt sent me an email, once again indicating a willingness to engage in settlement negotiations. He also claimed that Conservatrix would have to wait for the Supreme Court of the Netherlands to confirm the Award before Conservatrix could attempt to enforce it in the United States.

19. Because I believed that Mr. Lindberg and his counsel were acting in good faith, I replied on July 11, 2022. I received no response despite sending a follow-up email on August 23, 2022. I sent another follow-up email on September 23, 2022 and received a response that Mr. Knottenbelt was still waiting on more information from his client.

20. Hearing nothing further, on October 18, 2022, I sent an email to Roel Theissen, a colleague of Mr. Knottenbelt, once again following up on my July 11, 2022 email.

21. On November 1, 2022, Mr. Theissen sent me an email indicating a desire to reopen settlement negotiations.

22. On November 10, 2022, Ms. Zetteler attempted to follow up and arrange settlement negotiations. Mr. Lindberg's counsel did not respond until November 29, 2022, when Mr. Theissen responded that they were still discussing the matter with their client and that they would respond soon.

23. Still not hearing anything further, on February 10, 2023, I wrote to Mr. Knottenbelt and Mr. Theissen, again responding to their previous overtures about settlement negotiations.

24. On February 13, 2023, Mr. Knottenbelt responded that he asked his client for instructions and would reply.

25. On April 4, 2023, Mr. Knottenbelt finally responded that he was unable to respond on the merits.

26. At this point, I realized that I had been misled with the false prospect of settlement negotiations, and so I responded on April 5, 2023 noting that Conservatrix would need to proceed to enforce the Award.

27. On September 1, 2023, the Supreme Court of the Netherlands also ruled in favor of Conservatrix and denied Trier's attempts to nullify the Award.

28. The Award has not been set aside or suspended by any competent authority of the Netherlands.

29. The Award was rendered in The Netherlands, a contracting party to the New York Convention.

30. The Award has been confirmed by the rulings of the courts of the Netherlands, which constitute a final and enforceable judgment under Dutch law.

I declare under the penalty of perjury under the laws of the State of North Carolina that the foregoing is true and correct. Executed on February 2, 2024 in Utrecht, The Netherlands.

Willem Jan M. van Andel, LLM