# EXHIBIT D

[*round stamp of the Court of Rotterdam in the left-hand corner*]

In the name of the King

# court order

## COURT OF ROTTERDAM

Trade and port team

case number / application number: C/10/591518 / KG RK 20-225

**Order of the court in preliminary relief proceedings of 17 February 2020**

in the case of

**NEDERLANDSCHE ALGEMEENE MAATSCHAPPIJ VAN LEVENSVERZEKERING 'CONSERVATRIX' N.V.**
a public limited company with its registered office in Utrecht,
applicant,
lawyer D. Horeman, LLM in Amsterdam,

and

1. **GREG EVAN LINDBERG,**
residing in Durham, North Carolina, United States of America,
2. **TRIER HOLDING B.V.,**
a private limited company with its registered office in Hoofddorp (according to the application referred to below) or in Utrecht (according to the arbitral award referred to below),
3. **NETHERLANDS INSURANCE HOLDINGS, INC.,**
a legal entity under foreign law with its registered office in Wilmington, Delaware, United States of America,
4. **NIH CAPITAL, LLC,**
a legal entity under foreign law with its registered office in Durham, North Carolina, United States of America,
respondents.

## 1. The assessment

1.1 The application requests that leave be granted to enforce a judgment in arbitral preliminary relief proceedings, given on 31 January 2020 in Rotterdam, the Netherlands, with reference NAI 4792.

1.2. In application proceedings the judge must in principle assess his territorial jurisdiction ex officio (Section 270(1) of the Code of Civil Procedure (*Wetboek van Burgerlijke Rechtsvordering, Rv*, hereinafter: CCP)). The judge in preliminary relief proceedings of the Court of Rotterdam has territorial jurisdiction due to the fact that the arbitral award was given in Rotterdam (Section 1062(1) CCP).

1.3. If the judge in preliminary relief proceedings grants the application (forthwith), the said judge will not set a date for the oral hearing and the opposite party will not be

R. Datauker-Kroese sworn translator beëdigd vertaler Wbtv-nr. 3133

given the opportunity to file a statement of response (Section 279(1) CCP). In that case the requested leave will be granted without hearing the respondents in these proceedings.

1.4. The arbitral award has not been filed at the registry of the Court of Rotterdam. For that reason, should the application be allowed, this leave must be included in an order (Section 1062(2) CCP).

1.5. Pursuant to the provisions of Section 1063 (1) and (2), the judge in preliminary relief proceedings of the court may only refuse to enforce the arbitral award if it has become apparent to the judge following a brief inquiry that it is plausible that the award will be set aside on one of the grounds referred to in Section 1065(1) CCP, or revoked on one of the grounds referred to in Section 1068(1) CCP, or if an incremental penalty has been imposed in conflict with Section 1056 CCP. In the latter case the refusal only relates to the enforcement of the incremental penalty.
If the period for filing an application for the award to be set aside as referred to in Section 1064a CCP has expired unused, the judge in preliminary relief proceedings of the court may only refuse to grant the leave to enforce the arbitral award if it has become apparent to the judge following a brief inquiry that it is plausible that the award is in conflict with Section 1065(1)(e) CCP.

1.6. In the arbitral award an incremental penalty of €150,000,000 has been imposed. Under Dutch law an incremental penalty cannot be imposed in an order to pay a sum of money to the opposing party. The judge in preliminary relief proceedings has ascertained that the order for an incremental penalty payment in the arbitral award does not relate to an order to pay a sum of money to the opposing party in the arbitral proceedings, within the meaning of Section 611a CCP, applicable via Section 1056 CCP.

1.7. It is (furthermore) not plausible that a ground arises that requires the requested leave to be dismissed. For that reason the leave will - for the greater part - be granted.

1.8. The application for an order declaring the leave provisionally enforceable is dismissed. Against a final or partial final arbitral award, only the remedies of setting aside and revocation are available in the civil courts (Section 1064 CCP). These are extraordinary remedies. Extraordinary remedies do not suspend the enforcement of an arbitral award. Provisional enforceability is therefore not necessary.

1.9. As the more unsuccessful party, the respondents will be ordered to pay the applicant's costs of the proceedings. These costs are estimated at €130 in court fees and €543 for the lawyer's salary (1 point for the application, in accordance with the court-approved scale of costs, for a case of an unspecified amount, being leave for enforcement).

## 2. The decision

The judge in preliminary relief proceedings

2.1. grants leave for the enforcement of the attached arbitral award.

R. Datauker-Kroese sworn translator beëdigd vertaler Wbtv-nr. 3133

2.2. orders the respondents to pay the costs of these proceedings, on the part of the applicant estimated up to today at €130 in court fees and €543 for the lawyer's salary.

2.3. dismisses all other applications.

This order was given by P. de Bruin, LLM and pronounced in open court on 17 February 2020.

[2517/2009]

[*signature*] [*signature*]

*Stamp:*
FIRST ENFORCEABLE AUTHENTICATED COPY issued to:
D. Horeman, LLM, lawyer,

The registrar

[*signature*]

R. Datauker-Kroese sworn translator beëdigd vertaler Wbtv-nr. 3133

NEDERLANDS GENOOTSCHAP VAN TOLKEN EN VERTALERS
BEËDIGD VERTALER

*I, Rozemarijne Datauker-Kroese, sworn translator for the English and Dutch language, sworn in at the District Court of Amsterdam, the Netherlands (application number 430685 / KG RK 09-2564), having offices at Anemoonstraat 65 in Koog aan de Zaan, the Netherlands, certify the above text of 3 pages (Court Order of the Court of Rotterdam in the case of Lindberg et al. versus Conservatrix N.V., dated 17 February 2020) to be a true and complete translation from Dutch into English of the attached source text seen by me, in witness whereof signed and stamped:*

*31 January 2024*

R. Datauker-Kroese sworn translator
Wbtv-nr. 3133
beëdigd vertaler

In naam van de Koning

# beschikking

**RECHTBANK ROTTERDAM**

Team handel en haven

zaaknummer / rekestnummer: C/10/591518 / KG RK 20-225

**Beschikking van de voorzieningenrechter van 17 februari 2020**

in de zaak van

de naamloze vennootschap
**NEDERLANDSCHE ALGEMEENE MAATSCHAPPIJ VAN LEVENSVERZEKERING 'CONSERVATRIX' N.V.**
gevestigd te Utrecht,
verzoekster,
advocaat mr. D. Horeman te Amsterdam,

en

1. **GREG EVAN LINDBERG,**
wonende te Durham, North-Carolina, Verenigde Staten van Amerika,
2. de besloten vennootschap
**TRIER HOLDING B.V.,**
gevestigd te Hoofddorp (volgens het na te melden verzoekschrift) dan wel te Utrecht (volgens het na te melden arbitrale vonnis),
3. de rechtspersoon naar vreemd recht
**NETHERLANDS INSURANCE HOLDINGS, INC.,**
gevestigd te Wilmington, Delaware, Verenigde Staten van Amerika,
4. de rechtspersoon naar vreemd recht
**NIH CAPITAL, LLC,**
gevestigd te Durham, North-Carolina, Verenigde Staten van Amerika,
gerekwestreerden.

## 1. De beoordeling

1.1. Het verzoek strekt tot verlening van verlof tot tenuitvoerlegging van een arbitraal kort gedingvonnis, gewezen op 31 januari 2020 te Rotterdam, Nederland, met kenmerk NAI 4792.

1.2. In een verzoekschriftprocedure dient de rechter in beginsel ambtshalve zijn relatieve bevoegdheid te toetsen (artikel 270 lid 1 Rv). De relatieve bevoegdheid van de voorzieningenrechter van de rechtbank Rotterdam is gegeven omdat het arbitraal vonnis is gewezen in Rotterdam (artikel 1062 lid 1 Rv).

1.3. Indien de voorzieningenrechter het verzoek (aanstonds) toewijst, bepaalt hij geen dag voor de mondelinge behandeling en wordt de wederpartij niet de kans geboden een

R. Datauker-Kroese beëdigd vertaler sworn translator Wbtv-nr. 3133

verweerschrift in te dienen (artikel 279 lid 1 Rv). In dat geval wordt het verzochte verlof verleend zonder gerekwestreerden in deze procedure te horen.

1.4. Het arbitrale vonnis is niet gedeponeerd ter griffie van de rechtbank Rotterdam. Daarom dient het onderhavige verlof, als het verzoek wordt toegewezen, te worden opgenomen in een beschikking (artikel 1062 lid 2 Rv).

1.5. De voorzieningenrechter van de rechtbank kan, ingevolge het bepaalde in artikel 1063, leden 1 en 2, de tenuitvoerlegging van het arbitraal vonnis slechts weigeren indien hem na een summierlijk onderzoek is gebleken dat het aannemelijk is dat het vonnis zal worden vernietigd op een van de gronden genoemd in artikel 1065 lid 1 Rv, of herroepen op een van de gronden genoemd in artikel 1068 lid 1 Rv, dan wel indien in strijd met artikel 1056 Rv een dwangsom is opgelegd. In dit laatste geval betreft de weigering alleen de tenuitvoerlegging van de dwangsom.
Als de termijn voor het instellen van een vordering tot vernietiging als bedoeld in artikel 1064a Rv ongebruikt is verstreken, dan kan de voorzieningenrechter van de rechtbank het verlof tot tenuitvoerlegging van het arbitraal vonnis slechts weigeren, indien hem na een summierlijk onderzoek is gebleken dat het aannemelijk is dat het vonnis in strijd is met artikel 1065 lid 1 onder e Rv.

1.6. In het arbitrale vonnis is een dwangsom opgelegd van € 150.000.000,-. Naar Nederlands recht kan een dwangsom niet worden opgelegd bij een veroordeling tot betaling van een geldbedrag aan de wederpartij. De voorzieningenrechter heeft zich er van vergewist dat de dwangsomveroordeling in het arbitrale vonnis geen betrekking heeft op een veroordeling tot betaling van een geldsom aan de wederpartij in de arbitrale procedure, in de zin van het via artikel 1056 Rv toepasselijke artikel 611a Rv.

1.7. Het is (voorts) niet aannemelijk dat zich een grond voordoet die noopt tot afwijzing van het verzochte verlof. Daarom zal het verlof - grotendeels - worden verleend.

1.8. Afgewezen wordt het verzoek om uitvoerbaarverklaring bij voorraad van het verlof. Tegen een geheel of gedeeltelijk arbitraal eindvonnis staan bij de burgerlijke rechter slechts de rechtsmiddelen van vernietiging en van herroeping open (artikel 1064 Rv). Dit zijn buitengewone rechtsmiddelen. Buitengewone rechtsmiddelen schorsen de tenuitvoerlegging van een arbitraal vonnis niet. Uitvoerbaarverklaring bij voorraad is dus niet nodig.

1.9. Gerekwestreerden worden als de grotendeels in het ongelijk gestelde partij veroordeeld in de proceskosten van verzoekster. Deze kosten worden begroot op € 130,- aan griffierecht en € 543,- aan salaris advocaat (1 punt voor het verzoekschrift, conform de Liquidatietarieven, voor een zaak van onbepaalde waarde, zijnde verlof tot tenuitvoerlegging).

## 2. De beslissing

De voorzieningenrechter

2.1. verleent verlof tot tenuitvoerlegging van het aangehechte arbitrale vonnis,

R. Datauker-Kroese sworn translator beëdigd vertaler Wbtv-nr. 3133

2.2. veroordeelt gerekwestreerden in de kosten van deze procedure, tot heden aan de zijde van verzoekster begroot op 130,- aan griffierecht en € 543,- aan salaris advocaat.

2.3. wijst het meer of anders verzochte af.

Deze beschikking is gegeven door mr. P. de Bruin en in het openbaar uitgesproken op 17 februari 2020.

[2517/2009]

Voor EERSTE GROSSE uitgegeven aan
Mr. D. Hoeeman advocaat,
De griffier,

R. Datauker-Kroese
beëdigd vertaler
sworn translator
Wbtv-nr. 3133