# EXHIBIT E

In naam van de Koning

# beschikking

**RECHTBANK ROTTERDAM**

Team handel en haven

zaaknummer / rekestnummer: C/10/591518 / KG RK 20-225

**Beschikking van de voorzieningenrechter van 17 februari 2020**

in de zaak van

de naamloze vennootschap
**NEDERLANDSCHE ALGEMEENE MAATSCHAPPIJ VAN LEVENSVERZEKERING 'CONSERVATRIX' N.V.**
gevestigd te Utrecht,
verzoekster,
advocaat mr. D. Horeman te Amsterdam,

en

1. **GREG EVAN LINDBERG**,
wonende te Durham, North-Carolina, Verenigde Staten van Amerika,
2. de besloten vennootschap
**TRIER HOLDING B.V.**,
gevestigd te Hoofddorp (volgens het na te melden verzoekschrift) dan wel te Utrecht (volgens het na te melden arbitrale vonnis),
3. de rechtspersoon naar vreemd recht
**NETHERLANDS INSURANCE HOLDINGS, INC.**,
gevestigd te Wilmington, Delaware, Verenigde Staten van Amerika,
4. de rechtspersoon naar vreemd recht
**NIH CAPITAL, LLC**,
gevestigd te Durham, North-Carolina, Verenigde Staten van Amerika,
gerekwestreerden.

## 1. De beoordeling

1.1. Het verzoek strekt tot verlening van verlof tot tenuitvoerlegging van een arbitraal kort gedingvonnis, gewezen op 31 januari 2020 te Rotterdam, Nederland, met kenmerk NAI 4792.

1.2. In een verzoekschriftprocedure dient de rechter in beginsel ambtshalve zijn relatieve bevoegdheid te toetsen (artikel 270 lid 1 Rv). De relatieve bevoegdheid van de voorzieningenrechter van de rechtbank Rotterdam is gegeven omdat het arbitraal vonnis is gewezen in Rotterdam (artikel 1062 lid 1 Rv).

1.3. Indien de voorzieningenrechter het verzoek (aanstonds) toewijst, bepaalt hij geen dag voor de mondelinge behandeling en wordt de wederpartij niet de kans geboden een

R. Datauker-Kroese beëdigd vertaler sworn translator Wbtv-nr. 3133

verweerschrift in te dienen (artikel 279 lid 1 Rv). In dat geval wordt het verzochte verlof verleend zonder gerekwestreerden in deze procedure te horen.

1.4. Het arbitrale vonnis is niet gedeponeerd ter griffie van de rechtbank Rotterdam. Daarom dient het onderhavige verlof, als het verzoek wordt toegewezen, te worden opgenomen in een beschikking (artikel 1062 lid 2 Rv).

1.5. De voorzieningenrechter van de rechtbank kan, ingevolge het bepaalde in artikel 1063, leden 1 en 2, de tenuitvoerlegging van het arbitraal vonnis slechts weigeren indien hem na een summierlijk onderzoek is gebleken dat het aannemelijk is dat het vonnis zal worden vernietigd op een van de gronden genoemd in artikel 1065 lid 1 Rv, of herroepen op een van de gronden genoemd in artikel 1068 lid 1 Rv, dan wel indien in strijd met artikel 1056 Rv een dwangsom is opgelegd. In dit laatste geval betreft de weigering alleen de tenuitvoerlegging van de dwangsom.
Als de termijn voor het instellen van een vordering tot vernietiging als bedoeld in artikel 1064a Rv ongebruikt is verstreken, dan kan de voorzieningenrechter van de rechtbank het verlof tot tenuitvoerlegging van het arbitraal vonnis slechts weigeren, indien hem na een summierlijk onderzoek is gebleken dat het aannemelijk is dat het vonnis in strijd is met artikel 1065 lid 1 onder e Rv.

1.6. In het arbitrale vonnis is een dwangsom opgelegd van € 150.000.000,-. Naar Nederlands recht kan een dwangsom niet worden opgelegd bij een veroordeling tot betaling van een geldbedrag aan de wederpartij. De voorzieningenrechter heeft zich er van vergewist dat de dwangsomveroordeling in het arbitrale vonnis geen betrekking heeft op een veroordeling tot betaling van een geldsom aan de wederpartij in de arbitrale procedure, in de zin van het via artikel 1056 Rv toepasselijke artikel 611a Rv.

1.7. Het is (voorts) niet aannemelijk dat zich een grond voordoet die noopt tot afwijzing van het verzochte verlof. Daarom zal het verlof - grotendeels - worden verleend.

1.8. Afgewezen wordt het verzoek om uitvoerbaarverklaring bij voorraad van het verlof. Tegen een geheel of gedeeltelijk arbitraal eindvonnis staan bij de burgerlijke rechter slechts de rechtsmiddelen van vernietiging en van herroeping open (artikel 1064 Rv). Dit zijn buitengewone rechtsmiddelen. Buitengewone rechtsmiddelen schorsen de tenuitvoerlegging van een arbitraal vonnis niet. Uitvoerbaarverklaring bij voorraad is dus niet nodig.

1.9. Gerekwestreerden worden als de grotendeels in het ongelijk gestelde partij veroordeeld in de proceskosten van verzoekster. Deze kosten worden begroot op € 130,- aan griffierecht en € 543,- aan salaris advocaat (1 punt voor het verzoekschrift, conform de Liquidatietarieven, voor een zaak van onbepaalde waarde, zijnde verlof tot tenuitvoerlegging).

## 2. De beslissing

De voorzieningenrechter

2.1. verleent verlof tot tenuitvoerlegging van het aangehechte arbitrale vonnis,

R. Datauker-Kroese sworn translator beëdigd vertaler Wbtv-nr. 3133

2.2. veroordeelt gerekwestreerden in de kosten van deze procedure, tot heden aan de zijde van verzoekster begroot op 130,- aan griffierecht en € 543,- aan salaris advocaat.

2.3. wijst het meer of anders verzochte af.

Deze beschikking is gegeven door mr. P. de Bruin en in het openbaar uitgesproken op 17 februari 2020.

[2517/2009]

Voor EERSTE GROSSE uitgegeven aan
Mr. D. Hoeeman advocaat,

De griffier,

R. Datauker-Kroese sworn translator Wbtv-nr. 3133 beëdigd vertaler