# EXHIBIT I

**From:** Willem Jan van Andel <w.j.vanandel@wijnenstael.nl>
**Sent:** Thursday, December 29, 2022 4:04 PM
**To:** Willem Jan van Andel
**Subject:** FW: [EXT] RE: Conservatrix/Lindberg c.s.

---

**Van:** Knottenbelt, Dirk <d.knottenbelt@houthoff.com>
**Verzonden:** dinsdag 28 juni 2022 16:12
**Aan:** Willem Jan van Andel <w.j.vanandel@wijnenstael.nl>
**CC:** Noor Zetteler <N.Zetteler@wijnenstael.nl>
**Onderwerp:** RE: [EXT] RE: Conservatrix/Lindberg c.s. [WS-56648]

Dear colleague,

For the convenience of our clients, we write in English. We would appreciate if you could respond in same.

We refer to your email of 17 June 2022.

We appreciate that the trustees are prepared to seriously explore the possibilities of a settlement.

From your email, we understand that the trustees, on the basis of the BRG report, believe that Mr Greg Lindberg has sufficient assets to take recourse against. While the BRG report is substantiated, the information provided in the BRG report is, however, not the full picture as it relates to the trust.

Starting point is that, in order for the trustees to take recourse against Mr Lindberg for a claim in the amount of USD 150 million, the trustees will have to (i) await the outcome of the Supreme Court appeal proceedings and, should the decision of the Court of Appeal be upheld, (ii) obtain a favourable award against Mr Lindberg in the arbitral main proceedings; and (ii) domesticate and successfully collect on a judgment to the US.

Apart from the time and costs of such proceedings, and the uncertainties of their outcome, it is important for the trustees to realise that most of Mr Lindberg's assets are tied up in trusts and/or out of his control or subject to senior debt obligations, to which he nor his personal creditors have access. Generally speaking, Mr Lindberg's ability to obtain any funds from these trusts and structures is extremely limited. He does not have any material liquidity against which recourse can be taken. Further, there are other creditors who seek recourse, some for substantial claims. For these reasons, a number of such other creditors have already accepted similar settlement offers.

Our clients suggest that they, before the trustees consider a counter offer, provide information on Mr Lindberg's assets and creditor structures. Our clients believe that this information will enable the trustees to explain the merits of the proposal of last week to both the bankruptcy judge and the creditors committee.

Kindly let us know if the trustees would be willing to consider such information. Some of the information is confidential, and will require a confidentiality agreement to be signed before being released. Should further information be shared and discussions proceed, this will be without prejudice.

Best regards

Dirk Knottenbelt

**HOUTHOFF**

**DIRK KNOTTENBELT**
ADVOCAAT | PARTNER

T +31 10 217 24 72
T +31 10 217 26 36 (assistant)
M +31 6 5155 9271
E d.knottenbelt@houthoff.com

www.houthoff.com