IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WILLEM JAN M. VAN ANDEL, LLM and ELEONORA L. ZETTELER, LLM, in their capacity as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzkering "CONSERVATRIX" N.V.; | § § § § § § § § | Civil Action No. 1:23-CV-00879-JEP |
| | § | |
| Petitioners, | § | |
| v. | § | |
| | § | |
| GREG EVAN LINDBERG; TRIER HOLDING B.V.; NETHERLANDS INSURANCE HOLDINGS, INC.; and NIH CAPITAL, LLC; | § § § § | |
| | § | |
| Respondents. | | |

**RESPONDENTS NETHERLANDS INSURANCE HOLDINGS, INC. AND NIH CAPITAL, LLC'S MOTION TO DISMISS AMENDED PETITION TO CONFIRM ARBITRATION AWARD**

Respondents Netherlands Insurance Holdings, Inc. ("Netherland Insurance") and NIH Capital, LLC ("NIH") (collectively "NIH Respondents") hereby move to dismiss Petitioners' claims seeking to confirm a foreign arbitration award under (1) the Federal Arbitration Act and (2) North Carolina Uniform Foreign-Country Money Judgments Recognition Act for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The summary arbitral award by the Netherlands Arbitration Institute ("NAI") is an award for "provisional relief" under the relevant NAI Rules and therefore, is not final,

binding relief as required under Article V(1)(e) of the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"). The Court may, and should, dismiss Petitioners' first claim on this basis.

Alternatively, should the Court determine the summary arbitral award is binding under the New York Convention, the Petition to Confirm Arbitration Award is barred by the Federal Arbitration Act's ("FAA") three-year statute of limitations. *See* 9 U.S.C. § 207 ("Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration."). The arbitration award in this case was issued on January 31, 2020. Thus, the three-year statue of limitations to confirm an arbitration award under the FAA expired on January 31, 2023. Petitioners did not file their Petition in this case until October 17, 2023. *See* (Doc. 1). As a result, the relief sought by Petitioners is barred by the applicable statute of limitations.

Lastly, Petitioners' second and final claim under the North Carolina Uniform Foreign-Country Money Judgments Recognition Act (the "Act") should be dismissed because there is not a "foreign-country judgment" capable of enforcement in North Carolina.

Therefore, NIH Respondents respectfully request this Court enter an Order dismissing the Petition to Confirm Arbitration Award in its entirety with prejudice. NIH Respondents further request such other and further relief as this Court deems just.

This the 16th day of February, 2024.


*/s/ Aaron Z. Tobin*
Aaron Z. Tobin
Texas Bar No. 24028045
NC Bar No. 50019
atobin@condontobin.com
Brian A. Kilpatrick (*Special Appearance Counsel*)
Texas Bar No. 00784392
bkilpatrick@condontobin.com
**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: 214.265.3800
Facsimile: 214.691.6311

*Attorneys for Respondents Netherlands Insurance Holdings, Inc. and NIH Capital, LLC*


## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of February, 2024, I electronically filed the foregoing document with the Clerk of the Court through the ECF system which will send notification of such filing to all attorneys of record.

*/s/ Aaron Z. Tobin*
Aaron Z. Tobin