IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WILLEM JAN M. VAN ANDEL, LLM and ELEONORA L. ZETTELER, LLM, in their capacity as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzkering "CONSERVATRIX" N.V.; | § | Civil Action No. 1:23-CV-00879-JEP |
| Petitioners, | § | |
| v. | § | |
| GREG EVAN LINDBERG; TRIER HOLDING B.V.; NETHERLANDS INSURANCE HOLDINGS, INC.; and NIH CAPITAL, LLC; | § | |
| Respondents. | § | |

**RESPONDENTS NETHERLANDS INSURANCE HOLDINGS, INC. AND NIH CAPITAL, LLC'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS AMENDED PETITION TO CONFIRM ARBITRATION AWARD**

Respondents Netherlands Insurance Holdings, Inc. ("Netherland Insurance") and NIH Capital, LLC ("NIH") (collectively "NIH Respondents") submit this memorandum in support of their Motion to Dismiss Amended Petition to Confirm Arbitration Award filed by Willem Jan M. Van Andel, LLM ("Van Andel") and Eleonora L. Zetteler, LLM, ("Zettler") in their capacity as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzkering "Conservatrix" N.V. ("Conservatrix") (collectively, "Petitioners").

## NATURE OF THE CASE

After NIH Respondents' original Motion to Dismiss filed in this case and prior to this Court's ruling on that motion, Petitioners filed an Amended Petition to Confirm Arbitration Award ("Amended Petition"). This Amended Petition adds several new facts in an attempt to posture for an equitable tolling of the statute of limitations under the Federal Arbitration Act, 9 U.S.C. sec. 207 ("FAA"). Further, the Amended Petition adds an additional North Carolina state law claim.

Petitioners' first claim in this action seeks to confirm a foreign arbitration award for use in North Carolina pursuant to the Federal Arbitration Act, 9 U.S.C. sec. 207 ("FAA").

First, the summary arbitral award by the Netherlands Arbitration Institute ("NAI") which Petitioners are attempting to enforce is solely for "provisional relief" and is not a "binding award" as required under Article V(1)(e) of the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention") and can be dismissed on this basis. *See* Convention Done at New York June 10, 1958, T.I.A.S. No. 6997 (U.S. Treaty Dec. 29, 1970).

Second and alternatively, should the Court decide that the summary arbitral award is binding under the FAA, section 207 provides a three-year statute of limitations for seeking confirmation of a foreign arbitration award. *See* 9 U.S.C. § 207. The final arbitration award at issue was delivered by an arbitral tribunal in Rotterdam, the Netherlands on January 31, 2020. Petitioners filed their Petition to Confirm Arbitration Award ("Petition") on October 17, 2023. Thus, the three-year statute of limitations period expired prior to the filing of the Petition. Petitioners' new contention of equitable tolling

due to actions of Lindberg and/or his counsel attempting to "fraudulently induce" Petitioners into engaging in settlement negotiations lacks merit under well accepted authorities across many jurisdictions which hold that statements indicating an interest in settlement are not sufficient to equitably toll a missed statute of limitations period. As such, NIH Respondents respectfully ask this Court to dismiss the Petitioners' claim under the FAA.

Petitioners' second claim for enforcement of the summary arbitrable award is a claim under the North Carolina Uniform Foreign-Country Money Judgments Recognition Act (the "Act"). *See* N.C.G.S. § 1C-1850, *et seq*. However, the NAI arbitration award does not qualify as a "foreign-country judgment" under the Act. Petitioners understand that undeniable fact, but attempt to circumvent it by claiming the rulings by the Rechtbank Rotterdam, as affirmed by the Gerechtshof Den Haag, and finally the Hoge Raad der Nederlanden ("Dutch Ruling")[1] constitute the "foreign-country judgment" capable of enforcement in North Carolina. However, none of these orders or rulings are foreign money judgments adopting the monetary award granted by the summary arbitral tribunal. Thus, NIH Respondents further request this Court dismiss Petitioner's second claim thereby dismissing Petitioners' Amended Petition in its entirety.

## **STATEMENT OF PERTINENT FACTS AS ALLEGED IN THE AMENDED PETITION**

On December 22, 2019, Conservatrix filed a request for summary arbitral proceedings with the Netherlands Arbitration Institute ("NAI") against NIH Respondents

---

[1] Petitioners refer to these rulings as the "Dutch Judgment."

as well as Greg Evan Lindberg ("Lindberg") and Trier Holding B.V. ("Trier") (collectively, "Respondents") (Doc. 24, ¶ 13). The dispute forming the basis of the arbitration proceedings arises from Petitioners' allegation that Respondents failed to maintain Conservatrix's minimum solvency capital requirement ratio ("Minimum SCR Ratio") at 135% as mandated in a Recapitalization Commitment between Respondents and De Nederlandsche Bank N.V. ("DNB"), dated March 17, 2019. *See* (Doc. 24, Ex. B, ¶¶ 3.14-3.26).

On January 17, 2020 a summary arbitral hearing was held in Rotterdam, the Netherlands. (*Id.*, ¶ 14). Ultimately, on January 31, 2020, the arbitral tribunal issued its ruling and award ("Award") against Respondents. (*Id.*, ¶ 15).

Subsequently, the Court of Rotterdam issued an order in preliminary relief proceedings granting leave to enforce the Award on February 17, 2020. (*Id.*, ¶ 16).

On April 23, 2020, Trier filed a writ of summons at the Court of Appeals of the Hague and requested to nullify the Award. (*Id.*, ¶ 19). The Court of Appeals of the Hague ruled in favor of Conservatrix on March 29, 2022. (*Id.*, ¶ 21).

Trier again filed an appeal to the Supreme Court of the Netherlands on June 24, 2022, who ultimately ruled in favor of Conservatrix on September 1, 2023. (*Id.*, ¶¶ 25, 35).

Eventually, on October 17, 2023, Petitioners filed their Petition to Confirm Arbitration Award in this Court. *See* (Doc. 1). After NIH Respondents filed its original Motion to Dismiss on January 12, 2024, Petitioners filed their Amended Petition to Confirm Arbitration Award. *See* (Doc. 24). For the reasons set forth below, NIH Respondents now file this present Motion to dismiss Petitioners' Amended Petition.

## STATEMENT OF QUESTION PRESENTED

1. Is a summary arbitral proceeding under the NAI Rules a binding award capable of enforcement under 9 U.S.C § 207?

2. Is a Petition to Confirm Arbitration Award time-barred by the three-year statute of limitations under 9 U.S.C § 207 when the Petition is filed more than three years after the arbitration award is originally issued, regardless of when the relevant appeals process is exhausted?

3. Is a foreign court order which fails to explicitly adopt a monetary arbitration award enforceable under the North Carolina Uniform Foreign-Country Money Judgments Recognition Act?

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In evaluating whether a claim is adequately stated, the "court accepts all well pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). Importantly, "When it appears on the face of the complaint that the limitation period has run, a defendant may properly

assert a limitations defense through a Rule 12(b)(6) motion to dismiss." *Faircloth v. Nat'l Home Loan Corp.*, 313 F. Supp. 2d 544, 552 (M.D.N.C. 2003), *aff'd sub nom. Faircloth v. Fin. Asset Sec. Corp. Mego Mortgage Homeowner Loan Tr.*, 87 Fed. Appx. 314 (4th Cir. 2004).

## ARGUMENT

*A. The Summary Arbitral Award is a Non-Binding, Interim Award Incapable of Enforcement under the FAA.*

Petitioners' first claim seeks to confirm a foreign arbitration award under the FAA. *See* 9 U.S.C. § 207. This Court shall confirm a foreign arbitration award falling under the New York Convention only if there are not "grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." *Id*.

Here, the Court should refuse to enforce the foreign arbitration award because it is an award from a summary arbitral proceeding pursuant to Articles 35 and 36 of the NAI Arbitration Rules and thus, constitutes solely "provisional relief." Attached as Exhibit 1 is a true and correct copy of the 2015 NAI Arbitration Rules.[2] *See also* (Doc. 24), Ex. A, section II ("The Summary Arbitral Proceedings").

The applicable NAI Rules governing summary arbitral proceedings are located in Articles 35 and 36 of the 2015 NAI Rules. Ex. 1, pp. 21-24. Article 35, paragraph 2 states:

> If the place of arbitration is located within the Netherlands for the arbitral proceedings on the merits, all urgent cases that require immediately enforceable provisional relief in view of the parties' interests, regardless of whether arbitral proceedings on the merits are pending, **an arbitral tribunal**

[2] The current governing rules are the 2022 NAI Arbitrations Rules. However, the NAI Rules governing at the time of the summary arbitral proceedings in this case were the 2015 NAI Arbitration Rules attached as Exhibit 1.

> **appointed to that end in accordance with Article 36 may, at the request of any of the parties, grant provisional relief in summary arbitral proceedings** with due observance of the provisions of this Section Four A.

Ex. A, Article 35, ¶ 2 (emphasis added). Importantly, "[t]he decision on the provisional relief shall not in any way prejudice the arbitral tribunal's ultimate ruling in the arbitral proceedings on the merits." *Id*, Article 35, ¶ 5. While a summary arbitral tribunal "may. . . instead of taking a decision on provisional relief, immediately take a decision on the merits," this must be "**at the unanimous request of the parties**" and the ruling "shall state the request." *Id*, Article 35, ¶ 6 (emphasis added). Thus, a summary arbitral tribunal can issue "provisional relief" at the request of one party but can only "immediately take a decision on the merits" at the unanimous request of all parties. *Id.* Lastly, the summary arbitral tribunal may "at the unanimous request of the parties," convert an award of provisional relief into a decision on the merits. *Id*. Article 35, ¶ 7.

Here, the summary arbitration award cannot be a binding final award on the merits because all parties did not unanimously request such finality as required under NAI Rules Article 35, paragraph six. *See id*. Article 35, ¶ 6. If such a unanimous request was made, the summary arbitration award was required to "state the request" and no such request is referenced in the award. *See generally* (Doc. 24), Ex. A. Because only one party requested the summary arbitral proceedings, the summary arbitral tribunal could only have issued "provisional relief." *See* (Doc. 24), Ex. A, section II, ¶ 2.1. In fact, Conservatrix's request for summary arbitral proceedings directly referenced Article 35(2) of the NAI Arbitration Rules – the

Rule dealing exclusively with "provisional relief" quoted above. *Id*. ("[Conservatrix] filed a request for summary arbitral proceedings . . . with reference to article 35(2) NAI Arbitration Rules in force as of 1 January 2015.").

Thus, because Petitioners were the only party to request a summary arbitral tribunal and such request was made pursuant to Article 35(2) relating solely to provisional relief, the summary arbitral award which Petitioners now seek to enforce under the FAA must be considered only an award for "provisional relief."

Article V(1)(e) of the New York Convention states a refusal to enforce an award is valid when "[t]he award has not yet become binding on the parties." Convention Done at New York June 10, 1958;, T.I.A.S. No. 6997, Article V(1)(e). As articulated above, the summary arbitral award in this case is solely one for "provisional relief" and thus is not a final, binding award capable of enforcement under the New York Convention. Because the FAA states a court shall confirm an award "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention," this Court should deny enforcement of Petitioners' summary arbitral award and dismiss its claim under the FAA. *See* 9 U.S.C. § 207.

*B. Alternatively, Petitioners' claim Seeking Enforcement of a Foreign Arbitration Award is Barred by the Two-Year Statute of Limitations.*

Alternatively, should the Court disagree that the summary arbitral award is non-binding, Petitioners' claim seeking to confirm a foreign arbitration award is barred by the FAA's three-year statute of limitations. *See* 9 U.S.C. § 207. Specifically, section 207 of the

FAA states, "**<u>Within three years after an arbitral award falling under the Convention is made</u>**, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration." 9 U.S.C. § 207 (emphasis added).

While it does not appear any Fourth Circuit cases have interpreted the statute of limitations provision of 9 U.S.C. sec. 207, other Circuits have determined "a foreign arbitral award is 'made' for FAA purposes when it is 'originally decided by the arbitrators,' rather than when the appeals process provided by the arbitral forum state has been exhausted." *Univ. of Notre Dame (USA) in England v. TJAC Waterloo, LLC*, 49 F.4th 13, 17 (1st Cir. 2022)(citing *Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 989 F.2d 572, 581 (2d Cir. 1993), as amended (May 25, 1993)); *see also EGI-VSR, LLC v. Coderch Mitjans*, 963 F.3d 1112, 1123 (11th Cir. 2020)("A cause of action arises under § 207 of the FAA as soon as an arbitration award 'is made' . . . [i]n other words, an arbitration award becomes confirmable under the. . .FAA as soon as it is issued.").

For example, in *Seetransport*, the Second Circuit considered this exact issue under the same provision of the FAA. *Seetransport*, 989 F.2d at 580-81. Appellant in this case argued "an application to the court for an order of confirmation must be filed within three years after the award was 'made,' that is, originally decided by the arbitrators." *Id*. at 581. Appellee, on the other hand, argued that, under the law of the arbitral forum state, "the award did not become final until [Appellant]'s appeal was dismissed. . .by the Court of Appeals of Paris." *Id*. Appellee further argued that if Appellee's argument was accepted,

Appellant would have had to "fil[e] suit in the United States district court to enforce the arbitral award, even though an appeal was pending in the Court of Appeals of Paris that could have vacated the award, and even though [Appellant] probably would have moved in the district court for a stay of the judgment pending the determination of the French judicial proceedings." *Id*.

Nonetheless, the Court determined the process described by Appellee is the exact process envisioned by the New York Convention. *Id*. Specifically, "§ 207 directs an enforcing court to confirm an arbitral award, unless it finds a ground specified in the Convention for refusing or deferring the recognition or enforcement of the award." *Id*. Article VI of the Convention states:

> If an application for the setting aside or suspension of the award has been made to a competent authority referred to in article V (1) (e), the authority before which the award is sought to be relied upon may, if it considers it proper, adjourn the decision on the enforcement of the award and may also, on the application of the party claiming enforcement of the award, order the other party to give suitable security.

*Convention Done at New York June 10, 1958*;, T.I.A.S. No. 6997 (U.S. Treaty Dec. 29, 1970), Article VI. In other words, the proper procedure is to seek to confirm the arbitration award within three years after the award is issued, and if an appeal seeking to set aside the award is made, the court considering the confirmation of the award may, in its discretion, stay the proceedings until such appeal is decided. *Id*.

In addition, the Court considered the International Chamber of Commerce's arbitration rules which state "the 'arbitral award shall be final'. . . and 'shall be deemed to be made at the place of the arbitration proceedings and on the date signed by the arbitrator."

*Id.*; *see also* Article 22, Arbitration Rules of International Chamber of Commerce. Ultimately, the Court determined the statute of limitations outlined in 9 U.S.C. sec. 207 began to run on the date the arbitration award was signed by the arbitrator and that the judgment granting Appellee's summary judgment motion "must be reversed and remanded with instructions to dismiss, as time-barred, its cause of action seeking enforcement of the arbitral award pursuant to the Convention." *Id.*

Here, the Award was issued and signed on January 31, 2020. *See* (Doc. 1, ¶ 12); *see also* (Doc. 1, Exhibit B, p. 35). Because "a foreign arbitral award is 'made' for FAA purposes when it is 'originally decided by the arbitrators,' rather than when the appeals process provided by the arbitral forum state has been exhausted," the three-year statute of limitations proscribed in section 207 of the FAA began running on January 31, 2020 and expired on January 31, 2023. *See Univ. of Notre Dame (USA) in England*, 49 F.4th at 17. Moreover, the NAI arbitration rules state, "An arbitral award shall be binding upon the parties with effect **<u>from the day on which it is made</u>**." *See* <u>Ex. 1</u>, Article 46 (emphasis added).

Petitioners did not file their current Petition to Confirm Arbitration Award until October 17, 2023. *See generally* (Doc. 1). Thus, the statute of limitations has expired. Petitioners failed to follow the above-described procedure outlined in Article VI of the New York Convention wherein Petitioners could have sought to confirm the arbitration award in this Court during the three-year statute of limitations period and sought a stay pending appeal if necessary. *See Convention Done at New York June 10, 1958*;, T.I.A.S. No. 6997, Article VI.

Lastly, realizing NIH Respondents' Statute of Limitations argument is correct, Petitioners add several facts to their Amended Petition in an attempt to posture themselves for an argument that the statue of limitations in this case should be equitably tolled. *See* (Doc. 24), ¶¶ 24, 26-34. These additional facts state Mr. Lindberg and his counsel indicated a willingness to engage in settlement negotiations and thus, "fraudulently induce[d] Conservatrix to continue to engage in fruitless settlement negotiations."

Any equitable tolling argument proffered by Petitioners is without merit. Across a multitude of jurisdictions, "courts have generally agreed that 'settlement negotiations or statements expressing interest in settlement are insufficient to give rise to a claim that a defendant is equitably estopped from asserting' a defense." *Regions Bank v. Old Republic Union Ins. Co.*, No. 2:14-CV-517-VEH, 2016 WL 11622129, at *10 (N.D. Ala. Jan. 20, 2016)(quoting *Rafter v. Great Atl. & Pac. Tea Co.*, No. CIV.A. ELH-12-3580, 2013 WL 4400496, at *11 (D. Md. Aug. 15, 2013)); *see also Bennett v. Metro-N. Commuter R.R.*, 231 A.D.2d 662, 647 N.Y.S.2d 554, 555 (1996)("The mere fact that settlement negotiations have been ongoing between parties is insufficient to estop a party from asserting the Statute of Limitations as a defense.").

Thus, because Petitioners' FAA claim seeking to confirm the arbitration award is time barred, the Court must dismiss this claim.

*C. The Dutch Court Orders Referenced by Plaintiff are not "Foreign-Country Judgment[s]" which fall under the North Carolina Foreign-Country Money Judgments Recognition Act.*

Petitioners' second and final claim seeks to circumvent the FAA and *de facto* enforce a foreign arbitration award pursuant to the North Carolina Foreign-Country Money

Judgments Recognition Act. *See* (Doc. 24), ¶¶ 48-53. Of course, recognizing the Act does not allow for the enforcement of foreign arbitration awards, Petitioners seek enforcement of the "Dutch Ruling" which they define as "[t]he ruling by the Rechtbank Rotterdam, as affirmed by the Gerechtshof Den Haag, and finally the Hoge Raad der Nederlanden." *Id.*, ¶ 38; *see also* N.C.G.S. § 1C-1851, cmt. 3 ("The judgment, however, must be a judgment of an adjudicative body of the foreign country, and not the result of an alternative dispute mechanism chosen by the parties. Thus, foreign arbitral awards and agreements to arbitrate are not covered by this Act. They are governed instead by federal law.").

The "Dutch Ruling" does not qualify as a "foreign-country judgment" under the Act. Section 1C-1851 of the Act defines "foreign-country judgment" as "a judgment of a court of a foreign country." N.C.G.S. § 1C-1851(2). The comments to this statute provide further clarification stating arbitration awards do not fall under this statute, but "a judgment of a foreign court confirming or setting aside an arbitral award, however, would be covered by this Act." *Id.*, cmt. 3.

The "Dutch Ruling" which Petitioners seek to enforce is, in fact, not a judgment, but rather, a collection of court orders/rulings that fail to explicitly adopt the monetary award granted in the summary arbitral proceedings. As such, the "Dutch Ruling" does not fall under the purview of the Act and thus, this claim should be dismissed.

First, Petitioners refer to the order from the Court of Rotterdam. *See* (Doc. 24), Ex. D. However, this order is not a judgment confirming/adopting the arbitration award. Rather, this is a two-page order from a court of "preliminary relief" granting leave to enforce the arbitration award. *See id.*, ¶¶ 2.1-2.3. There are no findings of fact by this Court

and, most importantly, this Court does not adopt the arbitral award such that the order is rendered a "money judgment." Rather, the relief granted merely states, "the judge in preliminary relief proceedings grants leave for the enforcement of the attached arbitral award; orders the respondents to pay the costs of these proceedings . . . [and] dismisses all other applications." *Id*. As such, there is not a monetary judgment to enforce.

The ruling from the Court of Appeal from the Hague similarly fails to adopt the arbitration award. *See* (Doc. 24), Ex. F. While this ruling gives more in-depth consideration to the facts and defenses in the case, the ultimate ruling of the Court simply "dismisses the claim; [and] orders Lindberg, et al., jointly and severally, to pay the costs of the proceedings . . . [and] declares this ruling provisionally enforceable with respect to the order to pay costs." *Id*, p. 20. Again, this ruling does <u>not</u> adopt the summary arbitral award such that the ruling is a money judgment capable of enforcement. Quite simply, there is nothing in this ruling for the Petitioners to enforce.

As for the ruling from the Hoge Raad der Nederlanden which Petitioners consider the final part of the "Dutch Ruling," the alleged "duly certified copy of the Supreme Court of the Netherlands ruling" attached to Petitioners' Amended Petition is (1) in Dutch, and (2) completely blank excluding headers. Thus, this ruling is insufficient on its face and cannot qualify as an enforceable foreign money judgment. *See* (Doc. 24), Ex. H.

Therefore, the collection of court orders is not a "foreign-country judgment" capable of enforcement under the North Carolina Foreign-Country Money Judgments Recognition Act. These rulings are <u>not</u> money judgments which explicitly adopt the provisional relief

awarded by the summary arbitral tribunal. Simply put, these rulings contain nothing for Petitioners to enforce in North Carolina.

## CONCLUSION

For the foregoing reasons, the Amended Petition to Confirm Arbitration Award should be dismissed under Rule 12(b)(6) and the case should be dismissed in its entirety. NIH Respondents also respectfully requests such other and further relief to which they are entitled.

This the 16th day of February, 2024.


*/s/ Aaron Z. Tobin*
Aaron Z. Tobin
Texas Bar No. 24028045
NC Bar No. 50019
atobin@condontobin.com
Brian A. Kilpatrick (*Special Appearance Counsel*)
Texas Bar No. 00784392
bkilpatrick@condontobin.com
**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: 214.265.3800
Facsimile: 214.691.6311

*Attorneys for Respondents Netherlands Insurance Holdings, Inc. and NIH Capital, LLC*

## <u>CERTIFICATE OF WORD COUNT</u>

Pursuant to Local Rules 7.3(d), this certifies that the foregoing brief contains less than 6,250 words (excluding the caption, signature lines, and certificates) as reported by the word processing software used to prepare this filing.

This the 16th day of February, 2024.

/s/ *Aaron Z. Tobin*
Aaron Z. Tobin

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 16th day of February, 2024, I electronically filed the foregoing document with the Clerk of the Court through the ECF system which will send notification of such filing to all attorneys of record.

/s/ *Aaron Z. Tobin*
Aaron Z. Tobin

28219309v4 92132.123.02