# EXHIBIT A

# NETHERLANDS
# ARBITRATION INSTITUTE

ARBITRATION RULES
In force as of 1 January 2015

© Netherlands Arbitration Institute, Rotterdam

# NAI ARBITRATION RULES

SECTION ONE - GENERAL

**Article 1 - Definitions**

In these Rules, the following terms and expressions shall have the following meanings:

(a) "administrator": the director of the NAI as provided for in the NAI's articles of association and, in the director's absence, the member of the executive board designated by the executive board to that end, or an acting administrator appointed as such by the executive board;

(b) "documents": procedural and other documents, including data on a data carrier as well as data presented by electronic means;

(c) "Executive Board": the executive board of the NAI;

(d) "Committee": the committee appointed by the NAI Executive Board that decides on challenge requests as referred to in Article 19;

(e) "claimant": one or more claimants;

(f) "NAI": the Netherlands Arbitration Institute (Stichting Nederlands Arbitrage Instituut);

(g) "arbitration agreement": an agreement by which the parties bind themselves to subject to arbitration any disputes that have arisen or may arise between them from a particular legal relationship, ensuing from an agreement or otherwise, and/or the determination only of the quality or condition of goods, and/or the determination only of the quantum of damages or monetary debt, and/or the filling of gaps or modification of the aforementioned legal relationship;

(h) "Rules": the arbitration rules of the NAI;

(i) "arbitral tribunal": an arbitral tribunal consisting of one or more arbitrators that has been composed in accordance with the provisions of these Rules or according to the applicable rules of arbitration law;

(j) "respondent": one or more respondents; and

(k) "chair": the chair of the arbitral tribunal appointed in

accordance with Articles 13, 14 or 39 and, in the event of an arbitral tribunal consisting of one arbitrator, the arbitrator where permitted by the context of the provision.

**Article 2 - Scope**

These Rules shall apply if the parties have referred to arbitration by or before the NAI or in accordance with the Rules of the NAI.

**Article 3 - Communications**

1. Requests and communications shall be made or confirmed in writing in the manner provided for in this article.

2. Unless the sender is unable to do so, all requests, communications and other documents to the administrator, the Committee, the third person as referred to in Article 39 and/or the NAI shall only be sent electronically by e-mail to the address secretariaat@nai-nl.org or to any other address to be specified by the NAI.

3. The time at which a request or communication is received electronically by the administrator, the Committee, the third person as referred to in Article 39 and/or the NAI shall be the time at which the request or communication has reached a data processing system for which the NAI is responsible.

4. The NAI shall send a request or communication addressed to one or more addressees electronically by e-mail if the addressee, by providing its e-mail address, has communicated that it may be reached for these purposes by such means.

5. After sending the arbitration file to the arbitral tribunal, the parties shall send their requests, communications and other documents directly to the arbitral tribunal while at the same time sending a copy to all parties. A copy of each request, communication or other document shall be sent to the administrator at the same time. The same applies to requests, communications or documents from the arbitral tribunal to the parties and between the parties, it being understood that, in the latter event, a copy must also be sent to the arbitral tribunal.

6. Unless the arbitral tribunal decides otherwise, all requests, communications or other instruments in writing between the parties and the arbitral tribunal shall be sent in electronic form by e-mail if the parties, by providing their e-mail addresses, have

communicated that they may be reached for these purposes by such means.

7. The time at which a request, communication or other document is received electronically by the arbitral tribunal shall be the time at which the request, the communication and/or the other document has reached a data processing system for which one of the members of the arbitral tribunal is responsible.

8. The time at which a request, communication or other document is sent electronically by the arbitral tribunal, the administrator, the Committee, the third person as referred to in Article 39 and/or the NAI shall be the time at which the message has reached a data processing system for which the arbitrator or arbitrators, or the NAI, is/are not responsible.

**Article 4 - Time limits**

1. For the purposes of these Rules, a time limit shall commence on the day a request or communication is sent or, if not sent in electronic form as provided for in Article 3, on the day of receipt of a request or communication, unless explicitly provided otherwise in these Rules or by the arbitral tribunal.

2. In special events, the administrator shall be authorised to extend or to shorten the time limits mentioned in Articles 8(4), 12(3), 13(1), 13(2), 13(3), 13(5), 13(6), 14(2), 36(11), 53(5) and 55(6) at the request of a party or of his own motion.

3. In special events, the arbitral tribunal shall be authorised to extend a time limit set by it or agreed by the parties at the request of a party or of its own motion.

**Article 5 - Language**

1. The proceedings shall be conducted in the language or languages agreed by the parties or, in the absence of such agreement, in the language or languages determined by the arbitral tribunal.

2. Until such time that the arbitral tribunal has determined the language or languages as referred to in the first paragraph, at the request of the other party or of his own motion, the administrator may require a party to submit a translation of the requests, communications and other documents it has submitted in a language in which the other party is proficient, and in a form and within a time limit as determined by the administrator.

3. Without prejudice to the provisions of paragraph 1 and paragraph 2, if any request, communication or other document is written in a language in which the administrator or the arbitral tribunal is not proficient, the administrator and, after acceptance of the mandate, the arbitral tribunal may require the party making the request or the communication or submitting the document to provide a translation in a language, in a form and within a time limit determined by the administrator or the arbitral tribunal.

**Article 6 - Confidentiality**

Arbitration is confidential and all persons involved either directly or indirectly shall be bound to secrecy, except and insofar as disclosure ensues from the law or the parties' agreement.

SECTION TWO - COMMENCEMENT OF ARBITRATION

**Article 7 - Request for arbitration**

1. Arbitration shall be commenced by submitting a request for arbitration to the administrator. Arbitration shall be deemed to have been commenced on the day of receipt of the request for arbitration by the administrator.

2. The request for arbitration shall contain the following particulars:

(a) the name, the address, the place of residence, the telephone number, the e-mail address and, as applicable, the VAT number of each of the parties;

(b) the name, the address, the place of residence, the telephone number and the e-mail address of the person or persons representing the claimant in the arbitration;

(c) the e-mail address at which the claimant may be reached for electronic communication for the duration of the arbitral proceedings;

(d) a brief description of the dispute;

(e) a clear specification of the claim along with, if possible, a specification of the monetary interest of each of the claims;

(f) a reference to the arbitration agreement and any other

agreement(s) to which the arbitration relates, along with copies of the relevant agreements;

(g) insofar as already appointed, the name, the address, the place of residence, the telephone number and the e-mail address of the arbitrator or arbitrators appointed by the claimant or the parties;

(h) the method of appointment of the arbitrator or arbitrators if the parties have agreed a method of appointment that deviates from Article 13, paragraphs 1 to 4, inclusive;

(i) the arrangements between the parties, or the claimant's preference, in respect of the number of arbitrators, the qualifications of arbitrators, the place of arbitration and the language of the arbitration; and

(j) insofar as applicable, any other particulars concerning the arbitral procedure.

3. The request for arbitration shall be submitted in the manner provided for in Article 3(2). If the claimant is unable to do so, the request for arbitration may be submitted in another manner. The administrator shall be authorised to suspend handling the request as long as it does not satisfy the requirements mentioned in paragraph 2. Suspension shall not prejudice the provisions of paragraph 1.

4. The administrator shall confirm receipt of the request for arbitration to the claimant, stating the date of receipt.

**Article 8 - Short answer**

1. The administrator shall send a copy of the request for arbitration to the respondent, stating the date of receipt, and shall invite the respondent to submit a short written answer in response.

2. The short answer shall contain the following information:

(a) the name, the address, the place of residence, the telephone number, the e-mail address and, as applicable, the VAT number of the respondent;

(b) the name, the address, the place of residence, the telephone number and the e-mail address of the person or persons representing the respondent in the arbitration;

(c) the e-mail address at which the respondent can be reached for electronic communication for the duration of the arbitral proceedings;

(d) a reply to the information referred to in Article 7(2)(e), (f), (g) insofar as an appointment by the parties is concerned, (h) and (i) and, insofar as applicable, the respondent's preference in respect of the number of arbitrators, the qualifications of arbitrators, the place of arbitration, and the language of the arbitration;

(e) insofar as applicable, the name, the address, the place of residence, the telephone number and the e-mail address of the arbitrator appointed by the respondent; and

(f) insofar as applicable, any other particulars concerning the arbitral procedure.

3. The respondent may present a counterclaim against the claimant in the short answer, with due observance of the provisions of Article 24(2). The requirements mentioned in Articles 7(2)(d), (e) and (f) shall apply mutatis mutandis to the counterclaim.

4. The short answer shall be submitted within fourteen days of the invitation referred to in paragraph 1 in the manner provided for in Article 3(2), a copy of which shall be sent to the claimant at the same time. If it is not possible for the respondent to send the short answer electronically, it may be submitted in another manner within this time limit, while sending a copy to the claimant at the same time. The administrator shall confirm receipt of the short answer to the parties.

**Article 9 - Purport of the request for arbitration and the short answer**

1. The request for arbitration and the short answer do not prejudice the parties' right to present a statement of claim and a statement of defence, respectively, with due observance of the provisions of Article 23.

2. Insofar as the administrator is involved in the determination of the number of arbitrators and/or the appointment of the arbitrator or the arbitrators, the administrator shall derive the necessary information from the request for arbitration and the short answer.

**Article 10 - Plea as to the non-existence of an arbitration agreement**

1. By cooperating in the appointment of the arbitrator or arbitrators in the manner provided for in Section Three, the parties shall not forfeit the right to challenge the jurisdiction of the arbitral tribunal on the ground of non-existence of a valid arbitration agreement.

2. A respondent that has appeared in the arbitral proceedings and that wishes to raise a plea that the arbitral tribunal does not have jurisdiction on the ground of non-existence of a valid arbitration agreement must do so before submitting any defence, specifically in the statement of defence or, in the absence thereof, by the first written or oral defence after acceptance of the mandate by the arbitral tribunal at the latest.

3. If a respondent has failed to raise a plea in accordance with the provisions of the previous paragraph, its right to rely on this later, in the arbitral proceedings or before the court, shall be forfeited, unless this plea is made on the ground that the dispute is not capable of settlement by arbitration.

4. The arbitral tribunal shall rule on its lack of jurisdiction. If the arbitral tribunal declares that it has no jurisdiction, the declaration of no jurisdiction shall constitute an arbitral award to which the provisions of Sections Five and Six are applicable.

5. An arbitration agreement shall be considered and decided upon as a separate agreement. The arbitral tribunal shall have the power to decide on the existence and the validity of the main contract of which the arbitration agreement forms part or to which it is related.

6. A plea that the arbitral tribunal does not have jurisdiction shall not prevent the NAI from administering the case.

SECTION THREE - THE ARBITRAL TRIBUNAL

**Article 11 - The arbitrator**

1. Any natural person of legal capacity may be appointed as arbitrator. Subject to the provisions of Articles 13(4) and 14(4), no person shall be precluded from appointment by reason of their nationality.

2. An arbitrator shall perform his mandate independently, impartially and to the best of his knowledge and ability.

3. A person approached to be engaged as arbitrator who has reason to suspect that there could be justifiable doubts as to his impartiality or independence shall communicate the same in writing to the person who approached him, stating the suspected reason(s).

4. A person who intends to accept his mandate shall, prior to the confirmation of appointment as provided for in Article 16(1), sign a statement confirming his independence and impartiality, availability and acceptance of the mandate on condition of confirmation by the administrator and send this statement to the administrator. Any communication as referred to in paragraph 3 that has been sent shall be included in the statement. The administrator shall send a copy of the statement to the parties and, if the arbitral tribunal consists of multiple arbitrators, to the co-arbitrators.

5. An arbitrator who, during the arbitral proceedings, suspects that there could be justifiable doubts as to his impartiality or independence shall communicate the same in writing to the administrator, the parties and, if the arbitral tribunal consists of multiple arbitrators, to the co-arbitrators in writing, stating the suspected reason(s).

**Article 12 - Number of arbitrators**

1. The proceedings shall be conducted before an uneven number of arbitrators.

2. If the parties have not agreed the number of arbitrators, or if the agreed method of determining that number is not carried out and the parties cannot reach agreement on the number, the administrator shall set the number at one or three, taking account of the parties' preference, the scope of the dispute, the complexity of the case and the parties' interest in efficient proceedings.

3. If the parties have agreed an even number of arbitrators, the arbitrators shall appoint an additional arbitrator who shall act as the chair of the arbitral tribunal. If the arbitrators fail to reach agreement in respect of the appointment of the additional arbitrator within fourteen days of accepting their mandate, such arbitrator shall be appointed at the request of the most diligent party in accordance with the provisions of Article 14.

**Article 13 - Appointment of the arbitral tribunal**

1. If an arbitral tribunal consisting of one arbitrator must be appointed, the parties, if no joint appointment has become evident by the short answer at the latest, shall notify the administrator of the name, the address, the place of residence, the telephone number and the e-mail address of the arbitrator jointly appointed by them within fourteen days after a request from the administrator to that end. If such a notice is not received within this period, the arbitrator shall be appointed in accordance with the provisions of Article 14.

2. If an arbitral tribunal consisting of three arbitrators must be appointed, the claimant and the respondent shall each appoint an arbitrator. Any party that has not yet appointed an arbitrator shall appoint an arbitrator, stating the name, the address, the place of residence, the telephone number and the e-mail address of the arbitrator appointed, within fourteen days after a request from the administrator to that end. If no notice of such an appointment is received within this period, the arbitrator shall be appointed in accordance with the provisions of Article 14, it being understood that the list shall only be sent to the party that did not appoint an arbitrator on time.

3. If an arbitral tribunal consisting of three arbitrators must be appointed, the two arbitrators appointed in accordance with Article 13(2) shall jointly, if applicable with due observance of the wish referred to in paragraph 4, appoint a chair of the arbitral tribunal, stating the name, the address, the place of residence, the telephone number and the e-mail address of the chair, within fourteen days after a request from the administrator to that end. If no notice of such an appointment is received within this period, the chair shall be appointed in accordance with the provisions of Article 14.

4. If an arbitral tribunal consisting of three arbitrators must be appointed in arbitration proceedings between parties that do not have the same nationality, each of the parties may require that the chair shall not have the same nationality as any of the parties by giving notice to the administrator in the request for arbitration or the short answer, respectively. The administrator shall state this wish in the request referred to in paragraph 3.

5. The appointment of the arbitrator or the arbitrators in accordance with the procedures provided for in this Article 13 or in Article 14 shall take place within three months after the arbitration has been commenced.

6. If the parties have agreed a method of appointment of the arbitrator or arbitrators that deviates from the procedures provided for in this Article 13 or in Article 14, the appointment shall take place in the manner as agreed by the parties. If this method of appointment is not, or not entirely, performed within the time limit agreed by the parties or, in the absence of such time limit, within four weeks after the arbitration has been commenced, the appointment of the arbitrator or arbitrators shall take place in accordance with paragraphs 1 to 4, inclusive, of this article.

**Article 14 - List procedure**

1. In derogation of the method of appointment provided for in Article 13, the parties may agree that the arbitrator or arbitrators shall be appointed in accordance with the list procedure provided for in this Article 14. In that event, the administrator shall send the list referred to in paragraph 2 as soon as possible after receipt of the short answer or, in the absence thereof, after expiry of the time limit for submitting the short answer.

2. The administrator shall send each of the parties an identical list of persons' names. This list shall contain at least three names in the event that one arbitrator is to be appointed and at least nine names, three of which being prospective chairmen, in the event that three arbitrators are to be appointed. A party may delete from the list the names of persons against whom this party has strong objections, and may number the remaining names in its order of preference. If the administrator has not received a list back from a party within fourteen days, it shall be assumed that all of the persons named on the list are equally acceptable to that party as arbitrator.

3. With due observance of the preferences and/or objections expressed by the parties, the administrator shall invite persons named on the list to serve as arbitrators. If the returned lists show that there are an insufficient number of persons on those lists who are acceptable as arbitrators to each of the parties, or a person will not or cannot accept the administrator's invitation to serve as arbitrator or proves unable to serve as arbitrator for any other reasons and an insufficient number of persons remain on the returned lists that are acceptable as arbitrators to each of the parties, the administrator shall be authorised to directly appoint one or several other persons as arbitrators.

4. If an arbitral tribunal must be appointed in arbitration proceedings between parties that do not have the same nationality

in accordance with this article, each of the parties may require that, in the event of an arbitral tribunal consisting of one arbitrator, this arbitrator and, in the event of an arbitral tribunal consisting of three arbitrators, the chair will not have the same nationality as any of the parties by giving notice to the administrator in the request for arbitration or the short answer, respectively.

**Article 15 - Appointment in the event of multiple claimants and/or respondents**

1. If there are multiple claimants and/or respondents and the appointment of the arbitral tribunal shall take place in the manner provided for in Article 13, each of the joint claimants and the joint respondents shall appoint an arbitrator if an arbitral tribunal consisting of three arbitrators must be appointed.

2. If the joint claimants or the joint respondents fail to appoint an arbitrator within the time limit set in Article 13(2), the entire arbitral tribunal shall be appointed in the manner provided for in Article 14.

**Article 16 - Confirmation of appointment**

1. The appointment of an arbitrator under the provisions of this section and Article 36(4) shall be confirmed by the administrator after receipt of the statement referred to in Article 11(4), unless the arbitrator, in the administrator's opinion, offers insufficient safeguards for sound arbitration.

2. If the administrator does not confirm an appointment, he shall request the party that was entitled to appoint the arbitrator or the arbitrators appointed by the parties to appoint a different arbitrator or chair or, if the parties have so agreed, to appoint a different arbitrator or chair in accordance with the list procedure provided for in Article 14 within fourteen days. If the administrator refuses to confirm the appointment of the new arbitrator, the right of appointment shall lapse and the administrator shall directly appoint the relevant arbitrator.

**Article 17 - Release from mandate**

1. An arbitrator who has accepted his mandate may, at his own request, be released from his mandate either with the consent of the parties or by the administrator.

2. An arbitrator who has accepted his mandate may be

released from his mandate by the parties jointly. The parties shall immediately notify the arbitrator and the administrator of the release.

3. An arbitrator who has accepted his mandate and who has become unable de jure or de facto to perform his mandate may, at the request of any party, be released from his mandate by the administrator.

4. An arbitrator who has accepted his mandate may be released from his mandate by the administrator of his own motion if he (i) has become unable de jure or de facto to perform his mandate, or (ii) does not perform his mandate in accordance with these Rules.

5. An arbitral tribunal that has accepted its mandate may, at the request of any of the parties, be released from its mandate by the administrator if, taking account of all the circumstances, it performs its mandate in an unacceptably slow manner despite reminders.

6. In the events mentioned in paragraphs 1, 3, 4 and 5, the administrator shall not proceed to release from the mandate until the parties have been given the opportunity to make their views known to him.

**Article 18 - Replacement of an arbitrator**

1. Unless the parties have agreed another manner of replacement, an arbitrator who has been released from his mandate or an arbitral tribunal that has been released from its mandate for any reason whatsoever shall be replaced pursuant to the rules applicable to the original appointment. The same shall apply in the event of the death of an arbitrator.

2. The proceedings shall be suspended by operation of law for the duration of the replacement. After replacement, the proceedings shall continue from the stage they had reached, unless the arbitral tribunal wishes to handle the case again in full or in part.

**Article 19 - Challenge**

1. An arbitrator may be challenged by a party in accordance with the provisions of this article if there are justifiable doubts as to his impartiality or independence.

2. A party may only challenge an arbitrator appointed by that party for reasons of which that party became aware after the appointment was made. A party may not challenge an arbitrator appointed in accordance with Article 13(3) or Article 14 if it has acquiesced in this appointment, unless that party only became aware of the ground for the challenge afterwards.

3. The challenging party shall give written notice of the challenge, stating reasons, to the arbitrator concerned, the other party, the administrator and, if the arbitral tribunal consists of multiple arbitrators, the co-arbitrators. The notice shall be given within fourteen days of the communication referred to in Articles 11(3), 11(4) or 11(5) or, in other events, within fourteen days after the reason for the challenge becomes known to the challenging party.

4. The arbitral tribunal may suspend the arbitral proceedings from the day of receipt of the notice, as referred to in paragraph 3, or afterwards, pending the challenge procedure, from the moment that the arbitral tribunal considers appropriate.

5. If a challenged arbitrator does not resign within fourteen days after the day of receipt of a timely notice as referred to in paragraph 3, the Committee shall, at the request of the most diligent party, decide whether the challenge is well founded as soon as possible. The Committee may give the arbitrator who has been challenged and the parties the opportunity to be heard. The decision shall be sent by the administrator to the parties, the arbitrator and, if the arbitral tribunal consists of multiple arbitrators, the co-arbitrators.

6. If the challenged arbitrator resigns or if the Committee finds the challenge to be well founded, the challenged arbitrator shall be replaced in accordance with Article 18(1).

7. If a challenged arbitrator resigns, this does not imply acceptance that the reasons for the challenge are well founded.

8. A party that has reasons to challenge an arbitrator shall base a challenge request in accordance with the provisions of this article on these reasons, on pain of forfeiture of the right to invoke them later in the arbitral proceedings or in court.

**Article 20 - Secretary**

At the request of the arbitral tribunal, the administrator may

appoint a lawyer as the arbitral tribunal's secretary. The provisions of Articles 11, 16 and 19 shall apply mutatis mutandis.

SECTION FOUR - THE PROCEDURE (GENERAL)

**Article 21 - Procedure in general**

1. Without prejudice to the provisions of applicable mandatory arbitration law, the arbitral tribunal shall determine the manner in which and the time limits within which the proceedings will be conducted, with due observance of any arrangements between the parties in that regard and the provisions of these Rules and having regard to the circumstances of the arbitration.

2. The arbitral tribunal shall treat the parties equally. The arbitral tribunal shall give the parties the opportunity mutually to set out and explain their positions and to comment on each other's positions and on all documents and other information brought to the attention of the arbitral tribunal during the proceedings.

3. The arbitral tribunal shall guard against unreasonable delay of the proceedings and, if necessary, at the request of a party or of its own motion, take measures.

4. At any stage of the proceedings, at the request of a party or of its own motion, the arbitral tribunal may hold a meeting with the parties to discuss the course of the proceedings and/or further determine the disputed points of fact and law.

5. If a party fails to wholly or partially satisfy any provision mentioned in Section Four or any order, decision or measure of the arbitral tribunal under the provisions of Section Four, the arbitral tribunal may draw any conclusions from such failure that it considers appropriate.

6. Each party may appear in the proceedings in person, or be represented by a practising lawyer or by a representative expressly authorised in writing for this purpose. Each party may be assisted by any persons of its choice.

7. If the parties have not determined the place of arbitration by agreement, such place shall, as soon as possible, be determined by the arbitral tribunal and communicated to the parties and to the administrator.

8. The arbitral tribunal may hold hearings, deliberate and hear

witnesses and experts at any place, within or outside the Netherlands, it considers appropriate. Except in the events provided for in Articles 26(2) and 31, hearings shall be held in the presence of the full arbitral tribunal.

9. If the arbitral tribunal consists of multiple arbitrators, procedural matters of minor importance may be decided by the chair of the arbitral tribunal.

10. Instead of a personal appearance of a witness, an expert or a party, the arbitral tribunal may determine that the relevant person have direct contact with the arbitral tribunal and, insofar as applicable, with others by electronic means. The arbitral tribunal shall determine, in consultation with those concerned, which electronic means shall be used to this end and in which manner this shall occur.

**Article 22 - File dispatch and determination of rules of procedure**

1. After the appointment of all members of the arbitral tribunal has been confirmed, the administrator shall send the arbitration file to the arbitral tribunal.

2. As soon as possible after receipt of the arbitration file, the arbitral tribunal shall determine the rules of procedure following consultation with the parties, including a (provisional) schedule for the further course of the arbitration.

**Article 23 - Exchange of statements**

1. Unless the parties have agreed otherwise, the arbitral tribunal shall give the claimant and the respondent the opportunity to present a statement of claim and a statement of defence, respectively.

2. Unless the parties have agreed otherwise, the arbitral tribunal shall be free to determine whether any further statements may be presented.

**Article 24 - Counterclaim**

1. A counterclaim shall be admissible if it is subject to the same arbitration agreement as the one on which the claim is based or if that same arbitration agreement has been expressly or tacitly declared applicable by the parties.

2. A counterclaim that is not presented at the latest with the statement of defence or, in the absence thereof, with the first written or oral defence after the arbitral tribunal has accepted its mandate cannot be presented afterwards in the same arbitration except in special circumstances at the arbitral tribunal's discretion.

3. Articles 10, 23, 32 and 34 shall apply mutatis mutandis to the counterclaim.

**Article 25 - Hearing**

1. The arbitral tribunal shall give the parties the opportunity to explain their case at an oral hearing, unless the parties waive that opportunity.

2. The arbitral tribunal shall determine the time and place of the hearing.

3. In addition to the parties and persons mentioned in Articles 20, 21(6), 28 and 29, the arbitral tribunal may admit other persons to the hearing after it has heard the parties in that regard.

**Article 26 - Evidence in general**

1. The arbitral tribunal shall be free to determine the rules of evidence, the admissibility of evidence, the division of the burden of proof and the assessment of evidence, unless the parties have agreed otherwise.

2. Having heard the parties, the arbitral tribunal may designate its chair to hear witnesses or experts or to conduct an on-site examination or viewing, unless the parties have agreed otherwise.

**Article 27 - Production of documents**

1. Unless the parties have agreed otherwise, the statements referred to in Article 23 shall, insofar as possible, be accompanied by the documents relied upon by the parties.

2. The arbitral tribunal may, at the request of any of the parties or of its own motion, order the inspection of a copy of or an extract from specific documents that the arbitral tribunal deems relevant for the dispute from the party which has these documents at its disposal, unless the parties have agreed otherwise. The arbitral tribunal shall determine the conditions under which and the manner in which inspection of a copy of or an extract from documents are provided.

**Article 28 - Witnesses and experts**

1. The arbitral tribunal may allow the parties to furnish evidence by hearing witnesses and experts or, at the request of any of the parties or of its own motion, order the parties to furnish evidence by hearing witnesses and experts.

2. The arbitral tribunal may determine the form in which statements of witnesses and experts are given. A party shall be free to submit written witness statements or expert advice it has obtained along with the statements referred to in Article 23. If a party so requests or if the arbitral tribunal so determines, the party submitting the advice shall call the expert to provide a further explanation at the hearing.

3. If an oral examination of witnesses or experts takes place, the arbitral tribunal shall determine the time, place and order for the oral examination and the manner in which the examination will be conducted.

4. The names of the witnesses or experts that a party wishes to have heard shall be communicated to the arbitral tribunal and the other party in a timely manner.

5. If the arbitral tribunal considers it necessary, it shall hear the witnesses after they have sworn or affirmed that they will tell the whole truth and nothing but the truth.

6. The arbitral tribunal shall decide whether and in what form a report of the examination will be drafted. If the chair of the arbitral tribunal hears the witnesses or experts in accordance with Article 26(2), a report of the examination shall in any event be drafted.

**Article 29 - Assistance to the arbitral tribunal**

1. The arbitral tribunal may appoint one or more experts to give written advice. The arbitral tribunal shall consult the parties regarding the terms of reference to be issued to the experts. The arbitral tribunal shall send the parties a copy of the appointment and the terms of reference of the experts as soon as possible.

2. If a party does not provide the expert with the information he requires or render the cooperation he needs, the expert may request that the arbitral tribunal order the relevant party to do so.

3. After receipt of the expert's report, the arbitral tribunal shall send a copy thereof to the parties as soon as possible.

4. At the request of any of the parties, the experts shall be heard at a hearing of the arbitral tribunal. If a party wishes to make such a request, it shall so notify the arbitral tribunal and the other party as soon as possible. At the hearing, the arbitral tribunal shall give the parties the opportunity to ask the experts questions and to present their own experts.

5. Without prejudice to the provisions in paragraph 4, the arbitral tribunal shall give the parties the opportunity to be heard regarding the advice of the experts appointed by the arbitral tribunal.

6. The arbitral tribunal may call in technical assistance in the arbitral proceedings and make arrangements for the presence of an interpreter at the hearing.

**Article 30 - On-site inspection**

The arbitral tribunal may, at the request of any of the parties or of its own motion, examine a local situation or conduct a viewing, within or outside the Netherlands. The arbitral tribunal shall give the parties the opportunity to be present at the on-site examination or viewing.

**Article 31 - Personal appearance of the parties**

At any stage of the proceedings, the arbitral tribunal may order the parties to appear at a hearing in person for the purpose of providing information or attempting to arrive at a settlement. Having heard the parties, the arbitral tribunal may designate its chair to hold the hearing, unless the parties have agreed otherwise.

**Article 32 - Amendment of claim**

1. A party may amend or increase its claim or the grounds thereof until the beginning of the last hearing or, if no hearing is held, in the last admissible statement at the latest. This shall not be permitted afterwards, except in special events at the arbitral tribunal's discretion. A party may reduce its claim at any time.

2. The other party is authorised to object to an amendment or increase if it will be unreasonably hindered in its defence or the proceedings will be unreasonably delayed as a result. Having

heard the parties, the arbitral tribunal shall decide on the other party's objection as soon as possible.

3. In the event of a party's non-appearance as referred to in Article 34, the arbitral tribunal shall give this party the opportunity to comment on an amendment or increase.

**Article 33 - Withdrawal of a request for arbitration**

1. The claimant may withdraw its request for arbitration as long as the respondent has not presented a statement of defence as referred to in Article 23 or, if there is no written treatment, as long as no hearing has been held.

2. Afterwards, the request for arbitration may only be withdrawn with the respondent's permission, without prejudice to the provisions of Articles 53(5) and 55(6).

3. The administrator and, after acceptance of its mandate, the arbitral tribunal shall confirm the withdrawal through the intervention of the administrator.

**Article 34 - Default of a party**

1. If the claimant fails to present a statement of claim as referred to in Article 23 within the time limit determined by the arbitral tribunal or to reasonably explain its claim within a time limit determined by the arbitral tribunal in accordance with an order of the arbitral tribunal, without asserting well founded reasons, the arbitral tribunal may, by award, or in another manner it considers appropriate, bring an end to the arbitral proceedings.

2. If the respondent fails to present a statement of defence as referred to in Article 23 within the time limit determined by the arbitral tribunal, without asserting well founded reasons, the arbitral tribunal may immediately make an award.

3. In the award referred to in the second paragraph, the claim shall be wholly or partially awarded, unless it appears to the arbitral tribunal to be unlawful or unfounded. The arbitral tribunal may, before making its award, require proof from the claimant of one or more of its assertions.

4. If a party, although reasonably having been called, fails to appear at the hearing without asserting well founded reasons, the arbitral tribunal may continue the arbitral proceedings and make an award.

SECTION FOUR A - PROVISIONAL RELIEF

**Article 35 - Provisional relief in general**

1. During pending arbitral proceedings on the merits, the arbitral tribunal may, at the request of any of the parties and with due observance of the provisions of this article, grant provisional relief related to the claim or counterclaim as presented.

2. If the place of arbitration is located within the Netherlands for the arbitral proceedings on the merits, all urgent cases that require immediately enforceable provisional relief in view of the parties' interests, regardless of whether arbitral proceedings on the merits are pending, an arbitral tribunal appointed to that end in accordance with Article 36 may, at the request of any of the parties, grant provisional relief in summary arbitral proceedings with due observance of the provisions of this Section Four A. If the place of arbitration has not been determined for the arbitral proceedings on the merits, Rotterdam shall be the place of arbitration for the summary arbitral proceedings.

3. The arbitral tribunal referred to in paragraph 1 and paragraph 2 may, in conjunction with the provisional relief, require any party to provide sufficient security, including the provision of security for the claim or counterclaim in the main action and the costs of the arbitral proceedings on the merits.

4. The decision on the provisional relief may be taken in the form of an order by the arbitral tribunal or in the form of an arbitral award, to which the provisions of Sections Five and Six are applicable. At the request of a party, the arbitral tribunal, having heard the other party or parties, may convert an order by the arbitral tribunal into an arbitral award, in which it shall state the request.

5. The decision on the provisional relief shall not in any way prejudice the arbitral tribunal's ultimate ruling in the arbitral proceedings on the merits.

6. The arbitral tribunal referred to in paragraph 1 and paragraph 2 may, at the unanimous request of the parties, instead of taking a decision on provisional relief, immediately take a decision on the merits, in which it shall state the request. Such a decision on the merits shall constitute an arbitral award to which the provisions of, inter alia, Sections Five and Six shall be

applicable. If such a decision is taken by the arbitral tribunal as referred to in paragraph 2 in the form of a final award on the merits, the determination of and order to pay the arbitration costs as referred to in Article 44(1)(f) shall also comprise the costs of the arbitral proceedings on the merits. Without prejudice to the provisions of Articles 47, 48 and 49 in respect of the arbitral tribunal referred to in paragraph 1, this final award shall end the arbitral tribunal's mandate in the arbitral proceedings on the merits.

7. The arbitral tribunal may, at the unanimous request of the parties, convert an arbitral award as referred to in paragraph 4 into an arbitral award as referred to in paragraph 6, in which it shall state the request.

**Article 36 - Summary arbitral proceedings**

1. The provisions of Sections One, Five and Seven shall apply in full to the summary arbitral proceedings referred to in Article 35(2). The provisions of Sections Two to Four, inclusive, shall only apply insofar as reference is made to them in this section.

2. Summary arbitral proceedings shall be commenced by submitting a request for summary arbitral proceedings to the administrator. They shall be deemed to have been commenced on the day of receipt of the request for summary arbitral proceedings by the administrator. The request shall contain the particulars mentioned in Article 7(2)(a), (b), (c), (d), (e) and (f), the agreed place of arbitration, language and a description of the grounds of the claim and of the grounds on which the urgent interest as required in Article 35(2) is based. Articles 7(3) and 7(4) shall apply mutatis mutandis.

3. The claimant shall immediately and properly bring a copy of the request, along with any documents, to the attention of every respondent. Proof that notice has been given to every respondent shall be submitted to the proceedings at the hearing mentioned in paragraph 5 at the latest.

4. As soon as possible after receipt of the request, the administrator shall appoint the arbitral tribunal, consisting of one arbitrator, which, as arbitral tribunal, shall take a decision in summary arbitral proceedings. If the parties have agreed a method of appointment of the arbitral tribunal and/or a multiple number of arbitrators, that agreement shall not be applied with regard to the

appointment and composition of the arbitral tribunal referred to in the previous sentence, unless the parties, in so many words, have provided for a method of appointment of an arbitral tribunal in summary proceedings. No person shall be precluded from appointment as arbitrator in summary arbitral proceedings by reason of their nationality. Articles 11(2), 11(3), 11(4), 11(5), 16, 17, 18(2), 19 and 20 shall apply in full. In the events as referred to in Article 18(1), a new arbitrator shall be appointed by the method provided in the first sentence.

5. The arbitral tribunal shall determine the date, time and place of the hearing at which the request will be handled in summary arbitral proceedings and shall immediately communicate this information to the parties. Statements shall only be presented if the arbitral tribunal so determines, without prejudice to the provisions of paragraph 6 and paragraph 7. Article 25(3) shall apply mutatis mutandis.

6. If the respondent wishes to raise a plea that the arbitral tribunal does not have jurisdiction on the ground of non-existence of a valid arbitration agreement, it shall raise such a plea before submitting a defence, at the hearing mentioned in paragraph 5 at the latest or, if a statement is presented prior to that hearing, in that statement at the latest. Article 10 shall apply mutatis mutandis.

7. The respondent is entitled to present a counterclaim in summary arbitral proceedings. A counterclaim shall be presented by a statement to be presented to the arbitral tribunal at the beginning of the hearing referred to in paragraph 5 at the latest, with simultaneous dispatch or handing of copies to the claimant and dispatch to the administrator.

8. The provisions of Articles 21(2), 21(3), 21(5), 26 to 34, inclusive, 37 and 38 shall apply mutatis mutandis to the summary arbitral proceedings.

9. If the arbitral tribunal finds that the case is insufficiently urgent or too complicated to be decided in summary arbitral proceedings, it may deny all or part of the claim for that reason while referring the parties to arbitration on the merits. If no arbitral proceedings on the merits are pending they shall be commenced under Article 7.

10. The provisions of Section Six shall apply to the summary arbitral proceedings, it being understood that the administration costs and the deposit must be paid and deposited, respectively,

prior to the hearing referred to in paragraph 5 and, in the event that a counterclaim is presented at the hearing, as soon as possible after that hearing.

11. The arbitral tribunal is authorised to suspend the hearing or stay its decision if any of the parties have failed to satisfy their payment obligations pursuant to paragraph 10. If, after a single reminder from the administrator, a party fails to satisfy its payment obligation pursuant to paragraph 10 within the time limit specified by the administrator, it shall be deemed to have withdrawn its claim or counterclaim.

## SECTION FOUR B - THE PROCEDURE AND THIRD PERSONS

### Article 37 - Joinder and intervention

1. At the written request of a third person who has an interest in arbitral proceedings to which these Rules apply, the arbitral tribunal may allow that person to join or intervene in the proceedings, provided that the same arbitration agreement as between the original parties applies or enters into force between the parties and the third person. By the allowance of the joinder or intervention, the third person shall become a party to the arbitral proceedings.

2. The request shall be submitted to the administrator. The administrator shall send a copy of the request to the parties and to the arbitral tribunal as soon as possible.

3. The arbitral tribunal shall give the parties the opportunity to make their opinions on the request known. The arbitral tribunal may give the third person the opportunity to make its opinion on the request known.

4. The arbitral tribunal may suspend the proceedings after receipt of a request as referred to in paragraph 1. After the lifting of the suspension or allowance of a joinder or an intervention, the arbitral tribunal shall arrange the further course of the proceedings, unless the parties have made provision for this by agreement.

5. Regardless of whether the same arbitration agreement as between the original parties applies or enters into force between the parties and the third person, by submitting the request for joinder or intervention, the third person agrees that the provisions of Section Six and Article 61 shall apply.

**Article 38 - Impleader**

1. At the request of a party, the arbitral tribunal may allow that party to implead a third person, provided that the same arbitration agreement as between the original parties applies or enters into force between the interested party and the third person.

2. The arbitral tribunal shall give the parties and the third person the opportunity to make their opinions on the request known.

3. The arbitral tribunal shall not allow the impleader if the arbitral tribunal finds it implausible, in advance, that the third person will be required to bear the adverse consequences of a possible award against the interested party or is of the opinion that impleader proceedings are likely to cause unreasonable or unnecessary delay of the proceedings.

4. After allowance of an impleader, the interested party shall send the notice of impleader to the arbitral tribunal, the administrator and the other party as soon as possible.

5. Article 37(4) shall apply mutatis mutandis.

**Article 39 - Consolidation**

1. In respect of arbitral proceedings pending in the Netherlands to which these Rules apply, a party may request that a third person to be appointed in accordance with paragraph 3 order consolidation with other arbitral proceedings pending within or outside the Netherlands to which these Rules apply, unless the parties have agreed otherwise.

2. The request shall be submitted to the administrator. The administrator shall send a copy of the request to all parties and, if appointed, to the arbitrators as soon as possible. Each of the pending arbitral proceedings may be suspended by the arbitral tribunal from the day of receipt of the request.

3. The third person shall be appointed as follows:

(a) the administrator invites the parties to jointly appoint a third person within fourteen days;
(b) if the parties have not appointed a third person within this time limit, the administrator shall appoint a third person directly;

(c) unless all parties have agreed otherwise, none of the arbitrators appointed in the arbitral proceedings whose consolidation is requested shall be appointed as a third person; and

(d) Articles 11, 17, 18, 19 and 20 shall apply mutatis mutandis to the appointment of the third person.

4. Consolidation may be ordered insofar as it does not cause unreasonable delay in the pending proceedings, also in view of the stage they have reached, and the two arbitral proceedings are so closely connected that good administration of justice renders it expedient to hear and determine them together to avoid the risk of irreconcilable decisions resulting from separate proceedings.

5. The third person may grant or refuse the request, after such person has given all parties and, if appointed, the arbitrators an opportunity to make their opinions known. The administrator shall communicate the decision to all parties and the arbitral tribunals concerned.

6. If the third person orders consolidation, the parties shall, in mutual consultation, appoint the arbitrator or arbitrators, in an uneven number, to the consolidated proceedings. If the parties fail to reach agreement in this regard within four weeks of the order for consolidation, the third person shall, at the request of the most diligent party, appoint the arbitrator or arbitrators. Articles 11(3), 11(4) and 16 shall apply mutatis mutandis. These Rules shall continue to apply to the consolidated arbitral proceedings.

7. The mandate of the arbitrator or arbitrators who are not appointed again shall terminate upon the appointment of the arbitrator or arbitrators to the consolidated proceedings. The third person shall, if necessary, determine the remuneration for the work already carried out by the arbitrator or arbitrators with due observance of the provisions of Article 54.

8. The provisions of Section Six shall apply mutatis mutandis to the request for consolidation.

## SECTION FIVE - THE AWARD

### Article 40 - Time limit

1. At the end of the hearing as referred to in Articles 25 and 36(5), the arbitral tribunal shall communicate to the parties at

which time the arbitral tribunal will make its award. If the parties decided not to hold a hearing as referred to in Article 25, the notice shall be sent after presentation of the last statement. The arbitral tribunal shall be authorised to extend the time limit one or more times if necessary. In any event the arbitral tribunal shall decide expeditiously.

2. The mandate to the arbitral tribunal shall continue until its last final award is sent to the parties or, in the event referred to in Article 45(1)(b), upon the deposit of the last final award with the registry of the district court, without prejudice to the provisions of Articles 47 to 49, inclusive.

**Article 41 - Types of award**

The arbitral tribunal may make a final award, a partial final award or an interim award.

**Article 42 - Measure for decision-making**

1. The arbitral tribunal shall decide in accordance with the rules of law.

2. If a choice of law has been made by the parties, the arbitral tribunal shall decide in accordance with the rules of law designated by the parties. Failing such designation of law, the arbitral tribunal shall decide in accordance with the rules of law which it considers appropriate.

3. The arbitral tribunal shall decide as amiable compositeur if the parties, by agreement, have authorised it to do so.

4. In any event, in its decision the arbitral tribunal shall take into account any applicable trade usages.

**Article 43 - Decision and signing**

1. If the arbitral tribunal consists of multiple arbitrators, it shall decide by a majority of votes.

2. The award containing the decision shall be drawn up in quadruplicate in writing and signed by the arbitrator or arbitrators.

3. If a minority of the arbitrators refuses to sign, this shall be stated by the other arbitrators in the award signed by them. A similar statement shall be made if a minority is incapable of

signing and it is unlikely that the impediment will cease to exist shortly.

4. The award shall not state a minority opinion. However, a minority may express its opinion to the co-arbitrators and the parties in a separate written document. This document shall not be considered to be a part of the award.

**Article 44 - Contents of the award**

1. The award shall in any event contain:

(a) the name and place of residence of the arbitrator or each of the arbitrators;

(b) the name and place of residence of each of the parties;

(c) a brief summary of the proceedings;

(d) a description of the claim and, if submitted, of the counterclaim;

(e) the reasons for the decision given in the award;

(f) the determination and order to pay the arbitration costs as referred to in Article 57;

(g) the decision;

(h) the place where the award is made, as determined by the parties or by the arbitral tribunal, with the determination of the place of arbitration in accordance with Article 21(7); and

(i) the date on which the award is made.

2. If the award is a decision to grant provisional relief, a partial final award or an interim award, the determination of and the order to pay the arbitration costs mentioned in paragraph 1(f) may be stayed until a later point in the proceedings.

3. In derogation of the provisions of paragraph 1(e), the award shall contain no grounds for the decision given if, after the arbitration has been commenced, the parties agree in writing that no grounds shall be given for the decision.

**Article 45 - Sending and deposit of the award**

1. The administrator shall ensure on behalf of the arbitral tribunal that, as soon as possible:

(a) an original of the award, or a copy thereof certified by an arbitrator or by the administrator as the designated third person, is sent to the parties; and

(b) if the parties have so requested from the administrator before the award is made, an original of a final or partial final award made in the Netherlands is deposited with the registry of the district court within whose district the place of arbitration is located, after which the administrator shall notify the parties and arbitral tribunal of the date of deposit as soon as possible.

2. An original of the award shall remain in the NAI archives for a period of ten years. During that period, each of the parties may request the administrator to provide a certified copy of the award at cost.

**Article 46 - Binding effect of the award**

An arbitral award shall be binding upon the parties with effect from the day on which it is made. By agreeing arbitration before or by the NAI or according to the Rules of the NAI, the parties shall be deemed to have accepted the obligation to comply with the award as soon as possible.

**Article 47 - Rectification of the award**

1. A party may, within two months after the date of the award, request that the arbitral tribunal correct a manifest computing error, clerical error or other error that lends itself to simple rectification in the award.

2. If the particulars referred to in Article 44(1)(a), (b), (h) and (i) are stated incorrectly or are partially or wholly absent from the award, a party may, within two months after the date of the award, request that the arbitral tribunal correct such particulars.

3. The request shall be submitted to the administrator. The administrator shall send a copy of the request to the arbitral tribunal and the other party as soon as possible.

4. The arbitral tribunal may, within two months after the date of the award, also of its own motion, proceed to the correction referred to in paragraph 1 and paragraph 2.

5. Before the arbitral tribunal decides on the request referred to in paragraph 1 or paragraph 2, or decides of its own motion to proceed to the correction as referred to in paragraph 4, it shall give the parties the opportunity to comment on the matter.

6. If the arbitral tribunal proceeds to the correction, it shall be mentioned by the arbitral tribunal in a separate document, which document shall be considered to be a part of the award. The document shall be drawn up in quadruplicate and shall contain:

(a) the particulars stated in Article 44(1) (a) and (b);

(b) a reference to the award to which the rectification relates;

(c) the correction;

(d) the date of the correction, it being understood that the date of the award to which the correction relates remains decisive; and

(e) a signature to which the provisions of Article 43 apply.

7. The administrator shall ensure that the document referred to in paragraph 6 will be sent to the parties as soon as possible; the provisions of Article 45(1) shall apply mutatis mutandis.

8. If the arbitral tribunal denies the request for the correction, it shall so notify the parties by intervention of the administrator.

**Article 48 - Additional award**

1. Within two months after the date of the award, any party may request the arbitral tribunal to make an additional award as to any one or more claims or counterclaims presented to the arbitral tribunal but not decided by it.

2. The request shall be submitted to the administrator. The administrator shall send a copy of the request to the arbitral tribunal and the other party as soon as possible.

3. Before the arbitral tribunal decides on the request, it shall give the parties the opportunity to comment on the matter.

4. An additional award shall constitute an arbitral award to which the provisions of this section shall be applicable.

5. If the arbitral tribunal denies a request for an additional award, it shall so notify the parties by intervention of the administrator. If the award regarding which an additional award was requested is deposited with the registry of the district court in accordance with the provisions of Article 45(1)(b), the administrator shall ensure deposit, on behalf of the arbitral tribunal, of a copy of this notice, signed by an arbitrator or the secretary of the arbitral tribunal, with the registry in the same manner.

**Article 49 - Remission during setting aside proceedings**

1. If, during setting aside proceedings against an arbitral award made with due observance of the provisions of this section, the competent court enables the arbitral tribunal by remission to reverse the ground for setting aside, the arbitral tribunal's mandate shall revive at the time referred to in paragraph 2 in the sense that it shall be expected to reverse the ground for setting aside indicated by the competent court if possible, by reopening the arbitral proceedings or by taking any other measure considered appropriate by the arbitral tribunal.

2. The most diligent party shall notify the administrator as soon as possible of the decision by the competent court, submitting a copy of the decision and sending a copy to the other party at the same time. The administrator shall ensure that the notice is sent to the arbitral tribunal. The further mandate of the arbitral tribunal referred to in paragraph 1 shall commence on the day of receipt of the notice by the arbitral tribunal.

3. In the event of remission, the arbitral tribunal, having heard the parties, shall decide on the further rules of procedure. The provisions of Section Four shall only apply insofar as the arbitral tribunal so determines. In addition to Articles 55(1) and 55(4), the administrator shall be authorised to require a deposit for the fees and disbursements of the arbitrator or arbitrators from the party that he deems to be the most diligent party.

4. Before the arbitral tribunal decides, it shall give the parties the opportunity to be heard.

5. If the arbitral tribunal finds that the ground for setting aside is capable of being reversed, it shall make a corresponding arbitral

award that replaces the award in respect of which the claim for setting aside was presented.

**Article 50 - Arbitral award on agreed terms**

1. If the parties reach a settlement during the proceedings, the parties may jointly request the arbitral tribunal to record its contents in an arbitral award.

2. The award on agreed terms referred to in paragraph 1 shall be regarded as an arbitral award to which the provisions of this section shall be applicable, it being understood that the award, in derogation of the provisions of Article 44(1)(e), need not contain any grounds for the decision rendered.

**Article 51 - Publication of the award**

The NAI shall be authorised to have the award published without stating the names of the parties and leaving out all other information that might reveal the parties' identities, unless a party objects to such publication with the administrator within two months of the date of the award.

SECTION SIX - COSTS

**Article 52 - Costs of the arbitration**

The costs of the arbitration shall be understood to mean the costs mentioned in Articles 53, 54 and 56 and the other costs necessarily incurred in the arbitration in the opinion of the arbitral tribunal.

**Article 53 - Administration costs**

1. Upon commencing the arbitration, the claimant shall owe the NAI administration costs in accordance with the provisions of paragraph 2. The administrator shall notify the claimant of this amount as soon as possible after receipt of the request for arbitration.

2. The administration costs shall be calculated on the basis of the total monetary interest of the claims, including contingent claims, using the scale determined by the Executive Board as included in Appendix A to these Rules. The Executive Board may make interim changes to this scale in accordance with the provisions of Article 62. In the event that the administration costs

cannot be calculated on the basis of the scale, the administrator shall decide.

3. In the event that a counterclaim, including a contingent counterclaim, is submitted, the respondent shall also be charged administration costs according to the provisions of paragraph 2. The administrator shall notify the respondent of this amount as soon as possible after the counterclaim has been presented.

4. In the event of an increase of claim or counterclaim or if it emerges during the proceedings that the total monetary interest is higher than assumed by the administrator at the time notice was given as referred to in paragraph 1 or paragraph 3, the claimant and the respondent, respectively, shall owe a supplemental amount of administration costs according to the provisions of paragraph 2.

5. The administrator shall see to the collection of the administration costs owed. If, after a second reminder from the administrator, the administration costs owed by a party are not received by the NAI within fourteen days, this party shall be deemed to have withdrawn its claim or counterclaim.

6. If a claimant withdraws its request for arbitration before the arbitration file is sent to the arbitral tribunal, it shall receive back half of the administration costs it has paid. The same applies if a respondent withdraws its counterclaim before the arbitration file is sent. In other events, the administration costs shall not be reimbursed.

**Article 54 - Arbitrator fees and disbursements**

1. The fees and disbursements of the arbitrator or arbitrators shall be reasonably determined by the administrator after consulting with the arbitrator or arbitrators.

2. If an arbitrator is released from his mandate before the last final award, such arbitrator may claim reasonable compensation, to be determined by the administrator, for fees and disbursements, except in special circumstances at the administrator’s discretion.

3. If the arbitral tribunal’s mandate is terminated before the last final award, the arbitrator or arbitrators may also claim reasonable compensation, to be determined by the administrator, for fees and disbursements, unless termination is effected pursuant to Article 17(5).

4. In determining the fee, the time that the arbitrator or arbitrators devoted to the proceedings, the monetary interest of the claims and counterclaims and the complexity of the proceedings shall be taken into account.

**Article 55 - Deposit**

1. The administrator shall require a deposit from the claimant from which, insofar as possible, the fees and disbursements of the arbitrator or arbitrators shall be paid. If the respondent has submitted a counterclaim, including a contingent counterclaim, the administrator may also require a deposit from the respondent for the same.

2. The costs of the secretary, the expert appointed by the arbitral tribunal, technical assistance and an interpreter shall also be paid from the deposit, if and insofar as these costs were incurred by the arbitral tribunal. If the parties have agreed to deposit the award with the court registry, the deposit shall also be used to pay the associated costs.

3. As soon as possible after the arbitration file has been sent, the arbitrator or the chair shall consult with the administrator regarding the scope of work expected from him, in order to determine the amount of the deposit.

4. The administrator may require the claimant and/or the respondent to increase the deposit until fourteen days after the last hearing at the latest or, in the absence of a hearing, until fourteen days after receipt by the arbitral tribunal of the last permitted statement at the latest.

5. The administrator shall notify the arbitral tribunal of the deposit.

6. The arbitral tribunal shall be authorised to suspend the arbitration in respect of the claim or the counterclaim as long as he relevant party has not made the deposit required. If the NAI does not receive the deposit required from a party within fourteen days after a second reminder from the administrator, that party shall be deemed to have withdrawn its claim or counterclaim.

7. The NAI shall not be held to pay any costs that are not covered by a deposit. The costs referred to in paragraph 2 shall first be paid from the deposit. No interest shall be paid on the amount of the deposit made.

**Article 56 - Costs of legal assistance**

The arbitral tribunal may order the unsuccessful party to pay reasonable compensation for the successful party's legal assistance, if and insofar as these costs were necessary in the arbitral tribunal's opinion.

**Article 57 - Determination of arbitration costs and order**

1. The arbitral tribunal shall determine the costs of the arbitration with due observance of the provisions of Article 54.

2. The unsuccessful party shall be ordered to pay the costs of the arbitration, except in special events at the arbitral tribunal's discretion. If each of the parties is partially unsuccessful, the arbitral tribunal may divide all or part of the costs of the arbitration.

3. In ordering a party to pay the costs, the arbitral tribunal shall take account of the deposit made under Article 55. Insofar as the deposit made by a party is used to pay costs that the other party is ordered to pay in accordance with the previous paragraph, the latter party shall be ordered to reimburse the former party for such amount.

4. Payment of the costs of the arbitration may also be ordered if a party did not expressly seek such payment.

5. If the mandate of an arbitrator or arbitrators is terminated before the last final award, the compensation for fees and disbursements determined in accordance with Article 54 and the costs referred to in Article 55(2) shall be borne by the parties in proportion to their contribution to the deposit. The administrator may, insofar as necessary in derogation of Article 55(4), require the claimant and/or the respondent to supplement the deposit to the full amount of said compensation and costs.

SECTION SEVEN - FINAL PROVISIONS

**Article 58 - Timely objection**

A party that has appeared in the proceedings shall make objection to the arbitral tribunal without unreasonable delay, sending a copy thereof to the other party and the administrator as soon as it knows or reasonably should know of any act contrary to, or failure to act in accordance with, any provision of these Rules, the arbitration

agreement or any order, decision or measure of the arbitral tribunal. If a party fails to do so, then the right to rely on this later, in the arbitral proceedings or before the ordinary court, shall be forfeited.

**Article 59 - Competent provisional relief judge**

If the place of arbitration is located in the Netherlands, the provisional relief judge of the Rotterdam district court shall have jurisdiction for the cases as referred to in Article 1027(3) (appointment of the arbitrator or arbitrators), Article 1028 (privileged position of a party with regard to the appointment of the arbitrator or arbitrators) and Article 1041a (hearing an unwilling witness) of the Dutch Code of Civil Procedure.

**Article 60 - Contingencies**

Without prejudice to the provisions of Article 21(1), in all events not provided for in these Rules, action shall be taken in accordance with the spirit of these Rules.

**Article 61 - Limitation of liability**

The NAI, its board members and personnel, the members of its Advisory & Supervisory Board, the members of the Committee, the arbitrator or arbitrators and any secretary that may have been appointed, the third person as referred to in Article 39 and any other persons involved in the case by any or all of them shall not be liable either by contract or otherwise for any damage caused by their own or any other person's acts or omissions or caused by the use of any aids in or involving arbitration, all this unless and insofar as mandatory Dutch law precludes exoneration. The NAI, its board members and personnel shall not be liable for payment of any amount that is not covered by the deposit.

**Article 62 - Amendment of the Rules**

1. The Executive Board may amend these Rules at any time. The amendments shall have no effect on arbitral proceedings already pending.

2. The Rules shall apply in the form they have at the time at which the arbitration is commenced.

3. In derogation of paragraph 2, Articles 39, 42(1) and 42(3) shall only apply to arbitration agreements concluded on or after 1

January 2015 in which the parties have referred to arbitration by or before the NAI or according to the Rules of the NAI, unless the parties have agreed otherwise. With such arbitration agreements concluded before 1 January 2015, Article 45 and, in that connection, Article 1(g) of the Rules applicable until 1 January 2015 shall continue to apply.

## NAI ARBITRATION RULES

### 1. The NAI

1.1 The Netherlands Arbitration Institute (Stichting Nederlands Arbitrage Instituut; “NAI”) was founded in 1949. The NAI Executive Board consists of people from the business community, the legal profession and science who have extensive experience in the fields of arbitration, binding advice and mediation.

1.2 The Institute’s mission is to promote arbitration, binding advice and other legal means for the prevention, limitation and resolution of disputes. Since its establishment, the NAI has pursued this aim by providing trade and industry with a soundly regulated arbitral procedure. These Arbitration Rules form the basis of that procedure. In addition, the NAI may be designated as an appointing authority for the appointment of arbitrators, also if the parties have not agreed to applicability of these Arbitration Rules. Besides arbitration, the NAI also offers binding advice and mediation as types of alternative dispute resolution, for which it has drafted separate rules. The NAI secretariat provides the administration required in these types of dispute resolution under the direction of the administrator.

### 2. The NAI Arbitration Rules

2.1 A new Dutch Arbitration Act (Articles 1020-1076 of the Dutch Code of Civil Procedure) entered into force on 1 January 2015. A revised version of the Arbitration Rules entered into force on the same date.

2.2 Article 62(2) provides that the Arbitration Rules apply in the form they have at the time at which the arbitration is commenced. Consequently, this version of the Arbitration Rules applies to arbitration commenced on or after 1 January 2015, regardless of the date on which the arbitration agreement was concluded. The provisions on consolidation (Article 39) and the measure for decision-making to be used by arbitrators (Articles 42(1) and 42(3)) form an exception to this. Those articles apply only if (i) the arbitration agreement was concluded after 1 January 2015 or (ii) the parties have agreed otherwise (Article 62(3)).

2.3 Please refer to the NAI website, www.nai-nl.org, for relevant literature on the Dutch Arbitration Act and the NAI Arbitration Rules.

## 3. Format and contents of an agreement for NAI arbitration

3.1 Arbitration requires an agreement. The Act uses the general term "arbitration agreement". Such an agreement may consist of a clause in an agreement stipulating that any future disputes will be submitted to arbitration (the arbitration clause). For existing disputes, an arbitration agreement is concluded in the form of a submission agreement.

3.2 The Act requires that every arbitration agreement be proven by an instrument in writing. This means that an oral arbitration agreement or customary practice is insufficient to prove the existence of an arbitration agreement.

3.3 Arbitration in accordance with the NAI Arbitration Rules also requires that the parties have agreed the applicability of these Rules. In the event of an arbitration clause, the clause recommended by the NAI may be used (see p. 6). The parties may also elect to word their arbitration clause differently. However, the wording provided by the NAI has proven in practice to cause the least amount of difficulties.

3.4 If the parties have not agreed an arbitration clause, they may still submit any disputes that have arisen between them to NAI arbitration by entering into a submission agreement. To that end, a document accepted by the parties in writing will suffice if it contains: (a) the names of the parties, (b) an indication of the disputes the parties are submitting to arbitration (preferably broadly worded), and (c) the provision that these disputes are to be resolved in accordance with the NAI Arbitration Rules.

3.5 In drafting the arbitration agreement, the parties may provide for various matters, such as the number of arbitrators, the method of appointment, the place of arbitration, the language of the arbitration, and the measure for decision-making (see the notes to the model clause). The place of arbitration determines the applicable arbitration law. If, for instance, a place of arbitration in the Netherlands is elected, Dutch arbitration law applies. That does not mean, however, that hearings are to be held in this place as well. The parties may also elect to rule out the option of consolidation of the arbitral proceedings with other arbitral proceedings (see also point 12 below).

## 4. Commencement of arbitration

4.1 Both in the event of an arbitration clause and in the event of a submission agreement, NAI arbitration is commenced by submitting a request for arbitration to the NAI administrator by e-mail (Articles 3(2) and 7(3)). If the claimant is unable to submit the request by e-mail, it may be submitted in another manner (Article 7(3)). The request is not tied to a specific format. If desired, the request form available on the NAI website may be used.

4.2 The request must contain the particulars mentioned in (a) to (j), inclusive, of Article 7(2). The administrator is authorised to suspend handling the request as long as it does not satisfy the requirements mentioned in Article 7(2).

4.3 The administrator will send a copy to the respondent. The respondent will then have fourteen days to submit a short answer in response (Article 8). It may simultaneously present a (conditional or unconditional) counterclaim (Article 8(3)). Although any counterclaim should preferably be known at the earliest possible stage of the proceedings (in particular with a view to the arbitrator or arbitrators to be appointed), the respondent may also present a counterclaim later. It must do so at the latest with the statement of defence or, if no statement of defence is presented, with its first written or oral defence after the arbitrators have accepted their mandate (Article 24(2)).

4.4 The request for arbitration and the short answer may be summary. They are intended primarily to (i) provide the NAI secretariat with the information required for the administration of the arbitration and (ii) provide insight into the nature and circumstances of the dispute in connection with any determination of the number of arbitrators and any appointment of the arbitrator or arbitrators. After the arbitrators have been appointed, the parties will be given ample opportunity to present their arguments. The short answer is not considered to be a ‘first defence’ within the meaning of, for example, Article 10. The request for arbitration and the short answer are not a statement of claim and statement of defence, either; these can only be presented after the arbitrators have been appointed (Articles 9 and 23).

4.5 The commencement of summary arbitral proceedings in cases in which arbitration on the merits is not yet pending between the same parties and no arbitral tribunal has as yet been appointed is regulated in Article 35(2) and Article 36. Please refer to point 9 of this Explanation for an explanation of summary arbitral

proceedings in general and the manner in which the Arbitration Rules provide for such proceedings.

**5. Plea as to the non-existence of an arbitration agreement**

5.1 The administrator does not assess whether the parties have agreed to arbitration and have declared the Arbitration Rules applicable. The arbitral tribunal will assess any objection by the respondent that no (NAI) arbitration has been agreed (Article 10).

5.2 A respondent wishing to raise a plea as to the non-existence of a valid (NAI) arbitration agreement must do so in a timely manner, i.e. at the latest in the statement of defence or, in the absence thereof, prior to the first written or oral defence. If the respondent has failed to raise such a plea in a timely manner, there will be no opportunity later, in the arbitral proceedings or before the court, to complain about the non-existence of an (NAI) arbitration agreement (unless it makes the plea on the ground that the dispute is not capable of settlement by arbitration). Similar rules apply to summary arbitral proceedings (Article 36(6)).

**6. Appointment of arbitrators**

6.1 Arbitral proceedings are conducted before one or more arbitrators, always being an uneven number (Article 12(1)). If the parties have agreed an even number of arbitrators, an additional arbitrator will be appointed as chair of the arbitral tribunal in order to arrive at an uneven number (Article 12(3)).

6.2 If the parties have not agreed the number of arbitrators, or if they have agreed a method of determining arbitrators but cannot jointly reach agreement in this respect, the administrator will set the number of arbitrators at one or three. In doing so, the administrator will take account of the parties' preference, the scope of the dispute, the complexity of the case and the parties' interest in efficient proceedings (Article 12(2)). As a rule, one arbitrator will be appointed for arbitration involving a financial interest of less than EUR 500,000.

*Appointment by the parties*

6.3 Unless the parties have agreed otherwise, the arbitral tribunal will be appointed in accordance with the procedure set out in Article 13:

(i) If the arbitral tribunal consists of one arbitrator, the parties will jointly appoint an arbitrator when submitting the request for arbitration or the short answer (or at least within fourteen days after the administrator has asked them to do so). If they fail to do so within this time-limit, the arbitrator will be appointed in accordance with the list procedure of Article 14.

(ii) If the arbitral tribunal consists of three arbitrators, the claimant and the respondent will each appoint an arbitrator in the request for arbitration and the short answer, respectively (or at least within fourteen days after the administrator has asked them to do so). If any party fails to do so within this time-limit, the administrator will send that party or those parties a list of possible arbitrators and the relevant arbitrator will be appointed in accordance with the list procedure of Article 14. Subsequently, within fourteen days after the administrator has asked them to do so, the two arbitrators thus appointed will appoint the third arbitrator, who will also act as the chair of the arbitral tribunal. If they fail to do so within this time-limit, the third arbitrator will be appointed in accordance with the list procedure of Article 14.

*List procedure*

6.4 In derogation of Article 13, the parties may agree that the arbitrator or arbitrators will be appointed in accordance with the list procedure set out in Article 14. Under the list procedure, the administrator compiles a list of the names of possible arbitrators after receipt of the short answer. This list contains at least three names if one arbitrator is to be appointed and at least nine names (including the prospective chairmen) if three arbitrators are to be appointed. The list is sent to both parties. Each party then has fourteen days to deliberate, delete the names of those persons against whom it has strong objections and number the remaining names in its order of preference. Based on a comparison of the returned lists, the administrator subsequently appoints the arbitrator or arbitrators. The administrator is not required to provide the parties with new lists if there is an insufficient number of persons on the returned lists who are acceptable as arbitrators to each of the parties. The same applies if a sufficient number of persons appear on the returned lists but they cannot or will not accept their appointment. In such events, the administrator may directly proceed to appoint other arbitrators.

6.5 Please refer to point 9 below for the appointment of the arbitral tribunal in summary arbitral proceedings.

6.6 The appointment of an arbitrator will be confirmed by the administrator, unless the arbitrator, in the administrator's opinion, offers insufficient safeguards for sound arbitration (Article 16(1)). As and when necessary, the administrator may also take account of the required availability of the arbitrator and the parties' interest in expeditious proceedings. The confirmation of an appointment by the administrator does not affect the option of challenging an arbitrator; the ultimate decision on a challenge request is reserved to the Committee (see point 11 below).

**7. The procedure**

7.1 After the arbitrator or arbitrators have been appointed, the actual arbitral proceedings commence. Unless the parties have made other arrangements, the course of the proceedings will be determined by the arbitral tribunal in consultation with the parties and generally take the following form. First the claimant and respondent are given the opportunity to submit a statement of claim and a statement of defence, respectively. This may be followed by a second exchange of statements (a statement of reply and a statement of rejoinder). Then a hearing is held, in which the parties and/or their counsel may each further set out their arguments. Any witnesses or experts may also be heard at this hearing, or at a separate hearing. After the hearing, the arbitral tribunal deliberates (if it consists of more than one arbitrator) and the award is written. The award is drafted in four copies and signed by the arbitrator or arbitrators, after which the administrator, on behalf of the arbitral tribunal, sends a certified copy of the award to the parties.

7.2 The above is a concise version of the proceedings in average arbitration. All the rules can be found in Section Four of the Arbitration Rules (Articles 21-39). The parties are free to agree a different procedure. Apart from such an agreement, the arbitral tribunal is also authorised to determine a different procedure depending on the nature and circumstances of the dispute.

7.3 The Arbitration Rules provide that the arbitral tribunal must guard against unreasonable delay of the proceedings and, if necessary, take measures at the request of a party or of its own motion (Article 21(3)).

7.4 At the end of the hearing, the arbitral tribunal communicates to the parties at which time it will make its award. If the parties have waived a hearing as referred to in Article 25, the arbitral tribunal will communicate this after the last statement has been presented. The arbitral tribunal is authorised to extend the

time-limit one or more times if necessary. In any event, however, the arbitral tribunal will decide expeditiously (Article 40(1)).

7.5 Article 17(4) gives the administrator the authority to release an arbitrator from his mandate of his own motion (but if he does so, this does not automatically release the entire arbitral tribunal). Failure to perform the mandate given to an arbitrator (as referred to in Article 17(4)) also includes the provision in Article 21(3) in respect of guarding against any delay of the arbitral proceedings.

## 8. The costs

8.1 The arbitrator fees are determined on the basis of the time that the arbitrator or arbitrators devoted to the proceedings, the monetary interest of the claims and counterclaims and the complexity of the proceedings (Article 54(4)). A party presenting a (conditional or unconditional) claim or counterclaim must pay a deposit to the NAI for the fees and other costs of the arbitrators (Article 55). The NAI has adopted guidelines for determining the hourly rate for arbitrators, which are available on the NAI website.

8.2 Upon commencing the arbitration, administration costs are owed to the NAI (Article 53). These costs are calculated on the basis of the scale included in the Appendix to the Arbitration Rules (see Appendix) and have been determined such that the NAI – a non-profit foundation – can cover the costs of its organisation. Administration costs are also due for a counterclaim or conditional (counter)claim.

8.3 Arbitration may involve other costs as well, for example costs for witnesses, experts and the arbitral tribunal's secretary. These costs are not incurred in every arbitration, however, and depend on the nature and circumstances of the dispute.

8.4 As soon as possible after the arbitration file has been sent, the arbitrator or, if there are multiple arbitrators, the chair of the arbitral tribunal will consult with the administrator regarding the work expected and the amount of the deposit (Article 55(3)). This amount may be increased during the proceedings. In that event, the administrator may require the claimant and/or respondent to supplement the deposit. This may be done at the latest on the fourteenth day after the last hearing or, in the absence of a hearing, on the fourteenth day after receipt by the arbitral tribunal of the last permitted statement (Article 55(4)).

8.5 In principle, the unsuccessful party will be ordered to pay the costs of the arbitration. If both parties are partially successful, the arbitral tribunal may divide all or part of the costs of the arbitration (Article 57(2)).

**9. Provisional relief – the summary arbitral proceedings**

9.1 The Arbitration Rules provide for the option of provisional relief:

(i) if arbitral proceedings on the merits are already pending, the arbitral tribunal appointed in that case may, at the request of any of the parties, grant provisional relief related to the claim or counterclaim as presented (Article 35(1));

(ii) provided that the place of arbitration is located within the Netherlands, in all urgent cases that require immediately relief in view of the parties' interests, an arbitral tribunal appointed to that end may also, at the request of a party, grant provisional relief in summary arbitral proceedings. This option is open regardless of whether arbitral proceedings on the merits are already pending (Article 35(2)).

9.2 This means that even if arbitral proceedings on the merits are already pending and the place of arbitration in those proceedings is located within the Netherlands, a party that wishes to present a claim for granting provisional relief may present this claim, in its discretion, to the existing arbitral tribunal pursuant to Article 35(1) or to an arbitral tribunal to be appointed especially to that end pursuant to Article 35(2). In the latter event, however, the claiming party should bear in mind that the arbitral tribunal in summary proceedings will apply a stricter urgency test and, in the absence of a (sufficiently) urgent interest, will deny the provisional relief sought and will rule that the claim for granting provisional relief must be submitted to the arbitral tribunal in the arbitral proceedings on the merits.

9.3 In the event of summary arbitral proceedings as referred to in Article 35(2), the arbitral tribunal consists of one arbitrator, who will be appointed to that end by the administrator. If the parties have agreed a method of appointment of the arbitral tribunal and/or a multiple number of arbitrators, this will not be applied with regard to the appointment of the arbitral tribunal in summary arbitral proceedings, unless the parties have provided for this in so many words (Article 36(4)). The further course of the proceedings will be in accordance with the provisions of Article 36.

9.4 The arbitral tribunal may, in conjunction with the provisional relief, require any party to provide sufficient security, both for the provisional relief sought and for the claim or counterclaim in the main action and the costs of the arbitral proceedings on the merits (Article 35(3)). This power is vested in both the arbitral tribunal on the merits referred to in Article 35(1) and the arbitral tribunal in summary arbitral proceedings referred to in Article 35(2).

9.5 The decision on the provisional relief does not in any way prejudice the ultimate ruling in the arbitral proceedings on the merits (Article 35(5)). The decision may be taken in the form of an order by the arbitral tribunal or in the form of an arbitral award (Article 35(4)). An arbitral tribunal as referred to in Article 35(1) or Article 35(2) may, at the unanimous request of the parties, instead of taking a decision on provisional relief, take a decision on the merits in the form of an arbitral award (Article 35(6)), or convert an arbitral award on provisional relief into an arbitral award on the merits (Article 35(7)).

9.6 Summary arbitral proceedings are distinct from accelerated proceedings. Proceedings of this type – called "expedited proceedings" in arbitration – do result in a decision regarding the dispute itself, albeit within a short period of time. In urgent cases, a party may ask the arbitral tribunal to establish appropriate rules of procedure. The parties may also agree reduced time-limits themselves. As summary arbitral proceedings significantly and predominantly accommodate the need for an expedited decision or relief, the Arbitration Rules have no separate provisions governing "expedited arbitration".

## 10. Impartiality and independence

10.1 The fundamental principle of the impartiality and independence of arbitrators is laid down in Article 11(2). These requirements of impartiality and independence entail that an arbitrator may not have any close personal or business ties with any of the parties or with any of his co-arbitrators, nor may he have any direct personal or business interest in the outcome of the proceedings. If a person who cannot satisfy these requirements is approached to be engaged as arbitrator, he must decline the invitation to act as arbitrator.

*Before the appointment*

10.2 Before being appointed, a proposed arbitrator may be in contact with a party – or its representative or attorney – with regard to the case, provided that (i) the contact is limited to the availability and qualifications of the arbitrator himself or potential candidates for the role of chair of the arbitral tribunal, and (ii) the substantive or procedural aspects of the case are not discussed, save to the extent that this is necessary to inform the proposed arbitrator of the background of the case. The proposed arbitrator may not communicate his opinion on the case to any of the parties prior to his appointment.

10.3 If the proposed arbitrator has reason to suspect that there could be justifiable doubts as to his impartiality and independence, he will communicate the same in writing to the person who approached him (Article 11(3)). The suspected reason(s) for these justifiable doubts will also be stated.

10.4 Prior to the confirmation of appointment (Article 16(1)), each arbitrator must sign a statement confirming his independence and impartiality and send this statement to the administrator (Article 11(4)).

*During the proceedings*

10.5 During the proceedings, the arbitrator may not have any contact with any of the parties about matters relating to the proceedings, unless the other parties and (if the tribunal consists of multiple arbitrators) his co-arbitrators have given their consent.

10.6 If an arbitrator, during the arbitral proceedings, suspects that there could be justifiable doubts as to his impartiality and independence, he will communicate the same in writing to the administrator, the parties and, if the arbitral tribunal consists of multiple arbitrators, to the co-arbitrators (Article 11(5)). The suspected reason(s) for these justifiable doubts will also be stated.

*Challenge*

10.7 If a party wishes to challenge an arbitrator in response to the communications mentioned in points 10.3 and 10.6, it must do so within fourteen days of receipt of the relevant communication (see point 11.2 below).

**11. Challenge**

11.1 If there are justifiable doubts as to the independence or impartiality of an arbitrator, that arbitrator may be challenged by a party (Article 19(1)). A party may only challenge an arbitrator appointed by that party for reasons of which that party became aware only after the appointment was made. A chair of the arbitral tribunal appointed in accordance with Article 13(3) or an arbitrator appointed in accordance with the list procedure of Article 14 may only be challenged by a party if that party became aware of the reasons for challenge only after the appointment of that arbitrator (Article 19(2)).

11.2 If an arbitrator, in accordance with Article 11(3), 11(4) or 11(5), communicates circumstances or reasons that may give rise to justifiable doubts as to his independence or impartiality and a party wishes to challenge this arbitrator for that reason, that party must give written notice to the arbitrator concerned, the other party and, if the arbitral tribunal consists of multiple arbitrators, the co-arbitrators within fourteen days of receipt of this communication. In all other events, such notice must be given within fourteen days after the party that wishes to challenge an arbitrator has become aware of the reason for the challenge (Article 19(3)).

11.3 The challenged arbitrator may resign of his own motion within fourteen days of receipt of a timely notice of challenge, without thereby accepting that the reason for the challenge is well-founded (Articles 19(5) and 19(7)). If the challenged arbitrator does not do so, (members of) the Committee appointed by the NAI Executive Board will decide on the challenge request. The Committee may give the challenged arbitrator and the parties the opportunity to be heard before it takes a decision.

11.4 If an arbitrator resigns of his own motion in response to a challenge request or if the Committee finds the challenge request to be well-founded, the relevant arbitrator will be replaced according to the rules applicable to the original appointment, unless the parties have agreed otherwise (Articles 19(6) and 18(1)).

**12. Consolidation**

12.1 A party may submit a request to the administrator for consolidation of arbitral proceedings pending in the Netherlands with other arbitral proceedings pending within or outside the Netherlands, provided that the NAI Arbitration Rules apply to both arbitral proceedings (Article 39(1)). Such consolidation may be

ordered insofar as it does not cause unreasonable delay in the pending proceedings (Article 39(4)).

12.2 The administrator will send a copy of the request for consolidation to all parties and, insofar as already appointed, the arbitrators, and will invite the parties to jointly appoint a third person within fourteen days, which third person will decide on the request for consolidation (Articles 39(2) and 39(3)(a)). The pending arbitral proceedings may be suspended by the arbitral tribunal from the day of receipt of the request for consolidation (Article 39(2)). If the parties fail to reach agreement, the administrator will directly appoint the third person (Article 39(3)(b)). In principle, the arbitrators appointed in the arbitral proceedings whose consolidation is requested will not be appointed as a third person to decide on the request for consolidation, unless the parties have agreed otherwise (Article 39(3)(c)).

12.3 Before deciding on the request for consolidation, the third person will give the parties and, insofar as already appointed, the arbitrators an opportunity to make their opinions known (Article 39(5)).

12.4 If the third person orders consolidation, the parties, in mutual consultation, will have four weeks to appoint the arbitrator or arbitrators (in an uneven number) to the consolidated proceedings. If the parties are unable to reach agreement in this regard within this time-limit, the third person will, at the request of the most diligent party, appoint the arbitrator or arbitrators (Article 39(6)).

12.5 The mandate of the arbitrator or arbitrators appointed to the proceedings that were separately commenced will terminate if they are not appointed again to the consolidated proceedings. Insofar as necessary, the third person will determine the remuneration for the work carried out by such arbitrator(s) (Article 39(7)).

**13. Confidentiality and secrecy**

13.1 Article 6 provides that NAI arbitration is confidential and that all persons involved either directly or indirectly are bound to secrecy, except – and insofar as – disclosure ensues from the law or an agreement between the parties.

13.2 The NAI is authorised to publish the award in anonymous form. If, however, a party objects to publication of the award with

the administrator within two months of the date of the award, the award will not be published (Article 51). In the event of any publication of an arbitral award, the NAI will anonymise the award with the utmost care.

**14. International arbitration**

14.1 In line with the Dutch Arbitration Act, the Arbitration Rules do not distinguish between national and international arbitration. The Arbitration Rules may also be applied regardless of whether the place of arbitration is located within or outside the Netherlands. It should be noted, however, that if the place of arbitration is located outside the Netherlands, the Dutch Arbitration Act does not apply (see Article 1073 of this Act).

14.2 Summary arbitral proceedings may also be conducted in international arbitration, but only if the place of arbitration is located in the Netherlands, as noted in point 9.1(ii) above.

14.3 For arbitration with foreign parties, a translation of the Arbitration Rules is available in English on the NAI website.

**15. UNCITRAL Arbitration Rules**

15.1 The NAI is willing to act as Appointing Authority under the Arbitration Rules of the United Nations Commission on International Trade Law (UNCITRAL) if the parties have so agreed. In that event, the arbitration clause as recommended by UNCITRAL may read:

*Any dispute, controversy or claim arising out of or relating to this contract, or the breach, termination or invalidity thereof, shall be settled by arbitration in accordance with the UNCITRAL Arbitration Rules.*

*(a) The appointing authority shall be the Netherlands Arbitration Institute, Rotterdam.*

*(b) The number of arbitrators shall be [one or three].*

*(c) The place of arbitration shall be [town or country].*

*(d) The language(s) to be used in the arbitral proceedings shall be [language].*

15.2 If such an arbitration agreement has been concluded, the NAI Arbitration Rules do not apply and the NAI will appoint arbitrators in accordance with the UNCITRAL Rules. If desired, the NAI secretariat may be asked to provide technical assistance (meeting rooms, secretarial work, etc.) in international arbitration of this type as well.

15.3 The administration costs payable when the NAI acts as Appointing Authority are specified in the Appendix to the Arbitration Rules (see Appendix).

**16. Exclusion of liability**

Article 61 provides for the limitation of liability.

The NAI secretariat will be pleased to provide additional information regarding NAI arbitration (Postbus 21075, 3001 AB Rotterdam, 'Delftse Poort', Weena 505, 3013 AL Rotterdam, Telephone +31-10-2816969, Fax +31-10-2816968, E-mail: secretariaat@nai-nl.org, Website: www.nai-nl.org.)

Rotterdam, January 2015