**MIN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| WILLEM JAN M. VAN ANDEL, LLM and ELEONORA L. ZETTELER, LLM, in their capacity as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzekering "CONSERVATRIX" N.V.;<br><br>Petitioners,<br><br>v.<br><br>GREG EVAN LINDBERG; TRIER HOLDING B.V.; NETHERLANDS INSURANCE HOLDINGS, INC.; and NIH CAPITAL, LLC;<br><br>Respondents. | Civil Action No. 1:23-CV-879 |

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONERS' MOTION TO CONFIRM ARBITRAL AWARD AND DUTCH JUDGMENT**

## NATURE OF THE MATTER

On behalf of its policyholders, Willem Jan M. van Andel and Eleonora L. Zetteler, in their capacity as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzekering "Conservatrix" N.V. ("Petitioners"), seek to confirm an arbitral award and enforce a Dutch judgment stemming from Trier Holding B.V.'s ("Trier") failure to replenish the shortfall in the solvency capital ratio of Nederlandsche Algemeene Maatschappij van Levensverzekering "Conservatrix" N.V. ("Conservatrix"), a Dutch insurance company. Petitioners seek to confirm the arbitral award under the Federal

Arbitration Act ("FAA") and enforce the Dutch judgment under the North Carolina Uniform Foreign-Country Money Judgments Recognition Act ("North Carolina Recognition Act") or comity.

## STATEMENT OF FACTS

On January 31, 2020, a Dutch arbitral tribunal issued an award ("Award"), ordering Respondents to specifically perform their obligations and replenish the shortfall in the solvency capital ratio of Conservatrix within 60 days. ECF No. 24-2, ¶ 9.1. The Award provides that Trier's shareholders, Greg Lindberg ("Lindberg"), Netherlands Insurance Holdings, Inc. ("NIH"), and NIH Capital, LLC ("NIH Capital") are required to pay €150 million if Trier does not timely replenish the shortfall. *Id.*

On February 17, 2020, the Court of Rotterdam enforced the Award. *See* ECF No. 24-4. Trier twice appealed and both the Court of Appeal of the Hauge and the Dutch Supreme Court ruled for Conservatrix and denied Trier's attempts to set aside the Award. *See* ECF No. 24-6, 24-8. To date, Respondents have not specifically performed their obligations or paid Conservatrix €150 million. *See* ECF No. 38.[1]

## PROCEDURAL HISTORY

On October 17, 2023, Petitioners filed a Petition to Confirm Arbitration Award. *See* ECF No. 1. Petitioners filed the Amended Petition to Confirm Arbitration Award and

---

[1] This Statement of Facts includes the most pertinent facts from Petitioners' Response in Opposition to Respondents' Motion to Dismiss, ECF No. 33. Petitioners incorporate by reference the "Statement of Facts" in Petitioners' Response in Opposition to Respondents' Motion to Dismiss, ECF No. 33 at 2–7.

Enforce Foreign Judgment ("Amended Petition") on February 2, 2024. ECF No. 24.

All parties were served with the Amended Petition. *See* ECF Nos. 9, 34, 39. Trier failed to timely respond. *Compare* ECF No. 39 (showing that Trier was served on April 27, 2024), *with* Fed. R. Civ. P. 12(a)(1) (providing for 21 days to answer after service).

Respondents Lindberg, NIH, and NIH Capital moved to dismiss the Amended Petition, ECF No. 27, and the Court denied the motion on April 29, 2024. ECF No. 38. In denying the motion, the Court held that "the arbitration award is binding, the time restriction in the FAA is not mandatory, and the Dutch court order constitutes a judgment." ECF No. 38 at 1.

## QUESTIONS PRESENTED

I. Should the Court confirm the Award under the FAA?

II. Should the Court confirm the Dutch judgment under North Carolina Law?

## ARGUMENT

### This Court's April 29, 2024 order is the law of the case as it relates to the issues presented in this motion.

Interlocutory rulings are the "law of the case." *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 257 (4th Cir. 2018) (quotation omitted). "[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case," *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (quotation omitted), and litigants need not battle for the decision again. *U.S. Tobacco Coop. Inc.*, 899 F.3d at 257 (quotation omitted). Only when (1) a subsequent trial produces substantially different evidence, (2) there is a change in applicable law; or (3)

there is clear error causing manifest injustice, may a court depart from an interlocutory order. *Id.* (quotation omitted).

In its April 29, 2024 order, the Court held that "the arbitration award is binding, the time restriction in the FAA is not mandatory, and the Dutch court order constitutes a judgment." ECF No. 38 at 1. There has been no new evidence since this order, there has been no change in applicable law since the order, and there was no clear error in the order, thus the conclusions in the Court's order are the law of the case.

## I. The Court should confirm the Award under the FAA because the Award is a binding award and no grounds for nonrecognition apply.

A reviewing court "shall" confirm a foreign arbitral award unless a party is incapacitated, the arbitration is invalid by law, there was improper notice of the arbitration, the decision or terms of the arbitration were beyond the scope contemplated by the agreement, the composition of the arbitral authority was contrary to the arbitration agreement or law, the award was not binding or was set aside, the subject matter was not capable of settlement in the country at issue, or recognition would be contrary to public policy. Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 ("New York Convention"), 21 U.S.T. 2517, art. V. A party challenging recognition of a foreign arbitral award bears the burden of showing that a Court should not recognize and enforce the award. *See id.*

For the reasons set forth in Petitioners' Response to Respondents' Motion to Dismiss and the Court's order denying Respondents' Motion to Dismiss, "the arbitral award is binding," ECF No. 38 at 1, 7–10; ECF No. 33 at 8–12, and not time barred. *See*

ECF No. 38 at 10–13; ECF No. 33 at 12–13. Thus, no grounds for nonrecognition apply and the Court should confirm the Award under the FAA.

## II. The Court should confirm the Dutch judgment from the Court of Rotterdam under North Carolina law.

Under the North Carolina Recognition Act, courts shall recognize a foreign judgment if the judgment, in any form, is (1) "of a court of a foreign county," (2) grants or denies recovery of a sum of money, and (3) is final, conclusive, and enforceable. N.C. Gen. Stat. §§ 1C-1851, 1C-1852. "[J]udgment[s] of a foreign court confirming or setting aside an arbitral award" are "covered by [the] Act," § 1C-1851 cmt 3. For the reasons set forth in Petitioner's Response to Respondents' Motion to Dismiss and the Court's order denying Respondents' Motion to Dismiss, the Dutch judgment "constitutes a foreign-county judgment under the Act." ECF No. 38 at 13–15; *see also* ECF No. 33 at 13.

Alternatively, when viewed through the lens of equitable relief, the Dutch judgment is enforceable under principles of comity.[2] "'Comity' . . . . is the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens." *Southern v. Southern*, 258 S.E.2d 422, 424 (N.C. Ct. App. 1979). It allows courts to enforce foreign orders so long as the foreign court had jurisdiction over

[2] The North Carolina Recognition Act specifically provides that the Act "does not prevent the recognition under principles of comity or otherwise of a foreign-country judgment to which this Article does not apply," N.C. Gen. Stat. § 1C-1852(d), and that nonmonetary portions of a judgment are enforceable under principles of comity. § 1C-1852 cmt. 2.

the matter and parties. *State ex rel. Anson v. Peele*, 523 S.E.2d 125, 129 (N.C. Ct. App. 1999) (citing *Southern*, 258 S.E.2d at 424).

North Carolina courts have often enforced judgments from foreign countries. *See, e.g.*, *State ex rel. Anson*, 523 S.E.2d at 129 (affirming the trial court's enforcement of a German judgment of paternity and order for child support under comity principles), and other courts have extended comity to judgments and orders for interim equitable relief. For example, in granting comity to a Dutch court's order, a Florida court explained that comity applies to "any" foreign decree, so long as the parties had notice and an opportunity to be heard, the foreign court had original jurisdiction, and the foreign decree does not offend Florida public policy. *Nahar v. Nahar*, 656 So. 2d 225, 229 (Fla. Dist. Ct. App. 1995); *accord Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1213–15 (9th Cir. 2006) (noting that foreign-country injunctions will be enforced so long as they are not repugnant to public policy).

As detailed further in Petitioners' Response to Respondents' Motion to Dismiss the Amended Petition, ECF No. 33, the foreign court had jurisdiction over the matter and parties, and enforcing the Dutch judgment furthers public policy by not allowing Respondents to escape the obligations that they agreed to in 2017, and have been evading since 2019. *See* ECF No. 24-2, ¶¶ 3.15–3.28; ECF No. 33 at 14–15.

Thus, as an alternative to enforcing the Award under the FAA, the Dutch judgment should be enforced under the North Carolina Recognition Act or under principles of comity.

## CONCLUSION

For the reasons set forth above, Petitioners respectfully request an order granting their Motion to Confirm to Confirm Arbitral Award and Dutch judgment, wherein:

1. It is determined that the Award is confirmed under 9 U.S.C. § 9.
2. The Court enters judgment on the Award under 9 U.S.C. § 13.
3. It is determined that the judgment is recognized and enforced under N.C. Gen. Stat § 1C-1853 or under principles of comity
4. The Court enters judgment on the Dutch judgment pursuant to N.C. Gen. Stat § 1C-1853 or under principles of comity.
5. Petitioners are entitled to any additional relief the Court deems just and proper.

Respectfully submitted, this the 14th day of June, 2024.

*/s/* Jeffrey E. Oleynik
Jeffrey E. Oleynik (NC Bar No. 14416)
BROOKS, PIERCE, MCLENDON,
HUMPHREY & LEONARD, LLP
2000 Renaissance Plaza
230 N. Elm Street
Greensboro, NC 27401
Tel: (336) 271-3182
Fax: (336) 232-9182
joleynik@brookspierce.com

Kate E. Giduz (NC Bar No. 60887)
BROOKS, PIERCE, MCLENDON,
HUMPHREY & LEONARD, LLP
150 Fayetteville Street
1700 Wells Fargo Capitol Center
Raleigh, NC 27601
Tel: (919) 882-2546
Fax: (336) 232-9046
kgiduz@brookspierce.com

Sergio F. Oehninger (*pro hac vice*)
Colin S. Harris (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 739-3000
Fax: (213) 739-3001
sergio.oehninger@morganlewis.com
colin.harris@morganlewis.com

Andrew J. Enschedé (*pro hac vice*)
POTOMAC LAW GROUP PLLC
1717 Pennsylvania Avenue, NW, Suite 1025
Washington, DC 20006
Tel: (202) 558-5557
Fax: (202) 318-7707
aenschede@potomaclaw.com

*Counsel for Petitioners*

**CERTIFICATE OF WORD COUNT**

I hereby certify that the foregoing document complies with the word count limits established in Local Civil Rules 7.3(d) and 56.1(c). Specifically, the document contains 1598 words, and the arguments incorporated by reference from other documents contain

3925 words, totaling 5523 words, as counted in compliance with Local Civil Rule 7.3(d)(1) and the Court's Standard Preliminary Order for All Civil Cases, ECF No. 4.

/s/ Jeffrey E. Oleynik
Jeffrey E. Oleynik
*Counsel for Petitioners*

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was served upon counsel of record through the Court's Case Management and Electronic Case Filing System.

This the 14th day of June, 2024.

/s/ Kate E. Giduz
Kate Elizabeth Giduz
*Counsel for Petitioners*