**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| WILLEM JAN M. VAN ANDEL, LLM and ELEONORA L. ZETTELER, LLM, in their capacity as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzekering "CONSERVATRIX" N.V.;<br><br>Petitioners,<br><br>v.<br><br>GREG EVAN LINDBERG; TRIER HOLDING B.V.; NETHERLANDS INSURANCE HOLDINGS, INC.; and NIH CAPITAL, LLC;<br><br>Respondents. | Civil Action No.: 1:23-Cv-879 |

**RESPONDENTS' RESPONSE IN OPPOSITION TO PETITIONERS' MOTION TO CONFIRM ARBITRAL AWARD AND DUTCH JUDGMENT**

Respondents, GREG EVAN LINDBERG, TRIER HOLDING B.V., NETHERLANDS INSURANCE HOLDINGS, INC., AND NIH CAPITAL, LLC, hereby submit this response in opposition to Petitioners' Motion to Confirm Arbitral Award and Dutch Judgment filed on June 14, 2024, as follows:

**BACKGROUND**

1. On December 22, 2019, Conservatrix filed a request for summary arbitral proceedings with the Netherlands Arbitration Institute ("NAI") against the Respondents.

2. The dispute forming the basis of the arbitration proceedings arises from Petitioners' allegation that Respondents failed to maintain Conservatrix's minimum solvency capital requirement ratio ("Minimum SCR Ratio") at 135% as mandated in a Recapitalization

Commitment between Respondents and De Nederlandsche Bank N.V. ("DNB"), dated March 17, 2019. *See* (Doc. 24, Ex. B, ¶¶ 3.14- 3.26).

3. On January 17, 2020, a summary arbitral hearing was held in Rotterdam, the Netherlands. (*Id*., ¶ 14). Ultimately, on January 31, 2020, the arbitral tribunal issued its ruling and award ("Award") against Respondents. (*Id*., ¶ 15).

4. Subsequently, the Court of Rotterdam issued an order in preliminary relief proceedings granting leave to enforce the Award on February 17, 2020. (*Id*., ¶ 16).

5. On April 23, 2020, Trier filed a writ of summons at the Court of Appeals of the Hague and requested to nullify the Award. (*Id*., ¶ 19). The Court of Appeals of the Hague ruled in favor of Conservatrix on March 29, 2022. (*Id*., ¶ 21).

6. Trier again filed an appeal to the Supreme Court of the Netherlands on June 24, 2022, who ultimately ruled in favor of Conservatrix on September 1, 2023. (*Id*., ¶¶ 25, 35).

7. Eventually, on October 17, 2023, Petitioners filed their Petition to Confirm Arbitration Award in this Court. *See* (Doc. 1).

8. On February 2, 2024, Petitioners filed an Amended Petition to Confirm Arbitration Award and Enforce Foreign Judgment ("Amended Petition"). *See* (Doc. 24).

9. Respondents filed a Motion to Dismiss the Amended Petition on February 16, 2024, which the Court denied on April 29, 2024 in its order finding that the arbitration award was binding and that the instant action to confirm the arbitration award was not time barred. *See* (Doc. 38).

10. On June 14, 2024, Petitioners filed a Motion to Confirm Arbitral Award and Dutch Judgment ("Petitioner's Motion"). *See* (Doc. 42).

11. On July 19, 2024, Respondent Lindberg filed the attached letter with William Van Baren, the Chairman of the Netherlands Arbitration Tribunal empaneled in the summary

arbitration proceedings related to Conservatrix. This letter, among other things, outlines new evidence not considered in the summary proceedings and counterclaims.

12. For the reasons described herein, Petitioners' Motion should be denied or, alternatively, the decision on the enforcement of the Award should be adjourned due to the pending resolution of the main arbitration proceedings in the Netherlands.

## I. Argument

### A. The Motion should be Denied or, Alternatively, the Decision on the Enforcement of the Award should be Adjourned due to the Pending Main Arbitration Proceedings in the Netherlands.

The Court should deny the Motion or, alternatively, adjourn these enforcement proceedings due to the pending main arbitration proceedings in the Netherlands. This Court has inherent power to stay proceedings where, as here, a related proceeding is pending in another forum that involves the same issues before the Court. *See, e.g., Landis v. North Amer. Co.*, 299 U.S. 248, 254 (1936). This traditional authority is not curtailed by the New York Convention, which governs the arbitration award at issue here. *See, e.g., Hewlett-Packard Co., Inc. v. Berg*, 61 F.3d 101, 106 (1st Cir. 1995) (district courts have inherent authority to stay an action to confirm an arbitration award covered by the New York Convention). In *Hewlett-Packard*, the First Circuit ruled that it was premature to enforce an arbitration award when a pending, related arbitration between the same parties might create an offset to the original award. *Id.* at 105. In *Hewlett-Packard*, the district court was asked to confirm an ICC arbitration award against Hewlett Packard ("HP"), who in turn asked the court to stay the proceedings and compel arbitration as a separate ICC arbitration was pending between the same parties involving a related dispute. The district court confirmed the arbitration award. On appeal, the First Circuit vacated the district court's order, ruling that the New York Convention does not curtail the traditional authority of courts to defer proceedings during

the pendency of a related proceeding in another tribunal and remanded to allow the district court to consider whether to stay the proceeding pending the ICC arbitration. *Id.* at 105-06. Following this reasoning, at least one other court has recognized that it is appropriate to stay enforcement if pending arbitration proceedings may create a setoff against the original award. *See Korea Wheel Corp. v. JCA Corp.*, 2005 WL 3454335, *2, No. 2:05-cv-01590 (W.D. Wash. Dec. 16, 2005) ("despite the validity of the first award, the resolution of the dispute between the parties is still incomplete. . . . [S]tay of the enforcement action pending resolution of the arbitration of JCA's claim is a cautious and prudent exercise of the Court's inherent power to stay"). *Cf. Middleby Corp. v. Hussmann Corp.*, 90 C 2744, 1991 WL 119123, at *4 (N.D. Ill. June 26, 1991), aff'd 962 F.2d 614 (7th Cir. 1992) (postponing entry of judgment on arbitration award pending resolution of claims in a related litigation). Similarly, this Court has the inherent authority to stay the instant proceeding to enforce the Award. Furthermore, such a stay is appropriate to avoid inconsistent results between the instant Award and the pending outcome of the main arbitration proceedings in the Netherlands.

The Award at issue in this case is a *summary* award which under Article 37(6) of the Netherlands Arbitration Institute Rules is a *provisional* award without precedential value and subject to review *de novo* in the main proceedings which have **not** taken place yet. Specifically, the NAI rules state that "The *provisional* decision shall in no way prejudice the final decision of the arbitral tribunal with regards to the merits of the case." (NAI Arbitration Rules, Art. 37(6) emphasis added. Note that the same principle is confirmed in Article 42m of the NAI Arbitration Rules with slightly different wording.

Since the summary proceedings have no precedential value and the main proceedings are *de novo* this leads to the real possibility that the main proceedings on the merits will deliver a

different outcome than the summary proceedings. Since there is no clear way to reverse the enforcement process if the main arbitral proceedings deliver a different outcome – a stay of the current enforcement proceeding is required to preserve the Respondents due process rights.

The Court's decision whether to adjourn these enforcement proceedings pursuant to Article VI of the New York Convention should be guided by consideration of the non-exhaustive *Europcar* factors, which support adjournment pending resolution of the main arbitration proceedings in the Netherlands:

> (1) the general objectives of arbitration—the expeditious resolution of disputes and the avoidance of protracted and expensive litigation;
>
> (2) the status of the foreign proceedings and the estimated time for those proceedings to be resolved;
>
> (3) whether the award sought to be enforced will receive greater scrutiny in the foreign proceedings under a less deferential standard of review;
>
> (4) the characteristics of the foreign proceedings . . . ;
>
> (5) a balance of the possible hardships to the parties . . . ; and
>
> (6) any other circumstances that could tend to shift the balance in favor of or against adjournment.

*Europcar Italia S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 317-318 (2d Cir. 1998).

As for the first and second *Europcar* factors, "the expeditious resolution of disputes and the avoidance of protracted and expensive litigation," and "the status of the foreign proceedings and the estimated time for those proceedings to be resolved," the Petitioners, despite initiating the original summary arbitration proceedings, have repeatedly stayed the main arbitration proceedings, most recently through November of 2024, while simultaneously seeking to enforce the summary Award in this Court. Confirmation and enforcement of the Award in this Court pending resolution of the main arbitration proceedings will likely lead to additional protracted

litigation if a different outcome is reached in the main arbitration proceedings. *See CEF Energia, B.V. v. Italian Republic*, 19-CV-3443 (KBJ), 2020 WL 4219786, at *6 (D.D.C. July 23, 2020) ("if this Court issued a ruling to enforce the arbitral awards and the [foreign] Court later found that the awards are invalid, 'protracted and extensive litigation' would almost certainly then occur."). Adjourning this matter pending completion of the main arbitration would promote efficiency and avoid conflicting outcomes.

As for the third *Europcar* factor, "whether the award sought to be enforced will receive greater scrutiny in the foreign proceedings under a less deferential standard of review," the main arbitration proceedings will receive greater scrutiny in the Dutch arbitration tribunal given that the subject matter relates to a contract executed under Dutch law and related to a Dutch insurance company. The limited scope of review allowed under the New York Convention favors deference to proceedings in the originating country.

As for the fourth *Europcar* factor, "the characteristics of the foreign proceedings," the pending main arbitration proceeding will review the merits of the summary proceeding *de novo*, which favors adjournment here when considered alongside the first two *Europcar* factors. Allowing the foreign proceedings to continue to their full and final conclusion is what the Petitioners bargained for when they originated the arbitration process in the Netherlands. Similarly, as to the fourth factor, since the foreign proceedings were initiated by the Petitioners, these proceedings were not initiated in any attempt by the Respondents to "hinder or delay resolution of the dispute."

As for the fifth *Europcar* factor, the "balance of the possible hardships to each of the parties," the Respondents bear the risk of possible hardship here if the Award is confirmed and enforced by this Court and then subsequently replaced by a conflicting outcome in the main

proceedings. There is a very real risk of such a conflicting outcome since the main proceedings – which have not begun yet – are conducted *de novo* and significant new evidence has been presented per the attached letter to arbitration tribunal Chairman William Van Baren. Comparatively, the Petitioners will experience no hardship because the underlying policyholder obligations have been sold to Chesnara, PLC. Furthermore, there is no apparent urgency for the Petitioners to bring this matter to final conclusion in the main arbitration proceedings given Petitioners' most recent request to stay those proceedings until November of 2024. If the Petitioners were under any hardship they would not have continued to delay the main arbitral proceedings in the Netherlands for over 4 years.

As to the sixth *Europcar* factor, specifically "any other circumstances that could tend to shift the balance in favor of or against adjournment," the court may consider the following circumstances in the instant case that favor adjournment: The evidence presented in the attached letter to arbitral tribunal Chairman William Van Baren shows that Conservatrix was fully stabilized with strong support from the Dutch National Bank (DNB) all throughout 2018. This stabilization meant that, per the terms of the Recapitalization Commitment, the Respondents had no further recapitalization commitment if there wasn't a viable business case for such investment (after taking into account the interests of the shareholders). Given that in late 2018 the Respondents made the decision to exit the insurance sector and given that the assets of Conservatrix were sold for a "nominal sum" within 24 months of this date, it's apparent that while the business was stabilized, the Respondents were fully within their rights to conclude that there was no viable business case for further capital investment. The Dutch arbitration panel which conducted the summary arbitral proceedings possessed none of the attached evidence of stabilization and did not address **<u>any</u>** of these items based on their merits.

Consideration of the above *Europcar* factors weighs in favor of denying the Petitioner's Motion or alternatively adjourning these enforcement proceedings pending resolution of the main arbitration proceedings in the Netherlands. Issuing a stay in this enforcement proceeding would also accord with other court decisions under Article VI of the New York Convention, which recognizes the right of national courts to adjourn enforcement proceedings in situations where a legitimate action is pending in a foreign court to set aside the arbitration award. *See e.g., Higgins v. SPX Corp.*, 2006 WL 1008677 (W.D. Mich. Apr. 18, 2006) ("comity and efficient use of judicial resources does strongly favor staying this action to await the decision of the Brazilian courts as to the nullification action. . . . The reasons for doing so – comity, judicial efficiency, and the convenience of the parties and the courts – are especially strong where a parallel proceeding is ongoing in the originating country and there is a possibility that the award will be set aside since a court may be acting improvidently by enforcing the award prior to the completion of the foreign proceedings.") (citations omitted). *See also*, *Europcar Italia S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 317 (2d Cir. 1998) (remanding to district court to reconsider decision not to adjourn); *Spier .v Calzaturificio Tecnica, S.p.A.*, 663 F. Supp. 871, 874-75 (S.D.N.Y. 1987) (granting stay under Article VI of the New York Convention pending resolution of set aside action in Italian courts); *Fertilizer Corp. of India v. IDI Mgmt., Inc.*, 517 F. Supp. 948, 962 (S.D. Ohio 1981) (adjourning confirmation action until Indian courts had completed review of arbitral award).

**CONCLUSION**

For the reasons set forth herein, Respondents request that the Court deny Petitioners' Motion or alternatively adjourn these enforcement proceedings pending resolution of the main arbitration proceedings in the Netherlands.

Dated: July 19, 2024.


*/s/ Christopher D. Sempier*
Christopher D. Sempier, Esq.
*(special appearance counsel)*
Florida Bar No.: 1002617
csempier@globalgrowth.com
**GLOBAL GROWTH**
PO BOX 159
Thonotosassa, FL 33592-0159
Telephone: (321) 274-2951

*/s/ Aaron Z. Tobin*
Aaron Z. Tobin, Esq.
Texas Bar No.: 24028045
North Carolina Bar No.: 50019
atobin@condontobin.com
**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: 214.265.3800
Facsimile: 214.691.6311

*For Respondents, Greg Evan Lindberg, Trier Holding B.V., Netherlands Insurance Holdings, Inc., and NIH Capital, LLC*


**CERTIFICATE OF WORD COUNT**

Pursuant to Local Rules 7.3(d), this certifies that the foregoing brief contains less than 6,250 words (excluding the caption, signature lines, and certificates) as reported by the word processing software used to prepare this filing.

*/s/ Christopher D. Sempier*
Christopher D. Sempier

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of July, 2024, I electronically filed the foregoing document with the Clerk of the Court through the ECF system which will send notification of such filing to all attorneys of record.

*/s/ Christopher D. Sempier*
Christopher D. Sempier