**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| WILLEM JAN M. VAN ANDEL, LLM and ELEONORA L. ZETTELER, LLM, in their capacity as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzekering "CONSERVATRIX" N.V.;<br><br>Petitioners,<br><br>v.<br><br>GREG EVAN LINDBERG; TRIER HOLDING B.V.; NETHERLANDS INSURANCE HOLDINGS, INC.; and NIH CAPITAL, LLC;<br><br>Respondents. | Civil Action No. 1:23-CV-879 |

**REPLY IN SUPPORT OF PETITIONERS' MOTION TO CONFIRM ARBITRAL AWARD AND DUTCH JUDGMENT**

Petitioners' opening brief sets forth the reasons why this Court should confirm the Award and Judgment. Respondents do not address Petitioners' argument that the Court has already determined that the Award and Judgment are binding and that no grounds for nonrecognition apply. Rather, Respondents attempt to resurrect, a variation, of the very same argument that this Court has already rejected – that because the Award is "provisional," it is not final. The new twist to Respondents' argument is that because a

"provisional" award is not final, the Court should stay the proceedings.[1] The Court should decline Respondents' invitation to revisit an issue the Court has already decided and instead confirm the Award and recognize and enforce the Judgment.

## NATURE OF THE MATTER

On January 31, 2020, a Dutch arbitral tribunal issued the Award, ordering Respondents to replenish the shortfall in the solvency capital ratio of Conservatrix to 135% within 60 days. ECF No. 24-2, ¶ 9.1. The Award provides that Trier Holding B.V.'s shareholders, Respondents Lindberg, NIH, and NIH Capital, are required to pay a penalty of €150 million if Trier does not timely replenish the shortfall. *Id.*; *see also* ECF No. 24.6 at 2. The tribunal issued the Award on an expedited basis in a summary proceeding because of the "**urgent**" risk of undercapitalization. *See* ECF No. 24-2, ¶¶ 6.24–6.27; Netherlands Arbitration Institute, Arbitration Rules, art. 36(9) (2015), https://nai.nl/wp-content/uploads/2023/09/20230828-NAI-Arbitration-Rules-and-Explanation-1.pdf [hereinafter 2015 NAI Rules].

Less than three weeks later, the Court of Rotterdam enforced the Award. *See* ECF No. 24-4. Instead of complying with the Award and Judgment, Respondents twice appealed to set aside the Award. *See* ECF Nos. 24-6, 24-8. Both appellate courts dismissed Respondents attempts to set aside the Award. *See* ECF No. 24-6 at 21, ECF No. 24-8, ECF

[1] On this point, Respondents' filing is a **response** to Petitioners' Motion to Confirm, and Respondents' request to "adjourn these enforcement proceedings" should not be treated as a motion to stay. *See* L.R. 7.3(a) ("All motions, unless made during a hearing or at trial, shall be in writing and shall be accompanied by a brief except as provided in section (j) of this rule. Each motion shall be set out in a separate document.").

No. 24.1, ¶ 27. During the appeals process, Respondents further stalled by initiating disingenuous settlement discussions, *see* ECF No. 24-1, ¶¶ 15–26, and Conservatrix was forced into liquidation. *See* ECF No. 24-1, ¶ 13.

Shortly after the Supreme Court of the Netherlands rejected Respondents' attempt to set aside the Award, and nearly four years after issuance of the Award, Petitioners filed this action to confirm the Award and enforce the Judgment in the United States. *Compare* ECF No. 24-8, *and* ECF No. 24-1, ¶ 27 (noting that Supreme Court of the Netherlands ruled in favor of Conservatrix on September 1, 2023), *with* ECF No. 1 (evidencing that petition to enforce and confirm was filed on October 17, 2023).

More than four-and-a-half years have passed since issuance of an award that, had Respondents complied with, would have saved Conservatrix. *See* ECF No. 24-2; ECF No. 24-1, ¶ 13. Respondents failed to replenish the capital as required by the contract, they failed to pay as the Dutch arbitral tribunal ordered them to, they failed to pay after the Court of Rotterdam enforced the Award, they failed to follow through after initiating settlement discussions, they failed to pay after the Court of Appeals of the Hague rejected Respondents' attempt to set aside the Award, and they failed to pay after the Supreme Court of the Netherlands rejected their attempt to set aside the Award. There is no reason to permit Respondents to further delay what became due more than four-and-a-half years ago.

Yet that is exactly what Respondents have done and continue to do.

Respondents moved to dismiss Petitioners' Amended Petition based on contradicting arguments – that the Award was (1) final and time barred or (2) not yet final.

*See* ECF No. 28 at 6–12. As recognized in Respondents' response, this Court found the Award was not time barred and was binding. ECF No. 49 at 2; *see also* ECF No. 38 at 12–13 (holding that "because § 207's three-year period is permissive, it does not bar confirmation of the award beyond a three-year period"); ECF No. 38 at 7 ("The Arbitral Award is Binding."). It also found that the Judgment was final. *See* ECF No. 38 at 13 ("The Award is a Foreign-Country Judgment under North Carolina law."). Since this Court's ruling, there has been no discovery and no substantive activity in this matter, other than Lindberg sending a letter to the Dutch arbitral tribunal chairman "outlin[ing] new evidence." *See* ECF Nos. 49 at 3, 49-1.

## ARGUMENT

### I. Under the Law of the Case, Petitioners' Award and Judgment are Final.

Petitioners' Award and Judgment are final and enforceable now. To the extent that Respondents' argue that Petitioners' Award and Judgment are not final because summary arbitral proceedings are "without precedential value," ECF No. 49 at 4, this Court has already determined that the Award and Judgment are final, and that is the law of the case. *See U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 257 (4th Cir. 2018). The document that Respondents filed with their response does not impact this.[2] The

[2] Petitioners underscore that, per the Court's order, the Award and Judgment are final right now. Even if other related proceedings were pending, that would in no way affect the finality of the Award and Judgment. Petitioners also highlight that there are no ongoing related proceedings and the main proceedings are currently suspended, as they have been since January 2020. *See* Exhibit A; ECF No. 24-2, ¶ 1.3. Notably, Respondents have not made a request to reopen the main proceedings. *See* Exhibit A. Moreover, even if main proceedings were ongoing, Respondents cite

chairman confirmed so much in replying to Lindberg's email and stating that there are no active proceedings and that Lindberg's letter did not affect this. *See* Exhibit A. This letter has no bearing on the fact that this Court has already held that the Award and Judgment are final and that Respondents have presented no evidence or arguments that the limited grounds for nonrecognition under the New York Convention or North Carolina law apply.

## II. There is No Basis to Adjourn the Proceedings.

Even though nothing has changed since filing this action, Respondents now request that the Court stay the proceedings. *See* ECF No. 49 at 3. There are no active proceedings related to the Award and Judgment and Respondents have exhausted all avenues of review.

Summary arbitral proceedings differ from main proceedings in that summary arbitral proceedings are designed to provide parties with "urgent" relief. *See* 2015 NAI Rules, arts. 9.1(ii), 36(9). This purpose would be hindered if parties were not able to quickly enforce these awards. As this Court observed, "[g]ranting and confirming Conservatrix's request for temporary, provisional relief on a time-sensitive matter is essential to protect the public and to ensure the possibility of meaningful equitable and merits relief in the long-term." ECF No. 38 at 10. It would be inequitable and inconsistent with the purpose of summary proceedings to allow Respondents to stall any longer.

nothing to suggest that a decision in the main proceedings would entitle them to a set off based on the Award, which is from a *separate* summary proceeding.

### A. Respondents Would Not be Entitled to a Stay Under the New York Convention.

A stay under the New York Convention requires that a party have applied to have the award set aside or suspended in a foreign county. Article VI of the New York Convention provides,

> [i]f an application for the **setting aside or suspension** of the award **has been made** to a competent authority [of the country in which, or under the law of which, that award was made], the authority before which the award is sought to be relied upon may, if it considers it proper, adjourn the decision on the enforcement of the award and may also, on the application of the party claiming enforcement of the award, order the other party to give suitable security.

Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 ("New York Convention"), 21 U.S.T. 2517, art. VI (emphasis added); *see also Wires Jolley LLP v. Shlaimoun*, No. CV 13-3324, 2013 WL 3404325, at *3 (C.D. Cal. July 8, 2013) (denying respondents' motion for a stay where respondents presented "no evidence that a foreign action challenging any part of the arbitral award is pending"). The cases Respondents cite, *Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310 (2d Cir. 1998), *Spier v. Calzaturificio Tecnica S.p.A.*, 663 F. Supp. 871 (S.D.N.Y. 1987), and *Fertilizer Corp. of India v. IDI Mgmt., Inc.*, 517 F. Supp. 948, 962 (S.D. Ohio 1981), all concerned stays under Article VI when a party had applied to set aside or suspend the award at issue.

Article VI is inapplicable to these confirmation proceedings because Respondents have exhausted all avenues to set aside or suspend the Award and Judgment. Moreover, summary arbitral proceedings are separate from main proceedings and result in an award

that is separately enforceable. *See* ECF No. 33-1, art. 1043b(4). *Compare* 2015 NAI Rules, art. 36(2), *with* 2015 NAI Rules, art. 7 (illustrating that parties must make separate requests for summary proceedings and main proceedings). **No court (or arbitral tribunal) can further review the award that Petitioners seek to confirm and the judgment they seek to enforce.** *See* ECF No. 33-1, art. 1064 ("A final or a partial final arbitral award is not subject to any remedy except setting aside and revocation under the provisions in this Section 5."); ECF No. 24-4, ¶ 1.8 (noting in enforcing Petitioners' award that "[a]gainst a final or partial final arbitral award, only the remedies of setting aside and revocation are available in the civil courts").

**B. A Stay on Prudential Grounds Would Not be Warranted.**

To the extent that Respondents argue for a stay on prudential grounds, nothing supports granting a stay where there are no further avenues for review, there are no active foreign proceedings, and the equities strongly favor enforcement.

A party asking for a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255, 57 S. Ct. 163, 166-67 (1936)). A stay of "potentially indefinite duration" is "immoderate and hence unlawful." *Landis v. N. Am. Co.*, 299 U.S. 248, 257 (1936).

The out-of-circuit cases Respondents cite involving a stay that is not tethered to Article VI all concerned pending proceedings that reviewed the underlying award and that

were in progress at the time the court stayed the proceedings. *See CEF Energia, B.V. v. Italian Republic*, No. 19-CV-3443, 2020 WL 4219786, at *1 (D.D.C. July 23, 2020) (staying confirmation proceedings where respondents had appealed award to Svea Court of Appeal in Sweden and Svea Court had issued orders prohibiting enforcement of awards pending outcome of appeal); *Higgins v. SPX Corp.*, No. 1:05-CV-846, 2006 WL 1008677, at *4 (W.D. Mich. Apr. 18, 2006) (staying confirmation proceedings pending outcome of active nullification proceedings); *Middleby Corp. v. Hussmann Corp.*, No. 90 C 2744, 1991 WL 119123, at *4 (N.D. Ill. June 26, 1991) (confirming award but denying, without prejudice, entry of judgment on award from domestic arbitration when defendant had offered to post security bond for amount of award and enforcement proceedings had been consolidated with ongoing, related litigation); *Hewlett-Packard Co. v. Berg*, 61 F.3d 101, 107 (1st Cir. 1995) (remanding to district court to determine whether confirmation of award should be deferred pending resolution of ongoing, related arbitration); *Korea Wheel Corp. v. JCA Corp.*, No. C05-1590C, 2005 WL 3454335, at *2 (W.D. Wash. Dec. 16, 2005) (staying confirmation proceedings where Korean Commercial Arbitration Board had severed counterclaim from original arbitral proceedings and decision on counterclaim was expected in around six months). In contrast, the main proceedings that Respondent argues counsel a stay are separate proceedings that do not review the underlying award and are not active, thus, *Europcar* is inapplicable.

The first four *Europcar* factors do not apply because those factors assume that there is another proceeding to which the parties are devoting time and attention to and that may

impact the Award and Judgment. However, and as demonstrated below, even if *Europcar* did apply, the *Europcar* factors do not weigh in favor of a stay.

The first factor is the "expeditious resolution of disputes and the avoidance of protracted and expensive litigation." *Europcar*, 156 F.3d at 317. If the Court confirms the Award and enforces the judgment, litigation of the Award and Judgment will end, and Conservatrix will finally be able to take steps to recover what was due to it years ago. On the other hand, if this matter is stayed, then nothing would move forward in the United States and Respondents will have no incentive to formally request to restart and push forward the main proceedings in the Netherlands. In short, these proceedings would be on hold indefinitely, which contradicts the purpose of summary proceedings: to expeditiously provide parties with urgent relief.

The second, third, and fourth *Europcar* factors also illustrate why staying confirmation and enforcement would be improper: there are no further avenues in the Netherlands to review the Award and Judgment, and there are no related, active proceedings. *See* Exhibit A. For example, there would be no estimated time for completion of the proceedings because there is no proceeding available to review the Award. *See* ECF No. 33-1, art. 1064 ("A final or a partial final arbitral award is not subject to any remedy except setting aside and revocation under the provisions in this Section 5."); ECF No. 24-4, ¶ 1.8. Similarly, this Court cannot determine "whether the award sought to be enforced will receive greater scrutiny in the foreign proceedings" because no court or arbitral tribunal can further review the award that Petitioners seek to confirm. *See* ECF Nos. 24-6,

24-8; *see also* ECF No. 33-1, art. 1064; ECF No. 24-4, ¶ 1.8 ("Against a final or partial final arbitral award, only the remedies of setting aside and revocation are available in the civil courts.").

Under the fifth – and most important – factor, there will be significant hardship to Petitioners if this matter is stayed because, as this Court has recognized, Lindberg is quickly spending money and hiding assets. *See Universal Life Ins. v. Lindberg*, No. 1:20CV681, 2023 WL 6554451, at *6 (M.D.N.C. Sept. 21, 2023), *report and recommendation adopted*, 2023 WL 7062058 (M.D.N.C. Oct. 25, 2023). In ordering that Lindberg post a bond of hundreds of millions of dollars, this Court found that:

> The evidence reflects that since May 3, 2022, Defendant has routinely spent over $1 million per month on personal expenses, in addition to other unexplained transfers and transactions. Additionally, Defendant uses various corporate entities for payment of his personal expenses, and admitted at the hearing this was specifically to avoid attachment of his personal accounts because his "personal accounts keep getting shut down will all these false accusations being leveled" at him. Defendant has also been inconsistent in how he describes or discloses these assets, leading to further concern that the corporate structure he has created has been used to hide assets even from the state courts. In addition, Defendant was less than transparent in describing his assets during the evidentiary hearing.

Lindberg, 2023 WL 6554451, at *6 (citation and footnote omitted). Since this order, Lindberg has escalated his efforts to move his assets and evade creditors. *See, e.g.*, Exhibit B (SEC filing detailing Lindberg's intent to convert his largest asset from a corporation to a limited liability company). Each day that goes by without enforcement presents another opportunity for Lindberg to make it more difficult for Petitioners to recover, on behalf of Conservatrix's policyholders, what Respondents became obligated to pay many years ago.

As to the sixth factor, Respondents merely argue what they would attempt to argue if there were another avenue to review the Award or if separate proceedings occurred. These arguments are irrelevant to a proceeding to confirm an award and judgment that arose from proceedings in which Lindberg had ample opportunity to make these arguments. *See, e.g.*, ECF Nos. 24-2, ¶¶ 2.5, 2.17 (noting that Respondents had opportunity to submit statements and exhibits and that Respondents pleaded arguments and presented additional information to arbitral tribunal).

## CONCLUSION

For the reasons set forth herein and in Petitioners' prior briefing, Petitioners' Award should be confirmed and their Judgment recognized and enforced, as requested in their Motion. Respondents' request for a stay should be denied.

Respectfully submitted, this the 2nd day of August, 2024.


*/s/* Jeffrey E. Oleynik
Jeffrey E. Oleynik (NC Bar No. 14416)
BROOKS, PIERCE, MCLENDON,
HUMPHREY & LEONARD, LLP
2000 Renaissance Plaza
230 N. Elm Street
Greensboro, NC 27401
Tel: (336) 271-3182
Fax: (336) 232-9182
joleynik@brookspierce.com

Kate E. Giduz (NC Bar No. 60887)
BROOKS, PIERCE, MCLENDON,

HUMPHREY & LEONARD, LLP
150 Fayetteville Street
1700 Wells Fargo Capitol Center
Raleigh, NC 27601
Tel: (919) 882-2546
Fax: (336) 232-9046
kgiduz@brookspierce.com

Sergio F. Oehninger (*pro hac vice*)
Colin S. Harris (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 739-3000
Fax: (213) 739-3001
sergio.oehninger@morganlewis.com
colin.harris@morganlewis.com

Andrew J. Enschedé (*pro hac vice*)
POTOMAC LAW GROUP PLLC
1717 Pennsylvania Avenue, NW, Suite 1025
Washington, DC 20006
Tel: (202) 558-5557
Fax: (202) 318-7707
aenschede@potomaclaw.com

*Counsel for Petitioners*

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing document complies with the word count limits established in Local Civil Rule 7.3(d). Specifically, the document contains 2826 words, as counted in compliance with Local Civil Rule 7.3(d)(1).

/s/ Jeffrey E. Oleynik
Jeffrey E. Oleynik
*Counsel for Petitioners*

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was served upon counsel of record through the Court's Case Management and Electronic Case Filing System.

This the 2nd day of August, 2024.

*/s/* Kate E. Giduz
Kate Elizabeth Giduz
*Counsel for Petitioners*