IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WILLEM JAN M. VAN ANDEL, LLM ) <br> and ELEONORA L. ZETTELER, LLM, ) <br> in their capacity as insolvency ) <br> practitioners in the insolvency of ) <br> Nederlandsche Algemeene Maatschappij ) <br> van Levensverzekering ) <br> "CONSERVATRIX" N.V., ) <br> ) <br>                         Petitioners, ) <br> ) <br>    v. ) <br> ) <br> GREG EVAN LINDBERG; TRIER ) <br> HOLDING B.V.; NETHERLANDS ) <br> INSURANCE HOLDINGS, INC.; and ) <br> NIH CAPITAL, LLC, ) <br> ) <br>                         Respondents. ) | 1:23-CV-879 |

# MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, Chief District Judge.

The petitioners, conservators of a Dutch insurance company, seek confirmation of an arbitration award under the Federal Arbitration Act against respondents Greg Lindberg, Trier Holding B.V., Netherlands Insurance Holdings, Inc., and NIH Capital, LLC. The respondents have not established any grounds for a refusal to confirm the award under the FAA and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, nor is a stay appropriate. The motion will be granted.

I.     Facts and Procedural Background

A Dutch insurance company, Nederlandsche Algemeene Maatschappij van Levensverzekering "CONSERVATRIX" N.V., initiated summary arbitration proceedings

against the respondents to enforce their obligation to maintain a minimum solvency capital ratio in the company. Doc. 24-2 at p. 5 ¶ 2.1, p. 8 ¶ 3.2, pp. 13–14 ¶ 3.11 (subsection 1.1.1);[1] Doc. 24-1 at ¶ 8. In January 2020, the arbitrator entered an award and ordered the respondents to increase the ratio immediately. Doc. 24-1 at ¶¶ 9–10; Doc. 24-2 at p. 34 ¶¶ 9.1(a)–(b). If they did not comply within 60 days, the tribunal ordered the respondents to pay Conservatrix €150 million. Doc. 24-2 at p. 34 ¶¶ 9.1(a), 9.1(c). The tribunal also awarded arbitration and legal fees. *Id.* at p. 35 ¶¶ 9.1(d)–(e).

A Dutch court enforced the arbitral award. Doc. 24-4 at p. 3 ¶ 2.1. The Court of Appeal of The Hague and the Supreme Court of the Netherlands upheld the lower court's judgment, Doc. 24-1 at ¶¶ 14, 27; Doc. 24-6 at 21, but the respondents still did not comply with the order. Without adequate funding, Conservatrix was placed in liquidation, and the petitioners were named its conservators. Doc. 24-1 at ¶ 13.

The proceedings on the merits have not advanced since the arbitrator referenced that possibility in the arbitral award. *See* Doc. 24-2 at p. 5 ¶ 1.3. On July 19, 2024, Mr. Lindberg sent a letter to Willem van Baren, the Chairman of the Netherlands Arbitration Tribunal that conducted the earlier arbitration, to provide "new evidence not considered in the summary proceedings." Doc. 49 at pp. 2–3 ¶ 11; Doc. 49-1 at 1–7. Mr. van Baren responded on July 22, 2024, reiterating that "the arbitral proceedings are currently suspended until 15 November 2024, or, if earlier, until receipt of the Tribunal of written

---

[1] All citations to the record use the pagination appended by the CM/ECF system; paragraph or section numbers are also provided when available.

notice from any of the Parties that they wish to resume the proceedings" and confirming that Mr. Lindberg's July 19, 2024, letter does not contain such a request to resume proceedings. Doc. 51-1 at 2.

In October 2023, the petitioners, on Conservatrix's behalf, initiated this action, Doc. 1, and in February 2024, they filed an amended petition to confirm the arbitration award and enforce the foreign judgment under the FAA, and alternatively, under North Carolina law. Doc. 24 at ¶¶ 39–53. Some of the respondents moved to dismiss, Doc. 27; Doc. 36, and the Court denied their motion. Doc. 38. The petitioners filed the present motion to confirm the arbitration award, and the motion has now been fully briefed by all parties. Doc. 43; Doc. 49; Doc. 51.

Additional facts and procedural background have been set forth in an earlier order. Doc. 38. They are adopted by reference.

## II. Discussion

Under § 207 of the FAA, a reviewing court must confirm a foreign arbitration award "unless it finds one of the grounds for refusal . . . of recognition or enforcement of the award specified in the . . . Convention [on the Recognition and Enforcement of Foreign Arbitral Awards]." 9 U.S.C. § 207; *see also Three S Del., Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007). The Convention provides several grounds for refusal of recognition, including when the award is not binding or has been set aside. *See* Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, T.I.A.S. No. 6697, art. V. The respondents have the burden of establishing grounds for refusal to confirm the award. *See AO Techsnabexport v. Globe*

*Nuclear Servs. and Supply GNSS, Ltd.*, 404 F. App'x 793, 797 (4th Cir. 2010). The Convention also provides that "[i]f an application for the setting aside or suspension of the award has been made to a competent authority" of the country in which the award was made, then a court has discretion to "adjourn the decision on the enforcement of the award." 21 U.S.T. 2517, T.I.A.S. No. 6997, art. VI; *see Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 316 (2d Cir. 1998). The respondents have not met either standard.

In asking that the pending motion be denied, the respondents do not reference any of the grounds for refusal authorized under the Convention. *See generally* Doc. 49. To the extent that the respondents' brief can be interpreted as contending that "a provisional award without precedential value and subject to review *de novo*" is not a binding award, *see id.* at 4 (cleaned up), the Court has already addressed that argument in detail in an earlier order, *see* Doc. 38 at 8–10, and there is no good reason to reconsider that decision. *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 257 (4th Cir. 2018) (noting that judicial discretion to reconsider earlier orders is "subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again" (cleaned up)).

Nor have the respondents shown that an application for setting aside or suspending the award is pending before a competent authority in the Netherlands. The respondents have exhausted the appeals process in the Netherlands, and the country's highest court has affirmed the lower court's judgment enforcing the award at issue here. Doc. 24-1 at ¶ 27. Moreover, the petitioners have provided evidence from the Dutch arbitration

4

tribunal that the arbitral proceedings are "currently suspended" and that the respondents' July 19, 2024, letter did not trigger a resumption of any proceedings, much less a request to set aside or suspend its earlier award. Doc. 51-1 at 2; Doc. 49-1 at 1–7. Absent such a showing, the Convention does not provide discretionary authority to adjourn the decision on enforcing the arbitration award. 21 U.S.T. 2517, T.I.A.S. No. 6997, art. VI.

The respondents contend that the court should consider the factors set forth in *Europcar* and that those factors support "adjourning" the decision on enforcement as authorized in the Convention. Doc. 49 at 5 (citing *Europcar*, 156 F.3d at 317–18). But the court in *Europcar* emphasized that before weighing any factors, the Convention in Article VI first requires that "an application has been made in the originating country to have the arbitral award set aside or suspended." 156 F.3d at 316. The other cases the respondents cite also show courts exercising their discretion under Article VI only where there is an open proceeding in the originating country. *See, e.g.*, *Spier v. Calzaturifico Tecnica S.p.A.*, 663 F. Supp. 871, 875 (S.D.N.Y. 1987).

Even assuming the Court has the discretion to act and consider the *Europcar* factors,[2] the Court concludes that staying the proceedings here would not be appropriate. The general goal of arbitration – expeditious resolution of disputes – is not served by

---

[2] The Fourth Circuit does not appear to have addressed how to evaluate a motion to stay enforcement of an arbitration award in a case arising under the Convention, but other circuits have also found the non-exhaustive factors set forth by the Second Circuit in *Europcar* to be helpful. *See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A.*, 377 F.3d 1164, 1172 (11th Cir. 2004) (explaining that district courts should "balance the Convention's policy favoring confirmation of arbitral awards against the principle of international comity embraced by the Convention"); *LLC SPC Stileks v. Republic of Moldova*, 985 F.3d 871, 879–80 (D.C. Cir. 2021); *Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1299 (10th Cir. 2020).

adjournment, especially when the respondents have had years to ask the arbitral panel to reopen the proceedings but have not done so. The decision at issue here has been upheld by Dutch courts, so comity favors enforcement. There is nothing to indicate the arbitral proceedings and subsequent court proceedings upholding the award were not fair. The underlying circumstances – providing financial support to an insurance company in liquidation by persons obligated to provide that support – also augur against a stay.

Enforcement here will not interfere with the arbitrator's ability to reopen the Dutch proceedings and enter further orders, and should the arbitrator later conclude that respondents are entitled to a refund or adjustment, there is nothing to indicate the petitioners would not comply. The respondents' arguments on the likelihood of such an adjustment, Doc. 49 at 6–7, are better made to the arbitral panel, where the parties agreed their disputes would be resolved. *AO Techsnabexport*, 404 F. App'x at 797 (holding that "a court considering a complaint seeking confirmation of an arbitration award may determine only whether the arbitrators acted within the scope of their authority, and may not consider whether the arbitrators acted correctly or reasonably") (citing *Three S Del.*, 492 F.3d at 527)). The respondents have made no showing that it would work a hardship on them to comply with the Dutch arbitral award.

The respondents also contend that the Court has inherent power to stay this action because there is a related proceeding pending in another forum that involves the same issues. Doc. 49 at 3 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Assuming that such inherent authority exists on the facts here, this is not an appropriate case for a stay, for the reasons previously discussed. Moreover, the respondents have not presented

6

Case 1:23-cv-00879-CCE-JEP    Document 52    Filed 08/08/24    Page 6 of 8

a "clear case of hardship or inequity in being required to go forward," which *Landis* suggests is required. 299 U.S. at 255. As explained in the earlier order denying the respondents' motion to dismiss, the respondents "may pursue further action in arbitration to determine whether the amount the arbitrator required the respondents to pay should be adjusted or whether some refund might be due." Doc. 38 at 8. Enforcing the arbitration award here raises no serious hardship issues or concerns of inequity, since the respondents have, and have had, the option to initiate further proceedings in the Netherlands. This is especially so since the respondents have done nothing to reopen those proceedings in the many months this case has been pending.

The respondents have not shown any basis for refusing to confirm the arbitration award or that there is any pending action to set aside or suspend the award before a competent authority in the Netherlands. The petitioners' motion will be granted.

## III. Form of the Judgment

The parties have not addressed whether the judgment should be in euros, as awarded by the Dutch tribunal, or in dollars. In *Estate of Ke v. Yu*, the Fourth Circuit recently indicated that either can be appropriate. 105 F.4th 648, 660–661 (4th Cir. 2024). In making this decision, "district courts weigh equitable factors and exercise their discretion to decide the proper currency in which to issue judgment, although that typically results in the court converting a foreign currency award to U.S. dollars." *Id.* at 661. "[C]onversion into dollars at judgment remains the norm." *Id.*

Neither party has identified any reason why entering judgment in dollars would not be appropriate. Three of the four respondents appear to be domiciled in the United

7

States. Doc. 49-1 at 1 (statement by Mr. Lindberg that he, Netherlands Insurance Holdings, LC, and NIH "are all U.S. residents" and providing Florida address for all three). As the district court did in *Estate of Ke*, the Court will enter judgment in dollars, calculated under the currency exchange rate as of the date of the award, January 31, 2020. *Id.* at 662; Doc. 24-2 at p. 35.

On January 31, 2020, the exchange rate was 1 Euro to 1.1082 U.S. Dollars.[3] The award amount of €150,334,725 converts to $166,600,942. The Court will withhold entry of judgment for three business days in case any party wants to file evidence on the currency exchange rate on January 31, 2020, or to point out a mathematical error; any such evidence shall be accompanied by a brief no longer than 4000 words explaining the party's position and setting forth with specificity the mathematical calculation requested.

It is **ORDERED**, that:

1. The motion to confirm the arbitral award, Doc. 42, is **GRANTED**; and
2. Judgment confirming the arbitral award and entering judgment in the amount of $166,600,942 in favor of the petitioners will be entered separately in three business days, in the absence of evidence and a brief directed to the conversion rate as set forth herein.

This the 8th day of August, 2024.

                                              UNITED STATES DISTRICT JUDGE

---

[3] *Foreign Exchange Rates – H.10 Weekly*, BD. OF GOVERNORS OF THE FED. RSRV. SYS., https://www.federalreserve.gov/releases/h10/20200203/ (last visited Aug. 8, 2024).