IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| J. ROBERT VAN FAASSEN, LLM and ELEONORA L. ZETTELER, LLM, in their capacity as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzekering "CONSERVATRIX" N.V., | ) | |
| Petitioners, | ) | |
| v. | ) | 1:23-CV-879 |
| GREG EVAN LINDBERG, TRIER HOLDING B.V.; NETHERLANDS INSURANCE HOLDINGS, INC.; and NIH CAPITAL, LLC | ) | |
| Respondents. | ) | |

**ORDER AUTHORIZING LIMITED SUPPLEMENTAL BRIEFING**

This matter is before the Court on remand from the United States Court of Appeals for the Fourth Circuit. Upon consideration of relevant parts of the joint status report, and in its discretion, the Court enters this order to move the case toward final resolution fairly and efficiently.

In 2023, petitioners filed a petition to confirm an arbitration award and judgment entered in the Netherlands. Doc. 1; *see also* Doc. 24 (amended petition). This Court denied the respondents' motion to dismiss, Doc. 38 (denying motion to dismiss at Doc. 27), and authorized final resolution based on a method and briefing schedule suggested by the parties. *See* Docs. 40, 41. The petitioners moved to confirm the arbitral award

under federal and state law. Doc. 42. The respondents, who had the right to file a dispositive motion under the agreed-upon schedule, did not file such a motion.

The Court then confirmed the arbitral award under the Federal Arbitration Act and did not specifically address recognition under North Carolina law. Doc. 52. On appeal, the United States Court of Appeals for the Fourth Circuit held that the statute of limitations barred recognition under the FAA and remanded for resolution under North Carolina law. *Van Faassen v. Lindberg*, 181 F.4th 480, 483–86 (4th Cir. 2026). The Fourth Circuit affirmed that this Court was correct in its decision, made in resolving the motion to dismiss, that the Dutch judgment was a foreign-country judgment subject to recognition under North Carolina law. Doc. 64; *Van Faassen*, 181 F.4th at 487. This Court then directed the parties to meet and confer and to file a joint status report and case management plan. Text Order 07/15/2026. The parties filed a joint report on August 20, 2026. Doc. 73.[1]

The North Carolina Uniform Foreign-Country Money Judgments Recognition Act provides that state courts "shall recognize a foreign-country judgment," N.C. Gen. Stat. § 1C-1853(a), "to the extent that the judgment . . . [g]rants or denies recovery of a sum of money" and "[u]nder the law of the foreign country where rendered, is final, conclusive, and enforceable." § 1C-1852(a). A foreign-country judgment is "[a] judgment of a court of a foreign country." § 1C-1851(2). A "judgment" is "the final decision of the court

[1] While the report was signed by two lawyers as "counsel for Greg E. Lindberg," Doc. 73 at 21, the Court assumes it was also submitted on behalf of the other defendants those lawyers represent. *See* Docs. 67, 68.

resolving the dispute and determining the rights and obligations of the parties, and the law's last word in a judicial controversy." *Van Faassen*, 181 F.4th at 486–87; *Savage v. Zelent*, 243 N.C. App. 535, 538–43, 777 S.E.2d 801, 804–806 (2015); *Poole v. Miller*, 342 N.C. 349, 352, 464 S.E.2d 409, 411 (1995). "The party seeking recognition of the judgment bears the burden of proving that the Act applies, while the party resisting recognition bears the burden to establish certain defenses." *Van Faassen*, 181 F.4th at 487; *see* N.C. Gen. Stat. §§ 1C-1852(c), 1C-1853(b)–(c), (f)–(g).

Here, in ruling on the motion to dismiss, this Court determined that the Dutch judgment was a foreign-country judgment subject to recognition under the North Carolina Act, Doc. 38 at 13–15, and the Fourth Circuit upheld that decision. *Van Faassen*, 181 F.4th at 487. The Fourth Circuit also confirmed that "the Dutch court order confirming the arbitral award is . . . final, conclusive, and enforceable" under § 1C-1852(a)(2) of the North Carolina statute. *Id.*[2]

The petitioners now suggest that there is no need for further proceedings and that the Court should enter judgment in its favor. Doc. 73 at 5-9. As they accurately point out, the Court held during earlier proceedings, and the Fourth Circuit confirmed, that the Dutch judgment was final; nothing else appearing, that would seem sufficient to conclude

[2] The Fourth circuit noted that "the Dutch court issued an order that 'grants leave for the enforcement of the attached arbitral award,' which required Respondents to pay a sum of money: €150,000,000 if they did not replenish Conservatrix's solvency capital ratio within sixty days, €134,725 for arbitration fees, and €200,000 for legal fees. The Court of Appeal of the Hague and the Supreme Court of the Netherlands affirmed, rejecting Respondents' effort to nullify the award." *Van Fassen*, 181 F.4th at 487 (cleaned up).

that the Recognition Act applies. *Jenner v. Ecoplus, Inc.*, 224 N.C. App. 275, 279, 737 S.E.2d 121, 124 (2012) (noting that "[t]he Recognition Act is a statute of inclusion with a strong presumption that foreign-country judgments will be recognized.). And as they also point out, during earlier proceedings the respondents had a full opportunity to present arguments and evidence in support of any defenses they had to enforcement of the Dutch judgment under North Carolina law, and it presented only a very narrow argument.[3] *See* Docs. 19, 20, 28, 35, 49; *see also Van Faassen*, 181 F.4th at 487 (holding that once the party seeking recognition of the judgment proves that the Act applies, "the party resisting recognition bears the burden to establish certain defenses."); N.C. Gen. Stat. §§ 1C-1852(c), 1C-1853(b)–(c), (f)–(g).

The respondents contend that the motion to confirm the arbitration award remains contested and that "no party has yet discharged" its burdens under the North Carolina Recognition Act. Doc. 73 at 20. They suggest that they should be allowed to submit further briefing on whether the Dutch judgment is a fine or a penalty and whether its recognition would be unreasonable. *Id.* They also suggest that a 2026 decision in what seems to be another proceeding might affect the enforceability of the arbitral award and judgment. *Id.* at 9-10. Many of their arguments are nothing more than a rehash of those

[3] The respondents contended that the Dutch judgment was not a judgment enforceable under North Carolina law because there was no explicit adoption of the monetary award granted in the arbitration. Doc. 28 at 13. This Court and the Fourth Circuit rejected this argument. *Van Faassen*, 181 F.4th at 487.

the Court has already rejected,[4] and the petitioners contend that the respondents waived all of these arguments because they were not presented in 2024, *id.* at 6, 8, a point the respondents do not clearly address. *See id.* at 11 (addressing only waiver on appeal).

All that said, a joint status report is not the best vehicle for resolving these disputes or this case.

The Court sees no reason to require the petitioners to refile their motion to confirm the arbitral award under North Carolina law; they filed and briefed the motion in 2024. Docs. 42, 43. The Court never ruled on that aspect of the motion, the Fourth Circuit made specific reference to resolving that aspect of the motion in its remand,[5] and the Court considers that motion to still be pending, to the extent that the petitioners seek recognition under North Carolina law.

But the Court will allow the respondents to file a supplemental response to the motion, raising such issues as they decide are appropriate.[6] To discourage the respondents from rehashing old and already rejected arguments, as they have shown they are willing to do by filing an excessively long status report throwing the kitchen sink at the Court without any concrete proposal for bringing the case to conclusion, the Court will impose a 4000-word limit on the supplemental response brief.

---

[4] Indeed, some of their arguments appear to be in direct tension with the Fourth Circuit's holding.

[5] The Fourth Circuit "remand[ed] the case for further proceedings on Petitioners' motion to enforce the Dutch judgment under North Carolina law." 181 F.4th at 487.

[6] As the petitioners point out, they briefed application of North Carolina law in support of their original motion, Doc. 43, and the respondents did not make any argument directed to that law specifically, focusing their attention on reasons for a stay. *See* Doc. 49.

The petitioners may then file a reply brief of up to 4000 words. The Court will allow short sur-replies limited to addressing new arguments. No further briefing is authorized.

The parties are advised that in resolving the motion to confirm arbitral award, Doc. 42, the Court will consider the briefing filed in connection with that motion in 2024 at Docs. 43, 49, 51, including briefing incorporated by reference, to the extent that such briefing is directed to North Carolina law, and including arguments about comity. The Court will not consider any legal arguments made in the Joint Status report and adoption of those arguments by reference is prohibited. *See generally* LR 7.3(d)(3). To the extent the parties rely on evidentiary materials previously filed on the court docket, they should cite to those submissions by docket number and page number appended by the ECF system and they should not refile duplicate exhibits.

It is **ORDERED** that:

1. The petitioners' Motion to Confirm Arbitral Award and Dutch Judgment, Doc. 42, remains pending to the extent the petitioners seek recognition under North Carolina law.
2. In resolving the motion, the Court will consider the briefing filed in 2024 at Docs. 43, 49, 51, to the extent it is directed to North Carolina law. The Court will not consider any arguments made in the Joint Status report and adoption of those arguments by reference is **PROHIBITED**.
3. No later than September 18, 2026, the respondents may file a supplemental response to the motion, limited to 4000 words.

4. No later than October 5, 2026, the petitioners may file a supplemental reply brief in support of the motion, limited to 4000 words.
5. No later than October 9, 2026, the respondents may file a supplemental sur-reply brief limited to 1000 words.
6. No later than October 12, 2026, the petitioners may file a supplemental sur-sur-reply brief limited to 1000 words.

This the 26th day of August, 2026.

UNITED STATES CHIEF DISTRICT JUDGE