**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| J. ROBERT VAN FAASSEN, LLM and ELEONORA L. ZETTELER, LLM, in their capacity as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzekering "CONSERVATRIX" N.V., | |
| Petitioners, | Case No. 1:23-CV-879 |
| v. | Chief Judge Catherine C. Eagles |
| GREG EVAN LINDBERG; TRIER HOLDING B.V.; NETHERLANDS INSURANCE HOLDINGS, INC.; and NIH CAPITAL, LLC, | |
| Respondents. | |

**RESPONDENTS' SUPPLEMENTAL SUR-REPLY**

## I. North Carolina's nonrecognition grounds are not discretionary.

The petitioners call the § 1C-1853(c) grounds "nonmandatory." Doc. 81 at 5. The statute says otherwise: once a ground exists, "recognition of the judgment shall be denied unless the court determines, as a matter of law, that recognition would nevertheless be reasonable under the circumstances." N.C. Gen. Stat. § 1C-1853(c). That burden is the petitioners'. *Id.* § 1C-1853(g). The question is whether they have shown, as a matter of law, that recognition is reasonable.

## II. No tribunal has found the condition on which the €150,000,000 depends.

The Act applies "to the extent that" a judgment grants a sum of money. N.C. Gen. Stat. § 1C-1852(a). The Fourth Circuit described it as requiring €150,000,000 "if they did not replenish Conservatrix's solvency capital ratio within sixty days." Doc. 64 at 12. The petitioners assert "the 60 days have elapsed" and Trier "did not restore." Doc. 81 at 4. They cite nothing; no tribunal has so found; the award was provisional, "grounded on a prima facie basis." Doc. 1-2 at 25. "Immediately payable" says when a forfeited sum falls due, presupposing a breach it does not find. *Id.* at 34. Breach, causation, and quantum, if any, are set for November 4 and 10, 2026. Exs. B–C. In *United States v. Lindberg* the petitioners described a separate damages claim on the same Commitment, "through Dutch arbitration proceedings," compensating the policyholders "in full." Lindberg Decl. ¶¶ 4–6 & Ex. E. The petitioners deny any proceeding that could make Conservatrix liable to the respondents and any "evidence that Conservatrix would be unable to pay." Doc. 81 at 9 n.3; *but see id.* at 12 n.5. The merits arbitration is one: the award discounted "the risk that a party cannot repay" because the claim would run "against a 100% subsidiary," Doc. 1-2 at 25–26—now bankrupt. Lindberg's €348 million Florida action against the petitioners is another, Ex. J; their own report shows €5.6 million of assets, a €95 million deficit, and €40 million distributed. Lindberg Decl. ¶¶ 6, 16. Paid now, it would not come back.

## III. The petitioners' own waiver cases support the respondents.

*Liberty University* states an appellate rule for issues "not passed upon below." 733 F.3d at 103. The North Carolina aspect of the motion remains pending; the Court "never ruled on" it. Doc. 74 at 5. *Chittenden* found no waiver: "[t]he doctrine of waiver demands conscientiousness, not clairvoyance, from parties." 896 F.3d at 639–40 (quoting *Hawknet, Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87, 92 (2d Cir. 2009)) (internal quotation marks omitted). And *Amaplat*, Doc. 81 at 7, was reversed for lack of jurisdiction. *Amaplat Mauritius Ltd. v. Zimbabwe Mining Dev. Corp.*, 143 F.4th 496 (D.C. Cir. 2025), *cert. denied*, No. 25-699 (U.S. Apr. 27, 2026).

No "full opportunity" in 2024, Doc. 74 at 4, could reach a fraud finding of February 5, 2026. Doc. 78-2 at 51. Within ten days the respondents placed it before the merits tribunal, with leave. Ex. D.

## IV. The Amsterdam court found a fraud on the court.

The petitioners supply the rest of *Mullin*: the fraud "must be a fraud on the court." Doc. 81 at 11 (quoting 255 F. Supp. 2d at 473). DNB "did not mention the reinsurance with CBL at all" in 2017. Doc. 78-2 at 40. The court found "fraud committed in the proceedings": "the reinsurance was excluded from the proceedings by DNB," so "no full debate could take place" on alternatives. *Id.* at 24.

The petitioners answer that the 2017 order "benefited" the respondents, who "were not the victims of fraud." Doc. 81 at 10–11. The money ran the other way: the respondents recapitalized Conservatrix—€18.4 million directly and €72.1 million through DNB-reviewed reinsurance, its premium in trust for Conservatrix, €167.3

million by 2019—and took nothing out. Doc. 78-2 at 32, 42; Lindberg Decl. ¶¶ 12–14. Nor does section 1C-1853(c)(3) ask who was harmed; it asks whether "[t]he judgment, or the cause of action or claim for relief on which the judgment is based, is repugnant to the public policy of this State." The obligation the 2017 order produced is the one now enforced; the court that approved it was deceived. That the transfer cannot be reversed, Doc. 78-2 at 52, does not make enforcing its product reasonable. Knowing the reinsurance existed is not knowing DNB withheld it from a court the respondents were not before; they learned of it from the 2026 order. Lindberg Decl. ¶¶ 2–3; Doc. 81 at 11–13.

## V. Recognition would not be reasonable as a matter of law.

The petitioners' reasonableness rests on "obligations an arbitral panel found they breached," Doc. 81 at 13, and *United States v. Lindberg*. The first is a provisional measure; breach is for the tribunal, and the respondents' contract defence—that the Commitment, unlike the Covenants, does not tie stabilization to DNB—is at Lindberg Decl. ¶ 11 and Ex. G. Converting a provisional sum into a final judgment before the November hearing, when a Dutch court has found the order producing the obligation "based on fraud committed by DNB in the proceedings," Doc. 78-2 at 51, is not reasonable as a matter of law. The second is new in reply. Doc. 81 at 10–11, 13–14 & n.6; LR 7.3(h); Doc. 38 at 15.[1]

[1] The Fourth Circuit denied mandamus: the petitioners "fail[ed] to sufficiently connect the harm suffered by Conservatrix with Lindberg's criminal conduct." *In re Zetteler*, No. 26-1749, slip op. at 4–5 (4th Cir. June 15, 2026) (2–1). The prosecution agrees: unmet capitalization promises differ from "taking money through deceit and misrepresentations." *United States v. Lindberg*, No. 3:23-cr-48, ECF No. 308 at 8 n.7 (W.D.N.C. 2026). Relitigation here is improper.

Comity adds nothing. Petitioners' heading concedes the Rotterdam order is "interim equitable relief," Doc. 81 at 14, and *Cardenas* enforced a temporary asset freeze, not a final money judgment. 570 So. 2d 996.

Recognition should be denied under § 1C-1853(c); alternatively, no judgment should enter on a provisional sum before the tribunal decides whether its condition occurred.

Dated: October 9, 2026

Respectfully submitted,

*/s/ Kenneth N. Barnes*

Kenneth N. Barnes
Barnes Legal, PLLC
356 Travel Lite Dr.
Raleigh, NC 27603
919-524-1977
Email: barnesatty@aol.com

*/s/ Vivek Ramachandran*

Vivek Ramachandran
Dhamma Law, PLLC
418 Broadway, Suite N
Albany, NY 12207
202-860-4084
Email: vramachandran@dhammalaw.com
Special Appearance Counsel

*Counsel for Respondents Greg Evan Lindberg, Trier Holding B.V., Netherlands Insurance Holdings, Inc., and NIH Capital, LLC*

## CERTIFICATE OF WORD COUNT

Pursuant to the Court's Order of August 26, 2026 (Doc. 74 ¶ 5), the undersigned certifies that this sur-reply contains 1,000 words, exclusive of the caption, signature blocks, and certificates, and therefore complies with the 1,000-word limit.

Dated: October 9, 2026

*/s/ Kenneth Barnes*
Kenneth Barnes

*Counsel for Respondents*

## CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a notice of electronic filing upon all counsel of record and all parties registered to receive such notices in this case.

Dated: October 9, 2026

*/s/ Kenneth Barnes*
Kenneth Barnes

*Counsel for Respondents*