# EXHIBIT E

United States v. Lindberg, No. 3:23-cr-48 (W.D.N.C.), ECF No. 189-1 (filed June 11, 2026)

Pages 2, 4, 30, 32, 33, 238 and 239, as filed

(pages 238–239 are pages 7–8 of ECF No. 130, reproduced in the petition appendix)

**No. ___________**

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

IN RE ELEONORA L. ZETTELER, LLM AND J. ROBERT VAN FAASSEN, LLM IN THEIR CAPACITIES AS INSOLVENCY PRACTITIONERS IN THE INSOLVENCY OF NEDERLANDSCHE ALGEMEENE MAATSCHAPPIJ VAN LEVENSVERZEKERING "CONSERVATRIX" N.V.,

*Petitioners.*

On Petition for a Writ of Mandamus to the United States District Court for the Western District of North Carolina, Charlotte Division
In Case No. 3:23-CR-48, Max O. Cogburn, Jr., U.S. District Judge

# PETITION FOR WRIT OF MANDAMUS PURSUANT TO 18 U.S.C. § 3771, CRIME VICTIMS' RIGHTS

Jeffrey E. Oleynik
N.C. Bar No. 14416
joleynik@brookspierce.com
D.J. O'Brien III
N.C. Bar No. 35481
dobrien@brookspierce.com
Kate E. Giduz
N.C. Bar No. 60887
kgiduz@brookspierce.com

BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, LLP
P.O. Box 26000
Greensboro, NC 27420
Telephone: (336) 271-3182

*Counsel for Appellees*

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation? ☑YES ☐NO
If yes, identify entity and nature of interest:
Any restitution funds that Petitioners recover will be used to settle issues arising from the bankruptcy of Nederlandsche Algemeene Maatschappij van Levensverzekering "Conservatrix" N.V.

5. Is party a trade association? (amici curiae do not complete this question) ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding? ☐YES ☑NO
If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7. Is this a criminal case in which there was an organizational victim? ☑YES ☐NO
If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: /s/ Jeffrey E. Oleynik Date: 6/11/2026

Counsel for: Petitioners



Print to PDF for Filing

economic transactions among [his] web of entities using insurance company funds," App. 76 ¶ 5, track his misrepresentations and failures with respect to recapitalizing Conservatrix. Conservatrix and its policyholders should have been found victims of Defendant Lindberg's criminal conspiracy and Defendant Lindberg should have been ordered to pay them restitution.

**C. Restitution Amount**

The Insolvency Practitioners, through counsel, have previously provided to the Special Master and the Special Master's financial advisor information regarding the harm Defendant Lindberg has inflicted on Conservatrix and its policyholders. *See generally* App. 272–75. The information provided demonstrates that, as a result of the crimes that Defendant Lindberg inflicted on Conservatrix and its policyholders, Conservatrix is due € 215,356,806.

The losses Conservatrix suffered as a result of the non-performance of the Commitment total € 215,356,806.[6] After Conservatrix's

[6] Under Dutch law, Conservatrix is entitled to statutory interest on these losses. The principal claim must be increased by the statutory interest from December 8, 2020 (when the damage occurred), until the date of actual payment in full. The statutory interest rate is determined by the Dutch government. In 2020, the statutory interest rate was 2%. From

Conservatrix's assets. In that scenario, the policyholders would receive a liquidation payment. The trustees have calculated what this would mean for the position of the policyholders. Assuming that a policyholder will buy with the liquidation payment a policy comparable to that the policyholder had with Conservatrix, policyholders would be on average more than 7% and possibly up to 10%, worse off than they were after Conservatrix's takeover by the new insurer.

The amendments to the policies that occurred as a result of the takeover are as follows: (i) the claims of all policyholders have been reduced 10% and (ii) the guaranteed capital (if applicable) relating to premiums still to be paid in the future has been deleted and the right to profit sharing for the future has been deleted. The total damages resulting from the 10% reduction amount to € 59,076,145. The total losses suffered by the policyholders as a result of the deletion of the guaranteed capital relating to premiums still to be paid in the future and the right to profit sharing for the future amounts to € 40,490,552.

The € 99,566,697 in policyholder losses is distinct from the € 215,356,806 in damages to remedy the SCR shortfall. Nevertheless, based on how assets are distributed in Dutch bankruptcy, if Conservatrix

were to receive € 215,356,806 in restitution, Conservatrix's policyholders would be compensated in full.

## CONCLUSION

For these reasons, this Court should issue a writ of mandamus under 18 U.S.C. § 3771(d)(3) vacating the district court's Preliminary Restitution Order (App. 234–38) and Judgment (App. 239–46). This Court should further direct the district court to find that Conservatrix is a victim under the MVRA and issue an order providing for Conservatrix to receive € 215,356,806 in restitution for the harm Defendant Lindberg inflicted on Conservatrix and its policyholders.

In 2019, as Defendant's conspiracy began to publicly unravel, a downgrade in CBL's credit rating (following the appointment of a rehabilitator) and a change in interest rates caused Conservatrix's SCR ratio to fall significantly below the agreed minimum—triggering the Commitment. Despite a contractual obligation and repeated demands from Conservatrix and DNB, Defendant never restored Conservatrix's SCR ratio. As a result, in March 2020, Defendant and his companies incurred a penalty of € 150 million because they did not comply with a Dutch arbitral award ordering compliance with the Commitment. To date, Defendant has not paid this penalty.

Defendant directly caused the losses Conservatrix's policyholders suffered, and it was entirely foreseeable that the Conservatrix policies would lose value because of Defendant's undercapitalization of Conservatrix. Defendant's non-performance of the Commitment and his failure to pay the penalty meant that Conservatrix could not comply with its legal requirement to maintain a certain minimum SCR ratio and culminated in Conservatrix's bankruptcy in 2020. *See Van Andel*, 732 F. Supp. 3d at 480. Conservatrix estimates that the economic loss to Conservatrix policyholders exceeds $240 million.[6]

In sum, the insurance-fraud scheme described in Defendant's criminal case encompasses the conduct that directly and proximately harmed Conservatrix. Defendant's "circular, non-economic transactions among [his] web of entities using insurance company funds," Factual Basis ¶ 5, track his misrepresentations and failures with respect to recapitalizing Conservatrix.

[6] Apart from the penalty, Conservatrix is pursuing, through Dutch arbitration proceedings, recovery of the damages its policyholders have suffered due to Defendant's fraud conspiracy. The availability and pendency of these arbitration proceedings do not lessen Conservatrix's ability to recover under the MVRA. *See* 18 U.S.C. § 3664(f)(1)(B) ("In no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution.").

Conservatrix and its policyholders should be found victims of Defendant's criminal conspiracy and Defendant should be ordered to pay them restitution.

**III. Recommended Restitution Amounts**

The Insolvency Practitioners, through counsel, have previously provided to the Special Master and the Special Master's financial advisor information regarding the harm Defendant has inflicted on Conservatrix and its policyholders. The information provided demonstrates that, as a result of the crimes that Defendant inflicted on Conservatrix and its policyholders, Conservatrix is due € 215,356,806. Defendant is jointly and severally liable for these losses. Conservatrix also may be entitled to other payment from Defendant, outside of payments that represent restitution under the MVRA.

The losses Conservatrix suffered as a result of the non-performance of the Commitment total € 215,356,806.[7] After Conservatrix's bankruptcy on 8 December 2020, it became permanently impossible for Defendant and Defendant's Entities to perform their duties under the Commitment. Under Dutch law, this meant that the Commitment was converted, by law, to an obligation to pay damages on 8 December 2020. The damages are calculated as the replenishment that was needed to remedy the shortfall in the SCR on 8 December 2020. According to an actuarial calculation, the shortfall in the SCR as of 8 December 2020 was € 215,356,806 million. A replenishment of that amount was needed to bring Conservatrix's SCR ratio to 135% on 8 December 2020.

[7] Under Dutch law, Conservatrix is entitled to statutory interest on these losses. The principal claim must be increased by the statutory interest from 8 December 2020 (when the damage occurred) until the date of actual payment in full. The statutory interest rate is determined by the Dutch government. In 2020, the statutory interest rate was 2%. From 1 January 2023, the statutory interest rate was increased to 4%. On 1 July 2023, it was increased to 6%. From 1 January 2024, the statutory interest rate was increased to 7%. On 1 January 2025, it was reduced again to 6%. Since 1 January 2026, the interest rate has been 4%.