**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| J. ROBERT VAN FAASSEN, LLM and ELEONORA L. ZETTELER, LLM, in their capacity as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzekering "CONSERVATRIX" N.V.,<br><br>Petitioners,<br><br>v.<br><br>GREG EVAN LINDBERG; TRIER HOLDING B.V.; NETHERLANDS INSURANCE HOLDINGS, INC.; and NIH CAPITAL, LLC,<br><br>Respondents. | Case No. 1:23-CV-879<br><br>Chief Judge Catherine C. Eagles |

**RESPONDENTS' MOTION TO SEAL**

Respondents Greg Evan Lindberg, Trier Holding B.V., Netherlands Insurance Holdings, Inc., and NIH Capital, LLC move under LR 5.4(c) to file under seal five exhibits to the Declaration of Greg Evan Lindberg filed with their Supplemental Sur-Reply (the "Lindberg Declaration"), which is itself public. Respondents claim the confidentiality; the LR 5.4(c)(3) support—the Declaration of Greg Evan Lindberg in Support of Motion to Seal (the "Sealing Declaration")—is filed with this motion, and the LR 5.4 Checklist is filed on the public docket. No separate brief is required. LR 5.4(c)(2), (6).

## I. WHAT RESPONDENTS ASK TO SEAL

Respondents ask to seal the following, each of which is a document from, or correspondence in, a pending arbitration administered by the Netherlands Arbitration Institute, NAI Case No. 4794 (the "Arbitration"), between the petitioners, as claimants, and Respondents:

1. Exhibit B: an e-mail of September 18, 2026 from the Chair of the arbitral tribunal to the parties concerning the scheduling of the main hearing (2 pages).

2. Exhibit C: two e-mails, of September 21 and October 5, 2026, from counsel for the claimants concerning the hearing schedule (3 pages).

3. Exhibit D: the first page and the signature page of a submission Respondents made to the tribunal on February 15, 2026 (3 pages).

4. Exhibit F: ten e-mails exchanged on October 6 through 8, 2026 among Respondents, the claimants' counsel, and the tribunal concerning the disclosure of information about the Arbitration to this Court (10 pages).

5. Exhibit G: a compendium of four documents from the Arbitration: Procedural Order No. 1 of October 9, 2024; the Procedural Timetable per October 3, 2025; Procedural Order No. 2 of October 24, 2025; and Respondents' Statement of Defence and Counterclaim of September 15, 2025, without its exhibits (83 pages, including a cover and tab sheets).

Everything else is public: the Sur-Reply; the Lindberg Declaration, which describes the five exhibits in general terms and (¶ 4) states the facts the claimants agreed on October 7, 2026 could be disclosed; and Exhibits E, H, I, J, and K, which

are public court filings or the petitioners' own published report. As LR 5.4(c)(8) requires, Respondents file a public set with a placeholder for each sealed exhibit and a set under temporary seal with each sealed page marked.

## II. WHY SEALING IS NECESSARY

The Arbitration is governed by the 2015 NAI Arbitration Rules, Article 6 of which, as the tribunal has confirmed, makes the arbitration confidential and binds all persons involved to secrecy except insofar as disclosure ensues from the law or the parties' agreement. Sealing Decl. ¶¶ 3–4. Before filing, Respondents sought the consent of the tribunal and the petitioners; the petitioners consented to disclosure of four facts and objected to more, and the tribunal left the rest to Respondents, who will update the Court if it rules. *Id.* ¶ 5. The petitioners have themselves described the Arbitration in their public reports and in their filings in *United States v. Lindberg*, and their Supplemental Reply relies on the possibility that the tribunal will order "a refund or adjustment." Lindberg Decl. ¶ 5 & Ex. E at 238 n.6; *id.* Ex. I at 18 (translation, ¶ 7.4); Doc. 81 at 4, 8, 13 & 12 n.5.

Respondents placed these materials before the Court because the Supplemental Reply put the status of the Arbitration in issue—asserting that a condition had failed, that no claims are pending against the petitioners, that Respondents offered no evidence of when they learned of the matters in their Supplemental Response, and that the obligation is one "an arbitral panel found they breached." Doc. 81 at 4, 9, 13. The Court cannot evaluate those assertions without the documents, which are "necessary for determination of the matter before the

Court." LR 5.4(a)(3). Sealing honors the confidentiality obligation to the extent compatible with placing them before the Court, limits Respondents' exposure to a claim of breach, and protects a pending proceeding whose main hearing is set for November 4 and 10, 2026. Sealing Decl. ¶¶ 6–7.

The same materials are simultaneously filed, under seal and with a motion to seal, in *United States v. Lindberg*, No. 3:23-cr-48 (W.D.N.C.), where the petitioners seek €215,356,806 in restitution from Mr. Lindberg on the same claim. Conservatrix presented that claim to the Special Master and his financial advisor ex parte: the Special Master's Report records that Conservatrix "contacted the Special Master seeking to be paid from the funds administered by the Special Master in this Case," and the petitioners told that court that they "have previously provided to the Special Master and the Special Master's financial advisor information regarding the harm Defendant has inflicted on Conservatrix and its policyholders." *United States v. Lindberg*, No. 3:23-cr-48, Doc. No. 106 at 18–19 (W.D.N.C. Apr. 3, 2026); *id.*, Doc. No. 258 at 11 (July 28, 2026). Mr. Lindberg has not been given what Conservatrix provided; nothing it gave the Special Master has been filed or served; the order appointing the Special Master makes no provision for ex parte communication; and the Special Master's communications with the United States were ex parte as well. *Id.*, Doc. No. 56 ¶¶ 5, 8, 15 (Jan. 23, 2025); *id.*, Doc. No. 332 at 6, 9 (Aug. 31, 2026) (pending motion to compel: the Special Master "received and exchanged communications, ex parte, with the Government and with any other third party"; the Government's correspondence reflects "that many of the requested items were

exchanged ex parte and so did not come to the Government”). There is therefore very little record of the actual documents at issue that Respondents can cite, to this Court or to the Fourth Circuit—other than a filing Conservatrix itself initiated in the Fourth Circuit, making that court the court of first impression on its claim—and they are forced to place these documents in both cases. Lindberg Decl. ¶¶ 5, 18. Mr. Lindberg must defend against the claim in a proceeding in which he has not seen the documents on which it rests, and in this proceeding, where the petitioners bring in statements about the Arbitration, and about the criminal case, without any context—invoking the plea, the Factual Basis, and the Special Master’s appointment while omitting that the Special Master and the United States have each concluded that Conservatrix is not a person due restitution and that the Fourth Circuit denied, on the merits, Conservatrix’s petition to be declared a victim. Doc. 81 at 4, 9 n.3, 12 n.5, 13; *id.* at 10–11, 13–14; Lindberg Decl. ¶¶ 12, 18 & Ex. K. As a criminal defendant forced to choose between defending on an unseen record and placing the primary documents before the courts, under seal, so that each court has a balanced perspective, Mr. Lindberg has chosen the latter. That disclosure ensues from the law within the meaning of Article 6: it is required by his right to defend himself against a claim for criminal restitution and by his obligation to answer the petitioners’ assertions here. That is why the same documents are simultaneously filed in the Western District of North Carolina.

The materials are private procedural correspondence, the tribunal’s orders and timetable, and two of Respondents’ own submissions in a private arbitration.

The public's interest is served by the public brief, the public declaration, and the Court's order, and the public may object within fourteen days. LR 5.4(c)(5).

## III. LESS DRASTIC ALTERNATIVES

Respondents have taken the alternatives the Rule contemplates: the brief, the authenticating declaration, and Exhibits E, H, I, J, and K are public; paragraph 4 states publicly the facts the claimants agreed could be disclosed; and Exhibit G is limited to the tribunal's orders and timetable and Respondents' own principal submission, with the claimants' submissions, the expert reports, and all exhibits excluded. Redaction would not protect the exhibits, which are short and whose content, not a discrete figure or name, is what is confidential. Sealing Decl. ¶ 8.

## IV. DURATION

Respondents ask that the materials remain sealed until the tribunal in NAI Case No. 4794 renders its final award or until further order of the Court, whichever comes first, and will notify the Court within fourteen days after the award. Sealing Decl. ¶ 9.

## V. THE GOVERNING STANDARD

The public has a presumptive right of access to judicial records; before sealing, the Court must give public notice and an opportunity to object, consider less drastic alternatives, and state specific reasons and findings supporting sealing and the rejection of alternatives. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *Doe v. Public Citizen*, 749 F.3d 246, 272 (4th Cir. 2014). This public motion gives the notice; Part III addresses alternatives; Parts II and IV and the Sealing

Declaration supply the facts for the findings. The interest is specific and present: a binding confidentiality rule in a pending foreign arbitration, invoked by the petitioners themselves, with the hearing four weeks away.

## VI. THE PETITIONERS' POSITION

On October 9, 2026, the petitioners' counsel asked by e-mail that the following statement of the petitioners' position be included in this motion. It is reproduced verbatim:

> "Petitioners have not been provided the documents that Respondents plan to file under seal. However, Respondents have acknowledged that the documents are from "NAI arbitration between the parties" and the NAI Arbitration Rules make these documents confidential. Section 1, Article 6 of the 2015 NAI Rules provides: "Arbitration is confidential and all persons involved either directly or indirectly shall be bound to secrecy, except and insofar as disclosure ensues from the law or the parties' agreement." Petitioners have consented to Respondents disclosing only the parties to the NAI proceedings, the date of the merits hearing, and the arbitration claim, and the existence of the arbitration. Petitioners do not believe the proposed disclosure "ensues from law," and thus do not believe that Respondents have a basis for disclosing this information other than the information Petitioners have consented to disclosure of. Given their confidential nature, Petitioners agree that any such materials must be filed under seal."

Respondents' position on whether disclosure ensues from the law is in Part II and the Sealing Declaration; the parties agree the materials should be filed under seal.

## VII. RELATED REQUIREMENTS

No LR 5.5 Report has been filed. Respondents' counsel wrote to the petitioners' counsel on October 9, 2026 to confer, and Respondents will file the Report within ten days of this motion. LR 5.4(b)(1)(b). Only five exhibits are at

issue, so no Report was required in advance. Doc. 4 ¶ 7. Respondents do not elect under LR 5.4(c)(7) to withdraw the documents if the motion is denied.

Respondents respectfully ask the Court to grant this motion and order that Exhibits B, C, D, F, and G to the Lindberg Declaration remain under seal for the period stated in Part IV.

Dated: October 9, 2026

Respectfully submitted,

/s/ Kenneth N. Barnes
Kenneth N. Barnes
Barnes Legal, PLLC
356 Travel Lite Dr.
Raleigh, NC 27603
919-524-1977
Email: barnesatty@aol.com

/s/ Vivek Ramachandran
Vivek Ramachandran
Dhamma Law, PLLC
418 Broadway, Suite N
Albany, NY 12207
202-860-4084
Email: vramachandran@dhammalaw.com
Special Appearance Counsel

Counsel for Respondents Greg Evan Lindberg,
Trier Holding B.V., Netherlands Insurance Holdings, Inc., and NIH Capital, LLC

## CERTIFICATE OF WORD COUNT

The undersigned certifies that this motion, which contains the showing required by LR 5.4(c)(3) in lieu of a separate brief, complies with the word limit of LR 7.3(d)(1): excluding the caption, signature lines, and certificates, it contains 1,788 words, as counted by the word-count feature of the word-processing software used to prepare it.

Dated: October 9, 2026

*/s/ Kenneth Barnes*
Kenneth Barnes
*Counsel for Respondents*

## CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a notice of electronic filing upon all counsel of record and all parties registered to receive such notices in this case. Exhibits B, C, D, F, and G, filed under temporary seal, are not served through the CM/ECF system (Standing Order No. 41 ¶ 2 (M.D.N.C. Apr. 27, 2026)); they were served on counsel of record for the petitioners by electronic mail on the same date.

Dated: October 9, 2026

*/s/ Kenneth Barnes*
Kenneth Barnes

*Counsel for Respondents*