**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| J. ROBERT VAN FAASSEN, LLM and ELEONORA L. ZETTELER, LLM, in their capacity as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzekering "CONSERVATRIX" N.V.,<br><br>Petitioners,<br><br>v.<br><br>GREG EVAN LINDBERG; TRIER HOLDING B.V.; NETHERLANDS INSURANCE HOLDINGS, INC.; and NIH CAPITAL, LLC,<br><br>Respondents. | Case No. 1:23-CV-879<br><br>Chief Judge Catherine C. Eagles |

**DECLARATION OF GREG EVAN LINDBERG**

**IN SUPPORT OF RESPONDENTS' MOTION TO SEAL**

I, Greg Evan Lindberg, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct and is stated on my personal knowledge:

1. I am a Respondent in this action and the person responsible, with Gregory Nelson, for the Respondents' conduct of the arbitration described below. I submit this declaration under Local Rule 5.4(c)(3) in support of Respondents' Motion to Seal.

2. The Respondents and the petitioners, as claimants, are parties to an arbitration administered by the Netherlands Arbitration Institute, NAI Case No. 4794 (the "Arbitration"). The main hearing is scheduled for November 4 and 10, 2026.

3. The Arbitration is governed by the 2015 NAI Arbitration Rules. On October 7, 2026, the Chair of the tribunal, writing for the tribunal, stated that Article 6 of those Rules applies and that it provides that the arbitration is confidential and that all persons involved, directly or indirectly, are bound to secrecy, except and insofar as disclosure ensues from the law or the parties' agreement. That obligation binds the Respondents, the claimants, and their counsel.

4. The five exhibits for which sealing is sought are, respectively, an e-mail from the Chair of the tribunal to the parties about the scheduling of the main hearing (Exhibit B); two e-mails from the claimants' counsel about the hearing schedule (Exhibit C); the first and signature pages of a submission the Respondents made to the tribunal on February 15, 2026 (Exhibit D); and the ten e-mails exchanged among the Respondents, the claimants' counsel, and the tribunal on October 6 through 8, 2026 about the disclosure of information from the Arbitration to this Court (Exhibit F); and a compendium of the tribunal's Procedural Orders Nos. 1 and 2, the procedural timetable, and the Respondents' Statement of Defence and Counterclaim of September 15, 2025 without its exhibits (Exhibit G).

5. Before making this filing, the Respondents sought the consent of the tribunal and the claimants to the disclosure of information from the Arbitration to this Court, in the correspondence of October 6 through 8, 2026 collected in Exhibit F; until they did so, Article 6 limited the Respondents' ability to disclose details of the Arbitration to this Court. The claimants consented to disclosure of four facts (the existence of the Arbitration, the parties, the nature of the claim, and the hearing dates) and objected to more; the tribunal left the assessment of the rest to the Respondents. The Respondents will update the Court if the tribunal rules on the disclosure.

6. The Respondents concluded that disclosure to this Court, limited to what is necessary to answer the petitioners' Supplemental Reply, ensues from the law, and have made the disclosure for that purpose only. Because the claimants have asserted the confidentiality of these materials in the Arbitration, public filing would expose the Respondents to a claim of breach there. The Respondents also wish to respect the tribunal's and the parties' expectation of confidentiality while the Arbitration is pending.

7. The main hearing in the Arbitration is four weeks away. Public disclosure of the parties' procedural correspondence, the tribunal's procedural orders, and the Respondents' submissions while the Arbitration is pending would intrude on a private proceeding that both sides agreed would be confidential and could affect the conduct of the hearing.

8. The Respondents have limited the request to the five exhibits. The Supplemental Sur-Reply, my declaration in full, and Exhibits E, H, I, J, and K are public; my declaration describes the five exhibits in general terms, and its paragraph 4 states publicly the facts the claimants agreed could be disclosed. Exhibits B, C, D, and F are short, and their substance, rather than any particular name or figure, is what is confidential, so redaction within them would not protect them. Exhibit G is limited to the tribunal's orders and timetable and the Respondents' own principal submission, each of which is confidential in its entirety under the Rules; the Respondents have excluded the claimants' submissions, the expert reports, and the exhibits to their own submission.

9. The Respondents ask that the materials remain sealed until the tribunal renders its final award in the Arbitration or until the Court orders otherwise. I will cause the Court to be notified within fourteen days after the final award is rendered.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 9, 2026.

/s/ Greg Evan Lindberg
Greg Evan Lindberg

## CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a notice of electronic filing upon all counsel of record and all parties registered to receive such notices in this case.

Dated: October 9, 2026

*/s/ Vivek Ramachandran*
Vivek Ramachandran

*Counsel for Respondents*