IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| J. ROBERT VAN FAASSEN, LLM, and ELEONORA L. ZETTELER, LLM, in their capacities as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzekering "CONSERVATRIX" N.V.,<br><br>Petitioners,<br><br>v.<br><br>GREG EVAN LINDBERG; TRIER HOLDING B.V.; NETHERLANDS INSURANCE HOLDINGS, INC.; NIH CAPITAL, LLC,<br><br>Respondents. | Case No. 1:23-cv-00879 |

**SUPPLEMENTAL SUR-SUR REPLY IN SUPPORT OF PETITIONERS' MOTION TO CONFIRM DUTCH JUDGMENT**

Respondents' sur-reply ostensibly complies with its 1,000-word limit while packing the bulk of Respondents' substantive argument into a 19-page declaration premised on hundreds of pages of accompanying exhibits. In the end, the amount of ink spilt cannot obfuscate what matters:

- The NC Act squarely applies to the Dutch Judgment, as both this Court and the Fourth Circuit have held.
- It is Respondents' burden to prove that the Court nonetheless should not enforce it.
- Respondents have not carried that burden.

## ARGUMENT

### I. The Dutch Judgment's finality and enforceability are settled.

Respondents do not answer the most fundamental of Petitioners' points: this Court and the Fourth Circuit have foreclosed Respondents' renewed bid to challenge whether the Dutch Judgment falls within the NC Act. Quite the opposite—they continue to hang their hats on the Dutch Judgment being "provisional." But as Petitioners already explained, this is but a re-couching of rejected claims that the NC Act does not cover the Dutch Judgment.

Respondents' sur-reply makes that readily apparent. The NC Act "applies to a foreign-country judgment to the extent that the judgment: (1) [g]rants or denies recovery of a sum of money; and (2) [u]nder the law of the foreign country where rendered, is final, conclusive, and enforceable." N.C. Gen. Stat. § 1C-1852(a). Respondents urge that the Dutch Judgment supposedly is not a judgment that "grants a sum of money," ECF 82 at 2 (citing N.C. Gen. Stat. § 1C-1852(a)), and is not final, conclusive, and enforceable, because "the award was provisional, 'grounded on a prima facie basis.'" *Id.* (quoting ECF 1-2 at 25).

Not only were these spins on the "NC Act is inapplicable" argument available to Respondents when they initially opposed the Motion to Enforce, but they also were put to bed definitively by the Fourth Circuit:

> *"The district court correctly concluded that the judgment of the Court of Rotterdam is a foreign-country judgment subject to recognition under the Act." van Faassen v. Lindberg*, 181 F.4th 480, 487 (4th Cir. 2026).

> *"The Dutch court issued an order that 'grants leave for the enforcement of the attached arbitral award,' which required Respondents to pay a sum of money[.]" Id.*
>
> *"The Court of Appeal of the Hague and the Supreme Court of the Netherlands affirmed, rejecting Respondents' effort to nullify the award. The Dutch court order confirming the arbitral award is therefore 'final, conclusive, and enforceable.'" Id.* (quoting N.C. Gen. Stat. § 1C-1852(a)(2)).

The scheduled merits hearing does not make recognition premature. This Court previously rejected a stay based on possible further arbitration or adjustment, explaining that a future proceeding may alter the parties' rights without making the existing award nonbinding. ECF 38 at 8, 14; ECF 52 at 6–7. A later merits determination may award Conservatrix additional relief; it would not vacate the Dutch Judgment, suspend enforcement, or establish a statutory defense. Respondents' repayment-risk and insolvency assertions are not findings that the Dutch Judgment is unenforceable, ECF 82 at 2, and the arbitral Tribunal already rejected these arguments. ECF 24-2 at 26. Further, this Court found Respondents still had not complied even after the highest court in the Netherlands declined to set aside the Dutch Judgment. ECF 52 at 2. Recognition should not be withheld to await a different proceeding that may result in additional relief but cannot impact the Dutch Judgment's enforceability.[1] At bottom, a dispute about the amount presently payable does not establish that the Dutch Judgment itself is not final, conclusive, and enforceable.

---

[1] Respondents' brief invokes Lindberg's "€348 million Florida action against petitioners," ECF 82 at 2, but omits that—before Respondents filed their sur-reply—the Florida court already had dismissed that action. *See* **Exhibit A.** Similarly, Respondents' brief implies that the arbitration merits proceedings "could make Conservatrix liable to the

## II. The fraud finding does not make the Dutch Judgment unenforceable.

The Amsterdam Order is a red herring. Respondents do not dispute that Respondents and Petitioners were not parties to that proceeding; that any fraud stemmed not from Petitioners but from De Nederlandsche Bank (DNB), Conservatrix's regulator; or that the court nonetheless declined to revoke the 2017 Order.

And while Respondents claim that the 2017 Order requiring transfer of Conservatrix's shares to a Lindberg-owned company (Trier) did not benefit Respondents, they do not dispute that the 2017 Order resulted in Trier acquiring Conservatrix's shares, or that another of Lindberg's companies (CBL) stood on the other side of the reinsurance agreement.

The Amsterdam Order does not find that the Award or the Dutch Judgment enforcing it were procured by fraud; it addresses DNB's concealment of the *Lindberg-arranged* reinsurance agreement in transferring Conservatrix's shares to Trier. Nor, more importantly, does the Amsterdam Order find that Respondents' capitalization commitment itself is repugnant. Respondents' assertion that the 2017 Order "produced" Respondents' recapitalization obligation does not make the later Dutch Judgment a product of fraud; the Dutch Judgment simply enforces Respondents' commitment to maintain Conservatrix's required solvency capital ratio. The Amsterdam Order does not itself decide the contractual

---

respondents," *id.*, while Lindberg's declaration concedes that "Respondents' counterclaim in the Arbitration was withdrawn." ECF 82-1 ¶ 4.

obligation or establish that the claim underlying the Dutch Judgment is repugnant to North Carolina or federal public policy.

*        *        *

Boiled down, Respondents do not like the Netherlands' chosen system for issuing, reviewing, and affirming arbitral awards, nor the North Carolina General Assembly's chosen framework for recognizing and enforcing them. Those misgivings supply no grounds for refusing to enforce the Dutch Judgment.

## CONCLUSION

For the reasons above, and in Petitioners' Memorandum in Support of Motion to Confirm, ECF 43, Reply in Support of Motion to Confirm, ECF 51, and Supplemental Reply to Motion to Confirm, ECF 81, Petitioners request an order granting their Motion to Confirm, ECF 42, by recognizing and enforcing the Dutch Judgment under N.C. Gen. Stat. § 1C-1853 *et seq.* or under principles of comity and entering judgment thereon.

[*Signature Block on Following Page*]

Respectfully submitted, this the 12th day of October, 2026.


/s/ Greg Gaught
Jeffrey E. Oleynik (N.C. Bar No. 14416)
Brooks, Pierce, McLendon,
Humphrey & Leonard, LLP
2000 Renaissance Plaza
230 N. Elm Street
Greensboro, NC 27401
Tel: (336) 271-3182
Fax: (336) 232-9182
joleynik@brookspierce.com

Greg Gaught (N.C. Bar No. 57616)
Kate E. Giduz (N.C. Bar No. 60887)
Brooks, Pierce, McLendon,
Humphrey & Leonard, LLP
150 Fayetteville Street
1700 Wells Fargo Capitol Center
Raleigh, NC 27601
Tel: (919) 882-2528
Fax: (336) 232-9108
ggaught@brookspierce.com
kgiduz@brookspierce.com

*Counsel for Petitioners*


## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing document complies with the word count limits established in Local Civil Rule 7.3(d) and this Court's August 26, 2026 Order Authorizing Limited Supplemental Briefing, *see* ECF 74.


/s/ Greg Gaught
Greg Gaught
*Counsel for Petitioners*

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon counsel of record through the Court's Case Management and Electronic Case Filing System.

This the 12th day of October, 2026.

*/s/* Greg Gaught
Greg Gaught
*Counsel for Petitioners*