IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| J. ROBERT VAN FAASSEN, LLM, and ELEONORA L. ZETTELER, LLM, in their capacities as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzekering "CONSERVATRIX" N.V.,<br><br>Petitioners,<br><br>v.<br><br>GREG EVAN LINDBERG; TRIER HOLDING B.V.; NETHERLANDS INSURANCE HOLDINGS, INC.; NIH CAPITAL, LLC,<br><br>Respondents. | Case No. 1:23-cv-00879 |

**RESPONSE TO RESPONDENTS' MOTION TO SEAL**

As indicated in Respondents' Motion to Seal, Petitioners disagree that Respondents can permissibly disclose in this action documents and communications from the NAI arbitration proceedings. ECF No. 83 at 7. But Respondents having done so, Petitioners agree that the materials Respondents seek to seal should indeed be sealed. ECF No. 83 at 7. Petitioners file this Response because Respondents' requested duration for sealing is inadequate. Respondents request that the materials remain sealed until the arbitration tribunal "renders its final award." *Id.* at 6. Because such temporary sealing conflicts with the rules governing the confidentiality of the arbitration proceedings, Petitioners request that the documents be sealed permanently.

## ARGUMENT

Each of the materials Respondents seek to seal "is a document from, or correspondence in, a pending arbitration by the Netherlands Arbitration Institute, NAI Case No. 4794 . . . between the Petitioners, as claimants, and Respondents." ECF No. 83 at 2. The 2015 Netherlands Arbitration Institute ("NAI") Rules, under which the Parties are arbitrating, closely guard the proceedings' confidentiality. Those Rules thus strictly limit disclosure of information concerning the arbitration. The NAI Rules mandate that "[a]rbitration is confidential and all persons involved either directly or indirectly shall be bound to secrecy, except and insofar as disclosure ensues from the law or the parties' agreement." Netherlands Arbitration Institute, *Arbitration Rules*, § 1, Art. 6 (2015).[1] Respondents acknowledge that this Rule—and its accompanying duties—bind them here. ECF No. 83-1 ¶ 3.

Before Respondents submitted their filing, Petitioners agreed that Respondents could disclose specific, limited information concerning the arbitration proceedings. Specifically, Petitioners agreed to Respondents disclosing four pieces of information concerning the arbitration proceedings: (1) the parties to those proceedings, (2) the date of the merits hearing, (3) the arbitration claim, and (4) the existence of the arbitration. *See* ECF No. 83 at 7. Those agreed-to disclosures are the only ones the NAI Rules permitted

---

[1] Available at https://nai.nl/wp-content/uploads/2023/09/20230828-NAI-Arbitration-Rules-and-Explanation-1.pdf.

Respondents to make, and Respondents were only allowed to disclose them by virtue of the parties' agreement.

Respondents nonetheless unilaterally decided that their disclosure of additional information "ensues from the law." *See* ECF No. 83-1 ¶ 6. They contend that is so because disclosing that confidential information "is required by [Lindberg's] right to defend himself against a claim for criminal restitution and by his obligation to answer the petitioners' assertions here." ECF No. 83 at 5; ECF No. 83-1 ¶ 6. Respondents, however, cite no court order, decree, subpoena, rule, statute, substantive law, or procedural regulation that compels or legally mandates that they disclose this information. Respondents thus do not have a basis for disclosing any information beyond what Petitioners consented to.

Accordingly, Respondents' request that the Court seal these materials only until the arbitration tribunal "renders its final award" is insufficient. ECF No. 83 at 6. Respondents cite no authority that NAI Rules provide an exception for release of confidential arbitration materials after an award has been rendered. Because the NAI Rules require confidentiality and make no exception for post-award disclosure, Petitioners request that the documents filed at ECF 84 be permanently sealed.

## CONCLUSION

For the reasons above, Petitioners request that the documents filed at ECF 84 be permanently sealed.

Respectfully submitted, this the 23rd day of October, 2026.

/s/ Kate E. Giduz
Jeffrey E. Oleynik (N.C. Bar No. 14416)
Brooks, Pierce, McLendon,
Humphrey & Leonard, LLP
2000 Renaissance Plaza
230 N. Elm Street
Greensboro, NC 27401
Tel: (336) 271-3182
Fax: (336) 232-9182
joleynik@brookspierce.com

Greg Gaught (N.C. Bar No. 57616)
Kate E. Giduz (N.C. Bar No. 60887)
Brooks, Pierce, McLendon,
Humphrey & Leonard, LLP
150 Fayetteville Street
1700 Wells Fargo Capitol Center
Raleigh, NC 27601
Tel: (919) 882-2528
Fax: (336) 232-9108
ggaught@brookspierce.com
kgiduz@brookspierce.com

*Counsel for Petitioners*

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing document complies with the word count limits established in Local Civil Rule 7.3(d).

/s/ Kate E. Giduz
Kate E. Giduz
*Counsel for Petitioners*

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon counsel of record through the Court's Case Management and Electronic Case Filing System.

This the 23rd day of October, 2026.

*/s/* Kate E. Giduz
Kate E. Giduz
*Counsel for Petitioners*