**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| J. ROBERT VAN FAASSEN, LLM and ELEONORA L. ZETTELER, LLM, in their capacity as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzekering "CONSERVATRIX" N.V., | |
| Petitioners, | Case No. 1:23-CV-879 |
| v. | Chief Judge Catherine C. Eagles |
| GREG EVAN LINDBERG; TRIER HOLDING B.V.; NETHERLANDS INSURANCE HOLDINGS, INC.; and NIH CAPITAL, LLC, | |
| Respondents. | |

# RESPONDENTS' REPLY IN SUPPORT OF MOTION TO SEAL (DOC. 83), RESPONSE TO PETITIONERS' RESPONSE (DOC. 90), AND UPDATE ON CORRESPONDING PROCEEDINGS IN THE WESTERN DISTRICT OF NORTH CAROLINA

**(WITH EXHIBITS L (UNDER TEMPORARY SEAL) AND M)**

Respondents Greg Evan Lindberg, Trier Holding B.V., Netherlands Insurance Holdings, Inc., and NIH Capital, LLC reply in support of their Motion to Seal (Doc. 83), respond to Petitioners' Response (Doc. 90), and update the Court on the corresponding proceedings in *United States v. Lindberg*, No. 3:23-cr-48 (W.D.N.C.), where Petitioners have taken the same positions. Petitioners agree that the

arbitration materials "should indeed be sealed." Doc. 90 at 1. They raise two points: that Respondents identified no law under which disclosure "ensues from the law," id. at 3, and that the seal should be permanent rather than until the final award, id. at 1, 3. The first point is answered by the burden. As Respondents have noted, Doc. 78 at 14; Doc. 82 at 1–2, on the motion to confirm the burden is Petitioners' alone. *van Faassen v. Lindberg*, 181 F.4th 480, 487 (4th Cir. 2026). Petitioners' supplemental reply shifted it to Respondents improperly and asserted that no evidence exists. Doc. 81 at 1, 4, 9 n.3. The burden does not shift to Respondents. A party that bears the burden cannot move it to the other side by asserting that the other side has no evidence; the burden of proving that the Act applies, and the extent of the sum it reaches, was Petitioners' before their supplemental reply and remains Petitioners' after it, and Respondents assume no part of it by answering. Their Response to the Motion to Seal shifts it again, asking Respondents to prove that the law permits them to answer. Doc. 90 at 3. The arbitration materials were filed, under seal, in response to Petitioners' assertion; a party that puts the absence of evidence at issue cannot invoke a confidentiality rule to keep the evidence out. Respondents answer both points below and file as Exhibit L, under temporary seal, the Response filed today in *United States v. Lindberg*, No. 3:23-cr-48 (W.D.N.C.), with its sealed exhibits, which answers the same two points in the court where Petitioners' claim for criminal restitution is pending.

## I. DISCLOSURE ENSUES FROM THE LAW

Petitioners have placed the same loss before two courts. In the Western District they seek €215,356,806 in criminal restitution under the Mandatory Victims Restitution Act, No. 3:23-cr-48, Doc. 189-1 at 33; Doc. 258 at 11–12; here they ask this Court to confirm the Dutch judgment enforcing an award arising from the same Recapitalization Commitment. Doc. 42. Restitution under the Act "is plainly criminal punishment." *Ellingburg v. United States*, 607 U.S. 163, 166 (2026). The Act places the burden of proving loss on the Government, 18 U.S.C. § 3664(e), requires disclosure of the restitution record "to both the defendant and the attorney for the Government," id. § 3664(b), authorizes the court to "require additional documentation," id. § 3664(d)(4), and reduces any restitution paid by any amount later recovered "for the same loss" in a civil proceeding, id. § 3664(j)(2). A claimant who invokes that statute cannot, by invoking the confidentiality rule of the arbitration in which it is trying the same claim, keep the evidence of that claim from the sentencing court or from the defendant. That is the law under which disclosure ensues, and it is why the materials were filed under seal rather than publicly, in both courts. Exhibit L, Part I.

The same is true here. On the motion to confirm, "[t]he party seeking recognition of the judgment bears the burden of proving that the Act applies." *van Faassen v. Lindberg*, 181 F.4th 480, 487 (4th Cir. 2026). Petitioners' supplemental reply nonetheless frames the question as whether "Respondents have . . . carried their burden," Doc. 81 at 1, 5–9; asserts as fact that "Trier Holding B.V. ('Trier') did not restore Conservatrix's solvency capital ratio ('SCR')," id. at 4; and represents that "Respondents have presented no evidence—nor does any such evidence exist—of

pending claims against Conservatrix or the existence of any proceedings that could result in Conservatrix's obligation to pay Respondents," id. at 9 n.3. Having shifted the burden onto Respondents improperly, Petitioners cannot object that Respondents answered with evidence; the burden still belongs to Petitioners. Respondents did so under seal, and only to the extent necessary to answer. Doc. 82; Doc. 86 ¶¶ 4, 11, 19. Exhibit L supplements that answer with the developments of October 17 and 26, 2026 in the arbitration, including the Tribunal's Procedural Order No. 6 of October 26, 2026, which holds that Conservatrix's own Board statement of stabilization at the end of 2018 and Conservatrix's rejection of the June 2020 funding proposal are already in the arbitration record through Petitioners' own exhibits and pleadings—matters that go directly to whether any further contribution to the SCR was required under paragraph 1.2(b) of the Recapitalization Commitment, Doc. 1-3 at 18. Exhibit L, Parts II–III (sealed version). The claims Petitioners describe as non-existent are the counterclaim pleaded in Respondents' Statement of Defence and Counterclaim of September 15, 2025, already before the Court under seal, Doc. 84, Exhibit G, and the action Mr. Lindberg refiled on October 28, 2026 against Petitioners, in their capacities as insolvency practitioners of Conservatrix, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, for negligence in the administration of the estate, alleging damages exceeding €348 million. *Lindberg v. Zetteler*, Filing No. 260185286 (Fla. 11th Cir. Ct. filed Oct. 28, 2026) (Exhibit M, public) ¶¶ 37, 41. Petitioners' statement that no such proceeding exists was made

three weeks before the action was refiled; it is no longer accurate, and the question whether any obligation runs from Conservatrix to Respondents is now before a court.

## II. DURATION

Respondents have no objection to the Court sealing Exhibits B, C, D, F, and G (Doc. 84) and Exhibit L for whatever period the Court finds appropriate, including without a fixed termination date, subject to the Court's continuing authority to unseal on its own motion or on motion of any person for cause, and subject to the findings LR 5.4(c) and the Fourth Circuit require. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *Doe v. Public Citizen*, 749 F.3d 246, 272 (4th Cir. 2014). A seal "until further order of the Court," with the parties free to move at that time, preserves the question of what the public interest in the materials will be after the arbitration ends. Respondents have asked for the same duration in the Western District, where Petitioners have taken the same position. No. 3:23-cr-48, Doc. 372 at 1, 3.

## III. EXHIBIT L

Exhibit L is Defendant Lindberg's Response of October 30, 2026 in No. 3:23-cr-48 (unredacted version) with its Exhibits S-10 through S-12: the application of October 17, 2026 to the Tribunal in NAI Case No. 4794 for leave to submit five documents; the five documents; and Procedural Order No. 6. The public version of the Response is Exhibit L-1 and is filed publicly. Exhibit L is authenticated by the Supplemental Declaration of Greg Evan Lindberg filed with this Reply, which also supplies the LR 5.4(c)(3) support for sealing it. The grounds for sealing Exhibit L are those stated in the Motion to Seal (Doc. 83) and its supporting declaration (Doc. 83-

1), which apply equally to it, and Petitioners have asked that all such materials be sealed. Doc. 90 at 3. Respondents ask, by separate motion filed today, that Exhibit L be sealed on the same terms as Doc. 84. Exhibit L is filed under temporary seal pursuant to LR 5.4(c), with a public placeholder, pending the Court's ruling. Exhibit M, the Florida complaint and summons, is a public court record and is filed publicly.

Respondents respectfully ask the Court to grant the Motion to Seal (Doc. 83), order that Doc. 84 and Exhibit L remain under seal until further order of the Court.

Dated: October 30, 2026

Respectfully submitted,

/s/ Kenneth N. Barnes
Kenneth N. Barnes
Barnes Legal, PLLC
356 Travel Lite Dr.
Raleigh, NC 27603
919-524-1977
Email: barnesatty@aol.com

/s/ Vivek Ramachandran
Vivek Ramachandran
Dhamma Law, PLLC
418 Broadway, Suite N
Albany, NY 12207
202-860-4084
Email: vramachandran@dhammalaw.com
Special Appearance Counsel

Counsel for Respondents Greg Evan Lindberg,
Trier Holding B.V., Netherlands Insurance Holdings, Inc., and NIH Capital, LLC

## CERTIFICATE OF WORD COUNT

The undersigned certifies that this reply, which contains fewer than 3,125 words exclusive of the caption, signature block, and certificates, complies with LR 7.3(d)(1).

Dated: October 30, 2026

/s/ Kenneth Barnes
Kenneth Barnes
Counsel for Respondents

## CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a notice of electronic filing upon all counsel of record and all parties registered to receive such notices in this case. Exhibit L, filed under temporary seal, is not served through the CM/ECF system (Standing Order No. 41 ¶ 2 (M.D.N.C. Apr. 27, 2026)); it was served on counsel of record for the petitioners by electronic mail on the same date.

Dated: October 30, 2026

/s/ Kenneth Barnes
Kenneth Barnes
Counsel for Respondents