**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

J. Robert van Faassen, LLM, and Eleonora L. Zetteler, LLM, in their capacities as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzekering "Conservatrix" N.V., Petitioners,

v.

Greg Evan Lindberg; Trier Holding B.V.; Netherlands Insurance Holdings, Inc.; NIH Capital, LLC, Respondents.

Case No. 1:23-cv-00879-CCE-JEP

**EXHIBIT L-1**

Defendant Greg E. Lindberg's Response to Conservatrix's Response (Doc. No. 372), Reply in Support of His Motion to Seal (Doc. No. 364), and Supplemental Notice of Developments Concerning Conservatrix N.V. — PUBLIC VERSION — filed October 30, 2026 in United States v. Lindberg, No. 3:23-cr-48 (W.D.N.C.)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GREG E. LINDBERG,<br>Defendant. | Case No. 3:23-CR-48-MOC<br>Judge Max O. Cogburn, Jr. |

**DEFENDANT GREG E. LINDBERG'S RESPONSE TO CONSERVATRIX'S RESPONSE (DOC. NO. 372), REPLY IN SUPPORT OF HIS MOTION TO SEAL (DOC. NO. 364), AND SUPPLEMENTAL NOTICE OF DEVELOPMENTS CONCERNING CONSERVATRIX N.V. (PUBLIC VERSION — EXHIBITS AND UNREDACTED VERSION FILED UNDER SEAL)**

Defendant Greg E. Lindberg respectfully submits this Response to the Response of Eleonora L. Zetteler and J. Robert van Faassen, insolvency practitioners of Conservatrix N.V. (the "Trustees"), to his Motion to Seal Exhibits S-1 through S-9 (Doc. No. 372), in reply in support of that Motion (Doc. No. 364), and as a supplemental notice to his Notice of Developments Concerning Conservatrix N.V. (Doc. No. 362). The Trustees agree that the arbitration materials should be sealed. Doc. No. 372 at 1. They say, however, that the arbitration "is unrelated to the restitution they seek," id. at 2, and that Defendant has identified no law under which disclosure to this Court may be made, id. at 3. Both points are answered below, and Defendant places on the record, under seal and consistent with the Trustees' own position, the further arbitration papers of October 17 and 26, 2026, which establish that no claim is owed to Conservatrix, and gives notice of the action he has refiled against the Trustees in Florida.

## I. The Legal Reason the Arbitration Papers Are Filed Here.

The Trustees say that Defendant "cites no court order, decree, subpoena, rule, statute" under which disclosure to this Court "ensues from the law." Doc. No. 372 at 3. The statute is the Mandatory Victims Restitution Act, and the Trustees invoked it. They petitioned the Fourth Circuit under 18 U.S.C. § 3771(d)(3) for an order "providing for Conservatrix to receive € 215,356,806 in restitution," Doc. No. 189-1 at 33, and they continue to ask that they be included in the final order of restitution. Doc. No. 258 at 11–12. Restitution under the Act "is plainly criminal punishment." *Ellingburg v. United States*, 607 U.S. 163, 166 (2026). The Act places on the Government the burden of demonstrating "the amount of the loss sustained by a victim as a result of the offense," 18 U.S.C. § 3664(e); it requires "a complete accounting of the losses to each victim," id. § 3664(a); it contemplates that the victim will "submit information . . . concerning the amount of the victim's losses" and may file "a separate affidavit relating to the amount of the victim's losses," id. § 3664(d)(2)(A)(iii), (vi); it authorizes the court to "require additional documentation or hear testimony," id. § 3664(d)(4); it requires disclosure of the report "to both the defendant and the attorney for the Government," id. § 3664(b); and it commits the determination to this Court de novo. Id. § 3664(d)(6).

The Trustees have presented their claim in this Court without presenting the evidence for it. They "contacted the Special Master seeking to be paid from the funds administered by the Special Master in this Case," Doc. No. 106 at 18–19, 32; they "have previously provided to the Special Master and the Special Master's financial

advisor information regarding the harm Defendant has inflicted on Conservatrix and its policyholders," Doc. No. 258 at 11; and the Special Master's fee applications record 74 entries and 85.1 hours that refer to Conservatrix or its counsel, none of the underlying documents or work product from which has been shared with defense counsel. Doc. No. 365 at 1–2. Having placed their claim before the Court through the Special Master, and now asking that the arbitration record that answers it be kept from the Court, the Trustees have improperly shifted onto Defendant the burden the Act places on the Government. Having shifted the burden onto Defendant improperly, the burden still belongs to the Government, and Defendant does not assume it; but the documents establish that no claim is owed, and Defendant files them so that the Court has the proof. A defendant facing criminal punishment is entitled to place before the sentencing court the evidence that the loss claimed against him was not caused by his offense, and the Act's disclosure, documentation, and de novo provisions exist so that he may. Disclosure to this Court, under seal, of the record of the Trustees' claim therefore ensues from the law the Trustees themselves invoked. That is why the materials are filed under seal rather than publicly, and why the Trustees' agreement that they be sealed resolves the only question the Trustees raise.

The Government's own position confirms the point. In its Consolidated Position filed after the August 10, 2026 hearing, the Government stated that Conservatrix "is not a party due restitution," yet in the same entry stated that Conservatrix "appears to have been harmed by Defendant's conduct," Doc. No. 308 at 7–8, and, in a footnote, that Conservatrix's claim for "non-performance of the Commitment"—"[n]ot

providing capitalization or profit as promised"—"may be actionable in other fora." Id. at 8 n.7. The Government does not identify the basis for either statement, and neither is in the record of this case. What the record does show is that the Trustees provided their information about "the harm Defendant has inflicted" to the Special Master and his financial advisor, not to the Court or to Defendant, Doc. No. 258 at 11; that the Special Master's team billed 85.1 hours on Conservatrix, none of it shared with the defense, Doc. No. 365 at 1–2; and that the Special Master and the Government were in communication throughout the eighteen months in which the restitution record was built. Doc. No. 356 at 45. A statement by the Government that a claimant "appears to have been harmed," and that its contract claim "may be actionable," resting on nothing in the record, is the product of that process. The documents filed with this Response answer it: the Commitment required no further capitalization once Conservatrix was stabilized unless a viable business case existed, and Conservatrix itself said there was none. Part III below.

The effect of those communications on Defendant is measured in the Trustees' own figure: €215,356,806. That claim remains in this restitution proceeding because the Government has told the Court that Conservatrix "appears to have been harmed" and that its claim "may be actionable," Doc. No. 308 at 7–8 & n.7, and because the Special Master, after 85.1 hours of work on Conservatrix that the defense has never seen, has kept the claim before the Court. Doc. No. 365 at 1–2. AUSA Dan Ryan has had the benefit of those communications; Defendant has not. And Conservatrix is one counterparty among many. The Special Master's fee applications record 70 entries

and 74.8 hours concerning Vista, 762 further entries and up to 569.8 hours concerning other third parties, and more than 150 contacts between the Special Master's team and the Government before sentencing—none of it disclosed to the defense. Doc. No. 365 at 3, 9, 11. The harm to Defendant is multiplied accordingly: every claim in the restitution record was shaped by communications he could not see, and Conservatrix is simply the one for which the answering documents have now surfaced. What the Conservatrix communications contain is, on the Government's own account, information bearing on whether Conservatrix was harmed by Defendant's offense at all—the question on which the documents filed with this Response are dispositive. Withholding them keeps that evidence from surfacing in the one proceeding where it decides whether a criminal penalty of €215 million is imposed. Evidence favorable to the accused that is material to punishment must be disclosed. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). An attorney for the Government is bound by the rules of professional conduct of the State in which he practices, 28 U.S.C. § 530B(a), and those rules require a prosecutor, "in connection with sentencing, [to] disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal." N.C. R. Prof'l Conduct 3.8(d). No protective order relieves the Government here. Each day the Government withholds the content of its communications with the Special Master about Conservatrix, while repeating to the Court a view of Conservatrix's harm that has no basis in the record, is a day on which that obligation goes unmet. Defendant renews his request that the Government

produce every communication with the Special Master and the Trustees concerning Conservatrix. Doc. Nos. 331, 332, 356, 368. The Government has asked the Court to "put appropriate limits on any future filings" by Defendant. Doc. No. 367 at 5. So that the Government's ex parte communications, and the harm they have done, are not further exposed?

Nor is the arbitration "unrelated." The provision the Trustees cite, 18 U.S.C. § 3664(f)(1)(B), says only that a victim's receipt of compensation from insurance or another source does not reduce the amount of restitution ordered; it says nothing about relevance. The Act elsewhere provides that "[a]ny amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim" in a civil proceeding. Id. § 3664(j)(2). The claim the Trustees present here—€215,356,806 for "the non-performance of the Commitment," measured by "the shortfall in the SCR as of December 8, 2020," Doc. No. 189-1 at 30–31; Doc. No. 258 at 11–12—is the claim being tried in the arbitration, as the Trustees told the Fourth Circuit: "[a]part from the penalty, Conservatrix is pursuing, through Dutch arbitration proceedings, recovery of the damages its policyholders have suffered." Doc. No. 189-1 at 238 n.6. The same loss, claimed in two forums, is not "unrelated."

## II. What Has Happened in the Arbitration Since October 9, 2026.

On October 16, 2026, the Tribunal fixed the evidentiary hearing for November 4 and 10, 2026. On October 17, 2026, Defendant, for himself and the other Respondents, applied under Procedural Order No. 5 for leave to submit five

documents and submitted them subject to that leave (Exhibit S-10; the documents are Exhibit S-11). None of the five was available to Defendant when the ordinary deadlines in the arbitration ran. Exhibit S-10 ¶ 4. The Trustees objected on October 22, 2026 on the ground of lateness. On October 26, 2026, the Tribunal issued Procedural Order No. 6 (Exhibit S-12), which admitted one of the five documents, held that the substance of two others was already in the arbitration record through the Trustees' own exhibits and pleadings, confirmed that the remaining two were already in the record, and declined to enter the restraining order the Trustees had sought. The hearing proceeds on November 4 and 10, 2026. The unredacted version of this Response, filed under seal, sets out the contents of these materials.

## III. The Documents Establish That No Claim Is Owed.

The Recapitalization Commitment provides that "[a]s soon as the Company is stabilized," any further capitalization "shall be based on a viable business case for the Company." Doc. No. 362, Exhibit 10 at 18 (¶ 1.2(b)). The sealed materials consist of Conservatrix's own contemporaneous records and the Tribunal's findings about what is already in the arbitration record. They show, in Conservatrix's own words and without dispute from the Trustees as to their authenticity or content, that Conservatrix was stabilized by the end of 2018 and that no viable business case for further investment existed in 2020. The condition in paragraph 1.2(b) was therefore never met, and the "shortfall" on which the €215,356,806 claim rests was not caused by any act of Defendant, and not by the offense of conviction. The detail is set out in Part III of the unredacted version filed under seal.

*The Trustees' own exposure.* On October 28, 2026, Defendant refiled his action against the Trustees, in their capacities as insolvency practitioners of Conservatrix, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. *Lindberg v. Zetteler*, Filing No. 260185286 (Fla. 11th Cir. Ct. filed Oct. 28, 2026) (Exhibit 13, public). The complaint alleges negligence in the administration of the Conservatrix estate—the termination of the CBL reinsurance arrangement, the transfer of the insurance portfolio to Chesnara without a reasonable investigation of value, the failure to pursue the estate's claim against De Nederlandsche Bank after the Amsterdam fraud judgment, and the pursuit of claims against Defendant without accounting for that information—and alleges damages exceeding €348 million. Exhibit 13 ¶¶ 37, 41. Three weeks before the action was refiled, the Trustees told the Middle District that "Respondents have presented no evidence—nor does any such evidence exist—of pending claims against Conservatrix or the existence of any proceedings that could result in Conservatrix's obligation to pay Respondents." *van Faassen v. Lindberg*, No. 1:23-cv-879, Doc. 81 at 9 n.3 (M.D.N.C. Oct. 5, 2026). Such a proceeding is now pending.

Defendant does not ask the Court to rule on anything by this Response beyond the motions to seal. He places the documents and the correspondence on the record so that the record on Conservatrix's claim consists of the primary materials, which both sides and the Court can see, and so that the Trustees' positions in the two forums are before the Court together. Defendant reserves the de novo determination of

causation, offsets, and credits, and all objections stated in his pending motions. Doc. Nos. 281, 331, 332, 347, 356, 368, 369.

## IV. The Unredacted Response and Exhibits S-10 Through S-12 Are Filed Under Seal.

Exhibits S-10 through S-12 to this Response—the application of October 17, 2026 (S-10), Documents 1 through 5 (S-11), and Procedural Order No. 6 (S-12)—and the unredacted version of this Response are filed through the Court's sealed-document event and are not viewable on the public docket. Defendant moves to seal them by separate motion filed with this Response, under LCrR 49.1.1(a) and LCvR 6.1(c).

## V. Duration of the Seal.

Defendant asked that the Arbitration Exhibits remain sealed until the Tribunal in NAI Case No. 4794 renders its final award or until further order of the Court. Doc. No. 364 at Part III. The Trustees ask that they be sealed permanently. Doc. No. 372 at 3. Defendant has no objection to the Court sealing the Arbitration Exhibits—and the exhibits to this Response—for whatever period the Court finds appropriate, including without a fixed termination date, subject to the Court's continuing authority to unseal on its own motion or on motion of any person for cause. The Court must in any event make the findings and consider the alternatives the Fourth Circuit requires before sealing. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988); *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). A seal "until further order of the Court," with the parties free to move at that time, preserves the question

of what the public interest in the materials will be after the arbitration ends. A revised proposed order so providing is submitted with the motion to seal filed with this Response.

## CONCLUSION

Defendant respectfully requests that the Court grant the Motion to Seal (Doc. No. 364) and the motion to seal filed with this Response, seal Exhibits S-1 through S-9 (Doc. No. 363), the unredacted version of this Response, and Exhibits S-10 through S-12 until further order of the Court, and enter the revised proposed order submitted with the motion to seal.

**PUBLIC EXHIBIT TO THIS RESPONSE**

Exhibit 13 — Complaint and Summons, *Lindberg v. Zetteler*, Filing No. 260185286 (Fla. 11th Cir. Ct., Miami-Dade County, e-filed October 28, 2026) (13 pages).

**INDEX OF SEALED EXHIBITS TO THIS RESPONSE**

Exhibit S-10 — NAI Case No. 4794: Respondents' Application for Leave under Procedural Order No. 5 and Supplemental Submission of Documents (October 17, 2026) (5 pages).

Exhibit S-11 — NAI Case No. 4794: Documents 1 through 5 to the Application of October 17, 2026 (60 pages).

Exhibit S-12 — NAI Case No. 4794: Procedural Order No. 6 (October 26, 2026), with Addendum (11 pages).

Dated: October 30, 2026

Respectfully submitted,

*/s/ Kenneth N. Barnes*
*Kenneth N. Barnes*
*Barnes Legal, PLLC*
*356 Travel Lite Dr.*
*Raleigh, NC 27603*
*919-524-1977*
*Email: barnesatty@aol.com*

*Vivek Ramachandran*
*Dhamma Law, PLLC*
*202-860-4084*
*Email: vramachandran@dhammalaw.com*

*Counsel for Greg E. Lindberg*

## CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a notice of electronic filing upon all counsel of record and all parties registered to receive such notices in this case. Exhibits S-10 through S-12 were filed through the Court's sealed-document event and are not viewable through CM/ECF; copies were served on the same date by electronic mail on counsel for the United States, counsel for the Special Master, and counsel for Eleonora L. Zetteler and J. Robert van Faassen.

Dated: October 30, 2026

*/s/ Kenneth Barnes*
*Kenneth Barnes*
*Counsel for Greg E. Lindberg*