**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

J. Robert van Faassen, LLM, and Eleonora L. Zetteler, LLM, in their capacities as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzekering "Conservatrix" N.V., Petitioners,

v.

Greg Evan Lindberg; Trier Holding B.V.; Netherlands Insurance Holdings, Inc.; NIH Capital, LLC, Respondents.

Case No. 1:23-cv-00879-CCE-JEP

**EXHIBIT M**

Complaint and Summons, Lindberg v. Zetteler and van Faassen, each in his capacity as insolvency practitioner in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzekering "Conservatrix" N.V., Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Filing No. 260185286, e-filed October 28, 2026

(Public court record)

GREG EVAN LINDBERG, individually,

Plaintiff,

v.

MR. E.L. ZETTELER and MR. J.R. VAN FAASSEN, each in his capacity as insolvency practitioner in the insolvency of Nederlandsche Algemeene Maatschappij Van Levensverzekering "Conservatrix" N.V.,

Defendants.
_____________________________________/

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: ________________

# COMPLAINT

COMES NOW, Plaintiff GREG EVAN LINDBERG ("Lindberg" or "Plaintiff"), by and through the undersigned counsel and, sues Defendants Mr. E.L. ZETTELER ("Zetteler") and Mr. J.R. VAN FAASSEN ("van Faassen"), each in his capacity as insolvency practitioner in the insolvency of Nederlandsche Algemeene Maatschappij Van Levensverzekering "Conservatrix" N.V. ("Conservatrix") (collectively, "Defendants" or the "Insolvency Practitioners"), and alleges:

## JURISDICTION AND VENUE

1. This is an action for damages in excess of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of interest, costs, and attorney fees.

2. Plaintiff Greg Lindberg is a natural person over the age of eighteen (18) and a resident of the State of Florida and is otherwise *sui juris*.

3. Plaintiff alleges that arbitration materials in NAI Case No. 4794 were delivered to him in Florida.

4. NAI Case No. 4794 names Zetteler and van Faassen, in their representative capacities as insolvency practitioners for Conservatrix, as claimants against Plaintiff, Trier, NIH, and NIH Capital.

5. Plaintiff invokes Fla. Stat. § 48.193(1)(a)(2), concerning a defendant who commits a tortious act within Florida.

6. Plaintiff invokes the Florida long-arm provision concerning solicitation or service activities, Fla. Stat. § 48.193(1)(a)(6). Plaintiff alleges specific jurisdiction as to each Defendant, as facts show purposeful, suit-related Florida conduct by that Defendant and a claim arising out of or relating to those contacts.

7. Venue is proper in Miami-Dade County as a substantial part of the events or omissions giving rise to the claim that occurred in Miami-Dade County.

**PARTIES**

8. Plaintiff Greg Evan Lindberg is a natural person and citizen of the United States domiciled in Florida. Plaintiff alleges that arbitration materials in NAI Case No.

4794 were delivered to him in Florida, subject to the service particulars identified in paragraph 3.

9. Plaintiff alleges that he is the beneficial owner of Trier. The Amsterdam District Court's decision describes Lindberg as Trier's ultimate beneficial owner and describes Trier's acquisition of Conservatrix shares in 2017.

10. Defendant E.L. Zetteler is alleged to be a natural person domiciled in the Kingdom of the Netherlands. He was appointed an insolvency practitioner in the Conservatrix insolvency and is sued only in that capacity.

11. Defendant J.R. van Faassen is alleged to be a natural person domiciled in the Kingdom of the Netherlands. He was appointed an insolvency practitioner in the Conservatrix insolvency and is sued only in that capacity.

12. The NAI case caption identifies both Defendants, in their representative capacities, as claimants against Lindberg, Trier, NIH, and NIH Capital.

## GENERAL ALLEGATIONS

A. Conservatrix and the 2017 transfer

13. Conservatrix was a Dutch life insurer operating under a license and the prudential supervision of De Nederlandsche Bank N.V. ("DNB"). Until May 15, 2017, Conservatrix Groep S.A.R.L. ("Conservatrix Groep") held all Conservatrix shares.

14. DNB raised solvency concerns before the transfer. The Amsterdam District Court's February 5, 2026, decision recounts that DNB required a recovery plan in 2014, rejected the submitted plan, and later prepared and sought approval of a transfer plan. Those matters are recited here as facts reported in that decision, not as findings about Defendants.

15. On March 22, 2017, DNB petitioned the Amsterdam District Court to approve a transfer plan. The plan contemplated transfer of Conservatrix's shares to Trier for €1. DNB represented that Trier would provide capital strengthening sufficient to bring Conservatrix's solvency ratio to at least 135 percent.

16. On May 15, 2017, the Amsterdam District Court approved the transfer plan and ordered the transfer. The Dutch Supreme Court affirmed that decision on May 17, 2019. Conservatrix was declared bankrupt on December 8, 2020.

17. The February 5, 2026, Amsterdam District Court decision in *Conservatrix Groep S.A.R.L. v. De Nederlandsche Bank N.V.*, Case No. C/13/769512 / HA RK 25-169, ECLI:NL:RBAMS:2026:1107 (the "Fraud Judgment"), addressed Conservatrix Groep's request to reopen the 2017 transfer proceedings and obtain documents from DNB. The Fraud Judgment found that DNB committed "fraud in the proceedings" within the meaning of Article 382(a) of the Dutch Code of Civil Procedure by keeping the CBL reinsurance outside those proceedings. It found

that the nondisclosure prevented a full debate about less drastic alternatives and that the 2017 decision would plausibly have been different if the reinsurance had been considered.

18. The Fraud Judgment recounted that DNB and Trier had agreed on a Submission Protocol on March 17, 2017, addressing, among other matters, the 135 percent solvency ratio and reinsurance. It found that the planned capital strengthening relied substantially on a reinsurance arrangement with Colorado Bankers Life Insurance Company ("CBL"), rather than solely on a direct capital contribution by Trier, and that the reinsurance premium was paid from Conservatrix's own funds.

19. The Fraud Judgment recited that the 2017 financial statements reported a 2017 pre-tax result of approximately €84.9 million, compared with a loss of approximately €18.3 million in 2016, and a Solvency II ratio of 188 percent at year-end 2017, compared with negative 16 percent in 2016. It also stated that the reinsurance contributed to that result and to the reported solvency ratio.

20. The Fraud Judgment did not reverse the transfer because the transfer was irreversible and Conservatrix had entered bankruptcy. It did not enter judgment against Zetteler or van Faassen; decide whether either Defendant breached a duty in administering the estate; decide whether either Defendant concealed

information in the arbitration; or determine whether Lindberg personally owns any claimed loss or is entitled to damages.

21. The Fraud Judgment ordered DNB to produce specified documents, including the Submission Protocol, the Post-Completion Covenants, the Recapitalization Commitment, the CBL reinsurance treaty, the Process Letter, certain financial records, the auditor's report, and a KPMG assessment.

B. Conservatrix's condition and the CBL reinsurance

22. The September 16, 2025, respondents' Comprehensive Statement of Defense and Counterclaim in NAI Case No. 4794 (the "NAI Defense") disputes the claimants' interpretation and enforcement of the Recapitalization Commitment. It asserts that Section 1.2(b) limits further obligations after stabilization and that DNB was not a party to that commitment.

23. The NAI Defense asserts that the 188 percent SCR ratio at year-end 2017 demonstrated stabilization and that Conservatrix's CEO stated in a June 5, 2020, call that there was no viable business case for further capital contributions.

24. The NAI Defense alleges that CBL later entered rehabilitation, that Conservatrix's CBL reinsurance arrangements were terminated, and that termination was based on CBL's loss of a rating. It further asserts that the treaty did not require CBL to

maintain a rating and that assets backing reserves were held in a segregated account.

25. The NAI Defense also asserts that actions by North Carolina regulators caused CBL's rehabilitation and contributed to the termination of CBL-Conservatrix reinsurance. Its allegations of political motivation, regulatory sabotage, concealment, and a causal chain from North Carolina to Conservatrix's bankruptcy are advocacy assertions in an arbitration filing.

C. Estate administration and the Chesnara transaction

26. Defendants were appointed insolvency practitioners following Conservatrix's bankruptcy. The NAI Defense alleges that, in or about July 2022, the insolvency practitioners agreed to transfer Conservatrix's insurance portfolio to Chesnara PLC ("Chesnara") for nominal consideration, and that approximately 70,000 policies and approximately £400 million in assets were transferred effective January 1, 2023.

27. The NAI Defense alleges that Chesnara received immediate gains of approximately £14 million and projected annual gains of approximately £4 million for more than a decade, and that the alleged loss exceeded £54 million. It also alleges that low bond rates affected the sale timing and that later rate changes affected portfolio value.

28. The NAI Defense alleges that Defendants failed to pursue potential claims against DNB after the Fraud Judgment while continuing to pursue arbitration claims against Lindberg and other respondents. The Fraud Judgment recognized the possibility of a damages claim against DNB.

29. The extent of each Defendant's knowledge, possession, review, and use of documents concerning the 2017 transfer, CBL reinsurance, Conservatrix's financial condition, the Recapitalization Commitment, and the Fraud Judgment remains to be established from records and discovery.

D. Arbitration and alleged personal injury

30. Defendants commenced NAI Case No. 4794 in their representative capacities against Lindberg, Trier, NIH, and NIH Capital. The NAI Defense dated September 16, 2025, disputes enforcement of the Recapitalization Commitment and asserts counterclaims concerning the CBL reinsurance, the Chesnara transaction, and estate administration.

31. On February 15, 2026, the respondents filed a notice with the NAI Tribunal concerning the Fraud Judgment. The notice summarizes and argues the significance of the Amsterdam ruling.

32. Plaintiff alleges that Defendants' pursuit of claims against him personally in NAI Case No. 4794 has caused him to incur professional fees and costs.

**COUNT I**
**NEGLIGENCE**
(As to each Defendant, in his representative capacity)

33. Plaintiff realleges paragraphs 1 through 33 as if fully set forth herein.

34. This count concerns Defendants' administration of the Conservatrix insolvency estate. The duty and standard governing each Defendant's conduct are governed by the state law, including Dutch law.

35. Plaintiff alleges that each Defendant was required to act with the care and diligence reasonably expected of an insolvency practitioner of sufficient insight and experience when administering the estate, including when considering the termination of an estate arrangement, disposing of assets, investigating potential estate claims, and pursuing claims against third parties.

36. Plaintiff alleges a direct duty to him owed by each Defendant, in each's particular representative capacity, to a person in Plaintiff's position.

37. Plaintiff alleges that each Defendant breached a duty owed directly to him by one or more of the following acts or omissions:

a. agreeing to, acquiescing in, or failing reasonably to investigate or challenge termination of the CBL reinsurance arrangement, as the treaty and records establish that the arrangement remained valuable, termination

was not required, and the Defendant had responsibility and authority to act;

b. agreeing to transfer Conservatrix's insurance portfolio to Chesnara without a reasonable investigation of value, marketing, available alternatives, or sale timing, establishing such a failure by that Defendant;

c. failing reasonably to investigate or pursue a potential estate claim arising from DNB's conduct, including after the Fraud Judgment, and that each Defendant unreasonably failed to evaluate or pursue it; and

d. pursuing claims against Plaintiff while failing to account for material information concerning the CBL reinsurance, the 2017 financial results, or the Fraud Judgment, failing in a duty owed to Plaintiff, the Defendant's own conduct, and a resulting direct injury to Plaintiff.

38. The Fraud Judgment is relevant background concerning DNB's conduct and information about the 2017 transfer.

39. Plaintiff alleges that a Defendants' conduct caused him direct personal loss proximately caused professional fees or costs that Plaintiff personally paid or is legally obligated to pay in defending claims asserted against him personally in NAI Case No. 4794.

40. Defendant consciously or recklessly disregarded a known, substantial risk of harm to Plaintiff personally.

**WHEREFORE**, Plaintiff requests judgment against each Defendant, in his respective capacity, for direct personal damages proven at trial and legally recoverable interest and costs, and such other relief as the Court deems proper. Plaintiff demands trial by jury on all issues so triable.

## DAMAGES

41. Plaintiff seeks all damages suffered and recoverable by law. Total current damages in the action exceed €348 million (approx. US $388,220,100 at the time of filing), plus pre- and post-judgment interest, and any other damages recoverable by law.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Greg Evan Lindberg requests judgment against Defendants, in their respective capacities, and requests that the Court:

A. Enter judgment for Plaintiff on the claim established at trial;

B. Award direct, nonduplicative personal damages in an amount proven at trial and legally recoverable;

C. Award pre-judgment and post-judgment interest as permitted by applicable law;

D. Award recoverable costs; and

E. Grant such other relief as the Court deems just and proper.[1]

---

[1] Exhibit 1: District Court of Amsterdam decision dated February 5, 2026, Conservatrix Groep S.A.R.L. v. De Nederlandsche Bank N.V., ECLI:NL:RBAMS:2026:1107, Case No. C/13/769512 / HA RK 25-169, original Dutch text and certified English translation.

## RESERVATION OF RIGHTS

Plaintiff reserves the right to amend this Complaint to add, delete, substitute, or correct Defendants, legal entity names, agency allegations, survivor allegations, damages allegations, factual allegations, statutory citations, and causes of action as discovery and investigation reveal.

Respectfully submitted October 14, 2026

.

**THE STRATEGIC LEGAL GROUP, PLLC**
Attorneys for Plaintiff Greg Evan Lindberg
300 S.E. 2nd Street
Fort Lauderdale, Florida 33301
(954) 323-6712 (Office)
legalmail@thestrategiclegalgroup.com(Service)
paralegal@thestrategiclegalgroup.com(Secondary)

By:_/s/Carl D. Berry 81132______________
Carl D. Berry
Fla. Bar No. 0081132
c.berry@thestrategiclegalgroup.com (Direct)

---

Exhibit 2: English translation of the Financieel Dagblad article dated February 5, 2026, "DNB committed fraud in expropriation of Conservatrix, court rules."
Exhibit 3: Respondents' Comprehensive Statement of Defense and Counterclaim in NAI Case No. 4794, dated September 16, 2025.
Exhibit 4: Respondents' Notice to the NAI Tribunal of Judicial Finding of Fraud by DNB, dated February 15, 2026, with the attached Amsterdam decision and translation.
Exhibit 5: Respondents' February 15, 2026, NAI notice concerning the North Carolina proceeding and the January 27, 2025, Wake County Superior Court memorandum and supporting materials, only to the extent the complete filing and cited exhibits are obtained, authenticated, and actually attached.

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GREG EVAN LINDBERG, individually,

Plaintiff,
v.

CASE NO.:

MR. E.L. ZETTELER and MR. J.R. VAN FAASSEN, each in his capacity as insolvency practitioner in the insolvency of Nederlandsche Algemeene Maatschappij Van Levensverzekering "Conservatrix" N.V.,

Defendants,
____________________________________/

**SUMMONS**

**THE STATE OF FLORIDA:**

**TO:** MR. E.L ZETTELER
**C/O WIJN & STAEL**
Netherlands
Maliesingel 20 (reception)
3581 BE Utrecht

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendants MR. E.L ZETTELER, Each Respondent is required to serve written defenses to the complaint or petition on Carl D. Berry, Esq. Petitioner's attorney, whose address is 300 SE 2nd Street, Suite 600, Fort Lauderdale, Florida 333011, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on ____________ 2026

(Name of Clerk)

As Clerk of the Court

By ____________________________

As Deputy Clerk