**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| J. ROBERT VAN FAASSEN, LLM and ELEONORA L. ZETTELER, LLM, in their capacity as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzekering "CONSERVATRIX" N.V.,<br><br>Petitioners,<br><br>v.<br><br>GREG EVAN LINDBERG; TRIER HOLDING B.V.; NETHERLANDS INSURANCE HOLDINGS, INC.; and NIH CAPITAL, LLC,<br><br>Respondents. | Case No. 1:23-CV-879<br><br>Chief Judge Catherine C. Eagles |

**RESPONDENTS' MOTION TO SEAL EXHIBIT L**

Respondents Greg Evan Lindberg, Trier Holding B.V., Netherlands Insurance Holdings, Inc., and NIH Capital, LLC move under LR 5.4(c) to file under seal Exhibit L to their Reply in Support of Motion to Seal (Doc. 83), Response to Petitioners' Response (Doc. 90), and Update on Corresponding Proceedings in the Western District of North Carolina, filed today. Respondents claim the confidentiality. The LR 5.4(c)(3) support is the Supplemental Declaration of Greg Evan Lindberg filed with the Reply (¶¶ 2–5) and the Declaration in Support of Motion to Seal already of record (Doc. 83-1). As LR 5.4(c)(8) requires, Exhibit L is filed under temporary seal, a placeholder is filed in its place in the public set, and a complete set with Exhibit L

marked as sealed is filed under temporary seal. The LR 5.4 Checklist and Summary Chart is filed on the public docket. LR 5.4(c)(6). No separate brief is required. LR 5.4(c)(2).

## I. WHAT RESPONDENTS ASK TO SEAL

Exhibit L is the unredacted version of Defendant Lindberg's Response of October 30, 2026 in *United States v. Lindberg*, No. 3:23-cr-48 (W.D.N.C.), with its three sealed exhibits: an application of October 17, 2026 to the arbitral tribunal in NAI Case No. 4794 for leave to submit five documents; the five documents, which are internal correspondence, notes, and reports of Conservatrix N.V. and Trier Holding B.V. from 2018 to 2020 and an affidavit of a witness in the Arbitration; and the tribunal's Procedural Order No. 6 of October 26, 2026 ruling on the application. The Western District filing was itself made under seal at Petitioners' request. The public version of that filing, which describes the sealed materials in general terms, is Exhibit L-1 and is filed publicly, as are the Reply and the Supplemental Declaration.

## II. WHY SEALING IS NECESSARY; ALTERNATIVES; DURATION

The grounds are those stated in Respondents' Motion to Seal of October 9, 2026 (Doc. 83) and its supporting declaration (Doc. 83-1), which apply equally to Exhibit L: Article 6 of the 2015 NAI Arbitration Rules makes the Arbitration confidential; Petitioners have asserted that confidentiality and agree that the Arbitration materials "should indeed be sealed," Doc. 90 at 1, and have taken the same position in the Western District, No. 3:23-cr-48, Doc. 372 at 1, 3; and public filing would expose Respondents to a claim of breach in the Arbitration, whose hearing is set for

November 4 and 10, 2026. Exhibit L is placed before the Court because Petitioners' supplemental reply put the status of the Arbitration and the absence of evidence at issue, Doc. 81 at 1, 4, 9 n.3, and so that this Court has the same record as the Western District on the question stated in paragraph 4 of the Corrected Declaration (Doc. 86). Redaction would not protect the materials, whose substance is what Article 6 protects; the public filings describe them in general terms, which is the less drastic alternative the Rule contemplates. Respondents ask that Exhibit L remain sealed until further order of the Court, the duration requested for Doc. 84 in the Reply.

## III. THE GOVERNING STANDARD

The public has a presumptive right of access to judicial records; before sealing, the Court must give public notice and an opportunity to object, consider less drastic alternatives, and state specific reasons and findings. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *Doe v. Public Citizen*, 749 F.3d 246, 272 (4th Cir. 2014). This public motion gives the notice; Parts I and II address the alternatives, the reasons, and the duration. The parties' LR 5.5 Report (Doc. 89) elects the default procedures of LR 5.4(c). Respondents do not elect under LR 5.4(c)(7) to withdraw Exhibit L if the motion is denied. Petitioners' position on sealing is stated in Doc. 90.

Respondents respectfully ask the Court to grant this motion and order that Exhibit L remain under seal until further order of the Court.

Dated: October 30, 2026

Respectfully submitted,

/s/ Kenneth N. Barnes
Kenneth N. Barnes
Barnes Legal, PLLC
356 Travel Lite Dr.
Raleigh, NC 27603
919-524-1977
Email: barnesatty@aol.com

/s/ Vivek Ramachandran
Vivek Ramachandran
Dhamma Law, PLLC
418 Broadway, Suite N
Albany, NY 12207
202-860-4084
Email: vramachandran@dhammalaw.com
Special Appearance Counsel

Counsel for Respondents Greg Evan Lindberg,
Trier Holding B.V., Netherlands Insurance Holdings, Inc., and NIH Capital, LLC

## CERTIFICATE OF WORD COUNT

The undersigned certifies that this motion, which contains fewer than 6,250 words exclusive of the caption, signature block, and certificates, complies with LR 7.3(d)(1).

Dated: October 30, 2026

/s/ Kenneth Barnes
Kenneth Barnes
Counsel for Respondents

## CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a notice of electronic filing upon all counsel of record and all parties registered to receive such notices in this case.

Dated: October 30, 2026

/s/ Kenneth Barnes
Kenneth Barnes
Counsel for Respondents