IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| J. ROBERT VAN FAASSEN, LLM, and ELEONORA L. ZETTELER, LLM, in their capacities as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzekering "CONSERVATRIX" N.V.,<br><br>Petitioners,<br><br>v.<br><br>GREG EVAN LINDBERG; TRIER HOLDING B.V.; NETHERLANDS INSURANCE HOLDINGS, INC.; NIH CAPITAL, LLC,<br><br>Respondents. | Case No. 1:23-cv-00879 |

**RESPONSE TO RESPONDENTS' MOTION TO SEAL**

As indicated in Petitioners' response to Respondents' first Motion to Seal (ECF 90), Petitioners disagree that Respondents can disclose documents and communications from the Netherlands Arbitration Institute ("NAI") arbitration proceedings. *See* ECF 90 at 2–3. But Respondents having done so, Petitioners agree that the materials Respondents seek to seal should indeed be sealed and should be sealed permanently. Petitioners respond (1) to request that the Court strike as irrelevant the documents sought to be sealed, and (2) alternatively, because Respondents did not request Petitioners' position on sealing ECF 94, to state Petitioners' position and the support for their position.

## PROCEDURAL HISTORY

Post-remand this Court ordered additional briefing related to Petitioners' Motion to Confirm (ECF 42). *See* ECF 74. Respondents filed a Supplemental Response (ECF 78) to the Motion to Confirm, and Petitioners filed a Supplemental Reply (ECF 81). Respondents then filed a Supplemental Sur-Reply (ECF 82), and in support of the Supplemental Sur-Reply, filed a declaration (ECF 82.1, "Original Declaration"). Later that day, Respondents filed a correction to the declaration (ECF 86, "Corrected Declaration"). Two days later, Respondents filed a second correction to the Corrected Declaration and contended that this new declaration replaced the Original Declaration. *See* ECF 87.

Respondents also moved to seal various exhibits that Respondents filed in support of their Supplemental Sur-Reply (ECF 83, "Respondents' First Motion to Seal"). Respondents requested that these materials be sealed only until an arbitral award is issued in the ongoing merits arbitration proceedings. *See* ECF 83 at 6. Petitioners responded to Respondents' First Motion to Seal, arguing that the documents Respondents moved to seal are confidential and should not have been disclosed because the disclosure did not "ensue[] from law," but given that they were disclosed, they should be permanently sealed. *See* ECF 90 at 3. Respondents replied to the First Motion to Seal (ECF 92), filed exhibits in support of their reply (ECFs 92.1–92.4), and moved to seal one of the exhibits filed in support of their reply (ECF 93, "Respondents' Second Motion to Seal").

This matter is before the Court on Respondents' Second Motion to Seal. According to Respondents, the exhibit Respondents seek to seal in their Second Motion to Seal helps

respond to arguments Petitioners made in their Supplemental Reply to the Motion to Confirm and ensures that this Court has the same record as a criminal court on a question addressed in Respondents' Corrected Declaration. *See* ECF 93 at 3.

## ARGUMENT

### I. The documents sought to be sealed are not relevant to resolving Respondents' first motion to seal.

The Local Civil Rules caution that "[b]ulky or voluminous materials should not be submitted for filing with a pleading or paper, or incorporated by reference therein, unless such materials are essential." L.R. 7.1(c). It follows that the Rules permit parties filing a response to a motion to seal to respond with "any contention that the items to be sealed are irrelevant." L.R. 5.4(c)(4). As more explicitly provided by the former Local Civil Rule 5.4, "any documents sought to be filed under seal must qualify as relevant to a matter before the Court and not be filed unnecessarily." *France-Bey v. Holbrook*, No. 1:17CV241, 2019 WL 653147, at *12 (M.D.N.C. Feb. 15, 2019) (cleaned up). Where resolution of a motion does not require consideration of the documents sought to be sealed, the documents may be stricken. *See id.* (striking documents sought to be sealed because resolving summary judgment motion did not require consideration of such materials); *see also Macy v. Univ. of N.C. Sys.*, No. 1:25CV953, 2026 WL 2601678, at *10 (M.D.N.C. Sept. 3, 2026), *report and recommendation adopted*, 2026 WL 2895083 (M.D.N.C. Sept. 25, 2026) (striking documents sought to be sealed where such documents were unnecessary to resolution of motion to dismiss because, although brief cited to such documents in statement of facts, brief argued for dismissal without referencing the contents of such documents).

Respondents seek to seal documents that were filed in reply to a separate motion to seal from the motion to seal now before the Court. *See* ECF 92. Such documents relate to the pending NAI merits arbitration and also include a sealed filing describing the NAI documents. *See* ECF 94; Response to Conservatrix's Response (Doc. No. 372), Reply in Support of his Motion to Seal (Doc. No. 364), and Supplemental Notice of Developments Concerning Conservatrix N.V., *United States v. Lindberg*, No. 3:23-CR-048 (W.D.N.C. Oct. 30, 2026) (ECF 375) (motion to seal document filed as Exhibit L); Order Granting Motion to Seal, *United States v. Lindberg*, No. 3:23-CR-048 (W.D.N.C. Nov. 10, 2026) (ECF 381) (granting motion to seal document filed as Exhibit L).

Respondents claim the documents sought to be sealed are necessary because "Petitioners' supplemental reply put the status of the Arbitration and the absence of evidence at issue, Doc 81 at 1, 4, 9 n.3, and so that this Court has the same record as the Western District on the question stated in paragraph 4 of the Corrected Declaration[1] (Doc. 86)." ECF 93 at 3. Respondents do not claim the documents they seek to seal are relevant to support the First Motion to Seal (ECF 83) that they were filed in reply to; Respondents concede the documents are filed in response to Petitioners' Supplemental Reply (ECF 81). *See* ECF 93 at 3. Thus, assuming such materials are relevant to the resolution of any

---

[1] The Original Declaration was filed in support of Respondents' Supplemental Sur-Reply. *See* ECF 82.1.

motion,[2] they should have been filed with Respondents' Supplemental Sur-Reply (ECF 82), not filed in a reply to a motion to seal.

Because the documents sought to be sealed do not purport to support the motion they were filed in reply to, such documents are irrelevant and should be stricken.

**II. The documents sought to be sealed are confidential materials that, if not stricken, should be sealed.**

The 2015 NAI Rules, under which the Parties are arbitrating, closely guard the proceedings' confidentiality. Those Rules thus strictly limit disclosure of information concerning the arbitration. The NAI Rules mandate that "[a]rbitration is confidential and all persons involved either directly or indirectly shall be bound to secrecy, except and insofar as disclosure ensues from the law or the parties' agreement." Netherlands Arbitration Institute, *Arbitration Rules*, § 1, Art. 6 (2015).[3] Respondents acknowledge that this Rule—and its accompanying duties—bind them here. ECF 93 at 2–3.

Before Respondents filed any NAI documents in this Court, Petitioners agreed that Respondents could disclose specific, limited information concerning the arbitration proceedings. Specifically, Petitioners agreed to Respondents disclosing four pieces of information concerning the arbitration proceedings: (1) the parties to those proceedings,

---

[2] Because the merits proceedings are irrelevant to the judgment—which arose from separate summary arbitral proceedings—that Petitioners seek to recognize and enforce, such documents are irrelevant to the resolution of Petitioners' Motion to Confirm (ECF 42). However, such a determination is not necessary to resolve Respondents' Motion to Seal (ECF 93).

[3] Available at https://nai.nl/wp-content/uploads/2023/09/20230828-NAI-Arbitration-Rules-and-Explanation-1.pdf.

(2) the date of the merits hearing, (3) the arbitration claim, and (4) the existence of the arbitration. *See* ECF 83 at 7. Those agreed-to disclosures are the only ones the NAI Rules permitted Respondents to make, and Respondents were allowed to disclose them only by virtue of the Parties' agreement.

Respondents nonetheless unilaterally decided to disclose documents from the NAI proceedings. Respondents cite no legal basis for disclosing any information beyond what Petitioners consented to.

Because the NAI Rules require permanent confidentiality, Petitioners request that the documents filed at ECF 94 be permanently sealed if not stricken.

## CONCLUSION

For the reasons above, Petitioners request that the documents filed at ECF 94 be stricken or, in the alternative, permanently sealed.

Respectfully submitted, this the 13th day of November, 2026.

/s/ Kate E. Giduz
Jeffrey E. Oleynik (N.C. Bar No. 14416)
D.J. O'Brien III (N.C. Bar No. 35481)
Brooks, Pierce, McLendon,
Humphrey & Leonard, LLP
2000 Renaissance Plaza
230 N. Elm Street
Greensboro, NC 27401
Tel: (336) 271-3182
Fax: (336) 232-9182
joleynik@brookspierce.com
dobrien@brookspierce.com

Kate E. Giduz (N.C. Bar No. 60887)

Brooks, Pierce, McLendon,
Humphrey & Leonard, LLP
150 Fayetteville Street
1700 Wells Fargo Capitol Center
Raleigh, NC 27601
Tel: (919) 882-2546
Fax: (336) 232-9046
kgiduz@brookspierce.com

*Counsel for Petitioners*

**CERTIFICATE OF WORD COUNT**

I hereby certify that the foregoing document complies with the word-count limits established in Local Civil Rule 7.3(d).

*/s/* Kate E. Giduz
Kate E. Giduz
*Counsel for Petitioners*

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was served upon counsel of record through the Court's Case Management and Electronic Case Filing System.

This the 13th day of November, 2026.

*/s/* Kate E. Giduz
Kate E. Giduz
*Counsel for Petitioners*