# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

J. ROBERT VAN FAASSEN, LLM and ELEONORA L. ZETTELER, LLM, in their capacity as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzekering "CONSERVATRIX" N.V.,

Petitioners,

v.

GREG EVAN LINDBERG; TRIER HOLDING B.V.; NETHERLANDS INSURANCE HOLDINGS, INC.; and NIH CAPITAL, LLC,

Respondents.

Case No. 1:23-CV-879

Senior District Judge Catherine C. Eagles

**RESPONDENTS' UPDATE ON THE ARBITRATION IN NAI CASE NO. 4794**

**AND ON CORRESPONDING PROCEEDINGS IN THE WESTERN**

**DISTRICT OF NORTH CAROLINA (PUBLIC VERSION)**

**(WITH EXHIBITS N, O AND P (UNDER TEMPORARY SEAL))**

Respondents Greg Evan Lindberg, Trier Holding B.V., Netherlands Insurance Holdings, Inc., and NIH Capital, LLC update the Court, in advance of the hearing set for November 19, 2026 (Doc. 96), on the arbitration in Netherlands Arbitration Institute Case No. 4794 and on the corresponding proceedings in *United States v. Lindberg*, No. 3:23-cr-48 (W.D.N.C.). This Update is based on, and attaches as Exhibit N, the Update Mr. Lindberg filed in the Western District on November 16, 2026, with its exhibits. Counsel for Respondents conferred with counsel for Petitioners and advised that this Update would be filed. It is filed for three reasons: the arbitration hearing has concluded; the Tribunal declined to admit or to order documents that this Court may consider; and Petitioners have responded, here and in the Western District, to Respondents' earlier filings of arbitration materials. Doc. 98; W.D.N.C. Doc. No. 384. Petitioners have told this Court that "Trier Holding B.V. ('Trier') did not restore Conservatrix's solvency capital ratio ('SCR')" and that "no evidence" exists of any claim against Conservatrix. Doc. 81 at 4, 9 n.3. The record that answers those statements has now been tested at a hearing, and the documents the arbitral tribunal declined to admit are placed before this Court, which is not limited to the tribunal's record.

## I. THE ARBITRATION AND THE €150 MILLION ARE ONE DISPUTE

In the Western District Petitioners ask that the materials "be permanently sealed to all parties and non-parties, including counsel for the Special Master and counsel for the United States," and state that they "are unrelated to the restitution" Petitioners seek there. W.D.N.C. Doc. No. 384 at 2 n.1, 3. Respondents do not agree that the Arbitration is unrelated: the sums Petitioners seek in both courts rest on the Recapitalization Commitment, and whether that Commitment required further capital is the question before the Tribunal on the merits. The two sums are not separate disputes. They are one obligation, and the Arbitration can change the €150 million.

Petitioners have said so. They describe the merits arbitration as "the possibility of a second judgment at some later date," Doc. 81 at 9, and rely on the Court's observations that the arbitrator may determine "whether the amount the arbitrator required the respondents to pay should be adjusted or whether some refund might be due," *id.* at 8 (quoting Doc. 38 at 8), and may "conclude that respondents are entitled to a refund or adjustment." *Id.* at 12 n.5 (quoting Doc. 52 at 6). In the Western District they describe the €215,356,806 as the same Commitment "converted, by law, to an obligation to pay damages," "calculated as the replenishment that was needed to remedy the shortfall in the SCR." W.D.N.C. Doc. No. 258 at 12.

Petitioners told the Fourth Circuit that "[a]part from the penalty, Conservatrix is pursuing, through Dutch arbitration proceedings, recovery of the damages its policyholders have suffered." W.D.N.C. Doc. No. 189-1 at 238 n.6. The Arbitration is not apart from the penalty: the same Tribunal will decide whether the obligation the penalty enforces existed.

The law treats the two sums the same way. Under the Mandatory Victims Restitution Act, "[a]ny amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in—(A) any Federal civil proceeding; and (B) any State civil proceeding, to the extent provided by the law of the State." 18 U.S.C. § 3664(j)(2). North Carolina law is to the same effect: its courts act "to prevent double redress for a single wrong." *Smith v. Gulf Oil Corp.*, 239 N.C. 360, 368 (1954). This is a federal civil proceeding, and the sum Petitioners pursue here is the sum they claim in the Western District. That is why the record of the Arbitration is before both courts. Respondents do not concede that Conservatrix is a victim or that any restitution is owed to it.

Respondents preserve this position: so long as Petitioners pursue the €150 million in this Court and the €215,356,806 in the Western District, the Arbitration is related to both proceedings. It would cease to be related only if Petitioners withdrew

their claims in both courts. And it was Petitioners, not Respondents, who put the criminal case before this Court. Doc. 81 at 10–11, 14.

Mr. Lindberg's position is equally clear: the Arbitration bears directly on what Petitioners claim, but the merits of the claim are unrelated to the criminal proceeding. It is a contractual dispute that arises from the interest-rate environment and from Conservatrix's own refusal of the capital that was offered to it. *See* Exhibit N, Parts V, VIII and IX. Petitioners presented that restitution claim to the Special Master ex parte, and now ask that the Special Master and the Government be denied the record that answers it. *See* Exhibit N, Part I. Restitution under the Mandatory Victims Restitution Act "is plainly criminal punishment," *Ellingburg v. United States*, 607 U.S. 163, 166 (2026), and that is why the record of the Arbitration is before that court as well as this one.

## II. THE ARBITRATION HEARING

[REDACTED — FILED UNDER SEAL]

## III. WHAT PETITIONERS AND THEIR WITNESSES SAID

[REDACTED — FILED UNDER SEAL]

## IV. THE NEGOTIATING CORRESPONDENCE BETWEEN COUNSEL

[REDACTED — FILED UNDER SEAL]

## V. EVIDENCE THE TRIBUNAL DID NOT ADMIT

[REDACTED — FILED UNDER SEAL]

## VI. EXHIBIT N

Exhibit N is Defendant Lindberg's Update of November 16, 2026 in No. 3:23-cr-48 (W.D.N.C.) (unredacted version), with its sealed exhibits, including excerpts of the draft transcripts of the two hearing days as circulated on November 12, 2026. Exhibit N and this unredacted Update are filed under temporary seal pursuant to LR 5.4(c), with public versions, pending the Court's ruling on the motion to seal filed with this Update. Respondents also file under temporary seal, as Exhibits O and P, Conservatrix's annual reports for 2017 and 2018, which are Respondents' Exhibits C and D in the arbitration. Petitioners have asked that all arbitration materials be sealed. Doc. 90 at 1, 3. Respondents will be prepared to address these matters at the hearing on November 19, 2026.

Dated: November 16, 2026

Respectfully submitted,

/s/ Kenneth N. Barnes
Kenneth N. Barnes
Barnes Legal, PLLC
356 Travel Lite Dr.
Raleigh, NC 27603
919-524-1977
Email: barnesatty@aol.com

/s/ Vivek Ramachandran
Vivek Ramachandran
Dhamma Law, PLLC
418 Broadway, Suite N
Albany, NY 12207
202-860-4084
Email: vramachandran@dhammalaw.com
Special Appearance Counsel

Counsel for Respondents Greg Evan Lindberg,
Trier Holding B.V., Netherlands Insurance Holdings, Inc., and NIH Capital, LLC

**CERTIFICATE OF WORD COUNT**

The undersigned certifies that this filing, which contains fewer than 3,125 words exclusive of the caption, signature block, and certificates, complies with LR 7.3(d)(1).

Dated: November 16, 2026

/s/ Kenneth Barnes
Kenneth Barnes
Counsel for Respondents

## CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a notice of electronic filing upon all counsel of record and all parties registered to receive such notices in this case. Exhibit N, filed under temporary seal, is not served through the CM/ECF system (Standing Order No. 41 ¶ 2 (M.D.N.C. Apr. 27, 2026)); it was served on counsel of record for the petitioners by electronic mail on the same date.

Dated: November 16, 2026

/s/ Kenneth Barnes
Kenneth Barnes
Counsel for Respondents