**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| J. ROBERT VAN FAASSEN, LLM and ELEONORA L. ZETTELER, LLM, in their capacity as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzekering "CONSERVATRIX" N.V., | |
| Petitioners, | Case No. 1:23-CV-879 |
| v. | Senior District Judge Catherine C. Eagles |
| GREG EVAN LINDBERG; TRIER HOLDING B.V.; NETHERLANDS INSURANCE HOLDINGS, INC.; and NIH CAPITAL, LLC, | |
| Respondents. | |

**RESPONDENTS' MOTION TO SEAL EXHIBITS N, O AND P**

Respondents Greg Evan Lindberg, Trier Holding B.V., Netherlands Insurance Holdings, Inc., and NIH Capital, LLC move under LR 5.4(c) to file under seal Exhibits N, O and P to their Update on the Arbitration in NAI Case No. 4794 and on Corresponding Proceedings in the Western District of North Carolina, filed today, and the unredacted version of that Update. Respondents claim the confidentiality. The LR

5.4(c)(3) support is the Declaration in Support of Motion to Seal (Doc. 83-1) and the Supplemental Declaration of Greg Evan Lindberg (Doc. 92-1) already of record. As LR 5.4(c)(8) requires, Exhibits N, O and P are filed under temporary seal, a placeholder is filed in place of each in the public set, and a complete set with each exhibit marked as sealed is filed under temporary seal. The LR 5.4 Checklist and Summary Chart is filed on the public docket. LR 5.4(c)(6). No separate brief is required. LR 5.4(c)(2).

## I. WHAT RESPONDENTS ASK TO SEAL

Exhibit N is the unredacted version of Defendant Lindberg's Update of November 16, 2026 in United States v. Lindberg, No. 3:23-cr-48 (W.D.N.C.), with its seventeen sealed exhibits (S-13 through S-29): Petitioners' Statement of Reply and exhibits in NAI Case No. 4794; reports and correspondence of Conservatrix N.V. and De Nederlandsche Bank N.V. from 2017 to 2019; excerpts of the transcripts of the hearing of November 4 and 10, 2026; and communications and a decision of the tribunal. The Western District filing was itself made under seal. Exhibits O and P are the Annual Report 2017 and the Annual Report 2018 of Conservatrix N.V., which are Respondents' Exhibits C and D in NAI Case No. 4794. The public version of that filing is Exhibit N-1 and is filed publicly, as is the public version of this Update.

## II. WHY SEALING IS NECESSARY; ALTERNATIVES; DURATION

The grounds are those stated in Respondents' Motions to Seal of October 9 and October 30, 2026 (Docs. 83, 93) and the supporting declaration (Doc. 83-1), which apply equally to Exhibits N, O and P: Article 6 of the 2015 NAI Arbitration Rules makes the Arbitration confidential; Petitioners have asserted that confidentiality and agree that the Arbitration materials "should indeed be sealed," Doc. 90 at 1, and have taken the same position in the Western District, No. 3:23-cr-48, Doc. 372 at 1, 3; Doc. 384 at 1, 3; and public filing would expose Respondents to a claim of breach in the Arbitration, in which the award is pending. The exhibits are placed before the Court because Petitioners' supplemental reply put the status of the Arbitration and the absence of evidence at issue, Doc. 81 at 1, 4, 9 n.3, and so that this Court has the same record as the Western District. Redaction would not protect the materials, whose substance is what Article 6 protects; the public filings describe them in general terms, which is the less drastic alternative the Rule contemplates. Respondents ask that Exhibits N, O and P remain sealed until further order of the Court.

## III. THE GOVERNING STANDARD

The public has a presumptive right of access to judicial records; before sealing, the Court must give public notice and an opportunity to object, consider less drastic alternatives, and state specific reasons and findings. Ashcraft v. Conoco, Inc., 218

F.3d 288, 302 (4th Cir. 2000); Doe v. Public Citizen, 749 F.3d 246, 272 (4th Cir. 2014). This public motion gives the notice; Parts I and II address the alternatives, the reasons, and the duration. The parties' LR 5.5 Report (Doc. 89) elects the default procedures of LR 5.4(c). Respondents do not elect under LR 5.4(c)(7) to withdraw Exhibits N, O and P if the motion is denied. Petitioners' position on sealing is stated in Docs. 90 and 98.

Respondents respectfully ask the Court to grant this motion and order that Exhibits N, O and P and the unredacted Update remain under seal until further order of the Court.

Dated: November 16, 2026

Respectfully submitted,

/s/ Kenneth N. Barnes
Kenneth N. Barnes
Barnes Legal, PLLC
356 Travel Lite Dr.
Raleigh, NC 27603
919-524-1977
Email: barnesatty@aol.com

/s/ Vivek Ramachandran
Vivek Ramachandran
Dhamma Law, PLLC
418 Broadway, Suite N
Albany, NY 12207
202-860-4084
Email: vramachandran@dhammalaw.com
Special Appearance Counsel

Counsel for Respondents Greg Evan Lindberg,
Trier Holding B.V., Netherlands Insurance Holdings, Inc., and NIH Capital, LLC

## CERTIFICATE OF WORD COUNT

The undersigned certifies that this motion, which contains fewer than 6,250 words exclusive of the caption, signature block, and certificates, complies with LR 7.3(d)(1).

Dated: November 16, 2026

/s/ Kenneth Barnes
Kenneth Barnes
Counsel for Respondents

## CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a notice of electronic filing upon all counsel of record and all parties registered to receive such notices in this case.

Dated: November 16, 2026

/s/ Kenneth Barnes
Kenneth Barnes
Counsel for Respondents