IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

J. ROBERT VAN FAASSEN, LLM and ELEONORA L. ZETTELER, LLM, in their capacity as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzekering "CONSERVATRIX" N.V.,

Petitioners,

v.

GREG EVAN LINDBERG; TRIER HOLDING B.V.; NETHERLANDS INSURANCE HOLDINGS, INC.; and NIH CAPITAL, LLC,

Respondents.

Case No. 1:23-CV-879

Senior District Judge Catherine C. Eagles

**RESPONDENTS' REPLY IN SUPPORT OF MOTION TO SEAL EXHIBIT L (DOC. 93) AND RESPONSE TO PETITIONERS' REQUEST TO STRIKE (DOC. 98)**

Respondents Greg Evan Lindberg, Trier Holding B.V., Netherlands Insurance Holdings, Inc., and NIH Capital, LLC reply in support of their Motion to Seal Exhibit

L (Doc. 93) and respond to the request to strike made in Petitioners' Response (Doc. 98). The Motion to Seal is not opposed: Petitioners "agree that the materials Respondents seek to seal should indeed be sealed." Doc. 98 at 1. What Petitioners add is a request that the Court strike Exhibit L (Doc. 94) as irrelevant. *Id.* at 1, 3–5. Exhibit L, and Exhibits N, O and P filed on November 16, 2026 (Doc. 101), are before the Court for three reasons. Petitioners have placed one loss before two courts. The filings address the positions the parties have taken about the criminal proceeding, which Petitioners themselves put before this Court. And the filings show, from Petitioners' own exhibits and statements in the Arbitration, that there may be no liability under the Recapitalization Commitment at all.

## I. PETITIONERS HAVE PLACED ONE LOSS BEFORE TWO COURTS

Petitioners say the merits arbitration is irrelevant because the judgment they ask this Court to recognize "arose from separate summary arbitral proceedings." Doc. 98 at 5 n.2. The sums are not separate. In the Western District Petitioners seek €215,356,806 in criminal restitution and describe it as the same Commitment "converted, by law, to an obligation to pay damages," "calculated as the replenishment that was needed to remedy the shortfall in the SCR." W.D.N.C. Doc. No. 258 at 12. Here they ask the Court to recognize a judgment enforcing €150 million under that

Commitment. Doc. 42. Petitioners' own public report in the bankruptcy says the same: in the merits arbitration Conservatrix brought "dezelfde vordering als in het kort geding," that is, the same claim as in the summary proceedings. Exhibit T (Third Public Report of the Trustees § 8.3, at 6–7 (June 23, 2021), with English translation). In this Court they describe the merits arbitration as "the possibility of a second judgment at some later date," Doc. 81 at 9, and rely on the Court's observations that the arbitrator may determine "whether the amount the arbitrator required the respondents to pay should be adjusted or whether some refund might be due," *id.* at 8 (quoting Doc. 38 at 8). The two sums are one obligation, and the Arbitration can change the €150 million.

The law treats the two sums the same way. Under the Mandatory Victims Restitution Act, restitution paid to a victim "shall be reduced by any amount later recovered as compensatory damages for the same loss" in a federal civil proceeding. 18 U.S.C. § 3664(j)(2)(A). North Carolina law is to the same effect: its courts act "to prevent double redress for a single wrong." *Smith v. Gulf Oil Corp.*, 239 N.C. 360, 368 (1954). This is such a proceeding, and the sum Petitioners pursue here is part of the sum they claim in the Western District. So long as Petitioners pursue the €150 million in this Court and the €215,356,806 in the Western District, the Arbitration is related

to both proceedings, and its record belongs before both courts. Respondents do not concede that Conservatrix is a victim or that any restitution is owed to it.

## II. THE FILINGS ADDRESS THE POSITIONS TAKEN ABOUT THE CRIMINAL PROCEEDING

It was Petitioners, not Respondents, who put the criminal case before this Court. Doc. 81 at 10–11, 14. In the Western District they take the opposite course: they state that the arbitration materials "are unrelated to the restitution" they seek there. W.D.N.C. Doc. No. 384 at 2 n.1. Exhibit L is the filing in which Mr. Lindberg answered those positions in the Western District, and Exhibit N is his Update of November 16, 2026 in that court. They are filed here so that this Court has the same record as the court in which Petitioners rely on the criminal case, and so that the positions taken in one court can be read against the positions taken in the other. Doc. 93 at 2.

Mr. Lindberg's position is the same in both courts. The Arbitration bears directly on what Petitioners claim, but the merits of the claim are unrelated to the criminal proceeding: it is a contractual dispute that arises from the interest-rate environment and from Conservatrix's own refusal of the capital that was offered to it. Petitioners also say that Respondents "cite no legal basis for disclosing any

information beyond what Petitioners consented to." Doc. 98 at 6. Respondents cited it, Doc. 92 at 2–3, and Petitioners do not answer it. Restitution under the Mandatory Victims Restitution Act "is plainly criminal punishment." *Ellingburg v. United States*, 607 U.S. 163, 166, 146 S. Ct. 564 (2026). The Act places the burden of proving loss on the Government. 18 U.S.C. § 3664(e). A claimant that seeks criminal punishment for a loss, and pursues the same loss here, cannot use the confidentiality rule of the arbitration in which it is trying that claim to keep the evidence of the claim from either court. That is the law from which disclosure ensues, and it is why the materials were filed under seal in both courts. The Western District has granted the motion to seal the filing that is Exhibit L, as Petitioners note. Doc. 98 at 4 (citing No. 3:23-cr-48, Doc. 381).

## III. THE FILINGS SHOW THAT THERE MAY BE NO LIABILITY AT ALL

Paragraph 1.2(b) of the Recapitalization Commitment provides that once "the Company is stabilized," further capitalization "shall be based on a viable business case for the Company." Doc. 1-3 at 18. Whether any further contribution was required therefore depends on whether Conservatrix was stabilized and whether a viable business case existed. Exhibit L contains the Tribunal's Procedural Order No. 6 of October 26, 2026, which holds that Conservatrix's own Board statement of

stabilization at the end of 2018 and Conservatrix's rejection of the June 2020 funding proposal are already in the arbitration record through Petitioners' own exhibits and pleadings. Doc. 92 at 3–4. Exhibit N contains the transcripts of the hearing held on November 4 and 10, 2026, at which Petitioners' counsel and Petitioners' witnesses addressed both conditions. Their statements are set out in Doc. 101, Parts III and IV. On Petitioners' own exhibits and their own statements at the hearing, there may be no liability under the Commitment at all. The public record is to the same effect. Conservatrix's Solvency and Financial Condition Report 2018 is published online and is filed publicly today as Exhibit S to Respondents' Notice of Correction. It reports a Solvency II ratio of 148% at the end of 2018 and states: "At the end of 2018 Conservatrix reached, according to the Board, the right level of controlled and stable operations." Exhibit S at 5.

That bears directly on the Motion to Confirm (Doc. 42). Petitioners' supplemental reply on that motion represented that "Respondents have presented no evidence—nor does any such evidence exist—of pending claims against Conservatrix or the existence of any proceedings that could result in Conservatrix's obligation to pay Respondents." Doc. 81 at 9 n.3. On that motion the party seeking recognition of the judgment "bears the burden of proving that the Act applies." *van Faassen v.*

*Lindberg*, 181 F.4th 480, 487 (4th Cir. 2026). A party that puts the absence of evidence at issue cannot then ask the Court to strike the evidence as irrelevant.

## IV. EXHIBIT L SUPPORTS THE REPLY IT WAS FILED WITH, COULD NOT HAVE BEEN FILED EARLIER, AND WILL REMAIN RELEVANT

Petitioners' premise is that "Respondents do not claim the documents they seek to seal are relevant to support the First Motion to Seal (ECF 83) that they were filed in reply to." Doc. 98 at 4. The Reply says otherwise. Petitioners opposed the first Motion to Seal on two grounds: that Respondents had identified no law under which disclosure "ensues from the law," and that the seal should be permanent. Doc. 90 at 1, 3. The Reply answered both, and it stated that Exhibit L, the Response filed that day in *United States v. Lindberg*, No. 3:23-cr-48 (W.D.N.C.), "answers the same two points in the court where Petitioners' claim for criminal restitution is pending." Doc. 92 at 2. Part I of the Reply, on the law from which disclosure ensues, cites Exhibit L for that showing. *Id.* at 2–3.

Petitioners also say that Exhibit L "should have been filed with Respondents' Supplemental Sur-Reply (ECF 82), not filed in a reply to a motion to seal." Doc. 98 at 5. That was not possible. The Supplemental Sur-Reply was filed on October 9, 2026. Exhibit L is the Response filed in the Western District on October 30, 2026, with the

application made to the arbitral tribunal on October 17, 2026, the five documents that were the subject of that application, and the Tribunal's Procedural Order No. 6 of October 26, 2026 ruling on it. Doc. 93 at 2. It also addresses ex parte communications between Petitioners' counsel and the Special Master's team, of which Mr. Lindberg and his counsel learned only after the Supplemental Sur-Reply was filed, when the Special Master's fee applications were compiled in a Notice filed on October 11, 2026. The Special Master's fee applications in the Western District record 74 entries and 85.1 hours on Conservatrix, including 37 calls, e-mails, letters and submissions with Petitioners or their counsel between January 31, 2025 and June 11, 2026, to which Mr. Lindberg was not a party. W.D.N.C. Doc. No. 365 at 1–2. Petitioners are represented in the Western District by the same counsel who appear for them here. W.D.N.C. Doc. No. 384 at 4; Doc. 98 at 6–7. Respondents placed these developments before the Court on the day they were filed in the Western District, in the next paper due in this case, under seal, and with a motion under LR 5.4(c). The filing of October 30 was not only a reply. Its title states that it is also an "Update on Corresponding Proceedings in the Western District of North Carolina." Doc. 92 at 1. Respondents combined the update and the reply in one paper to save the Court's time and to file no more than was necessary. Petitioners' objection goes to the form of that paper, not to

its substance. Respondents filed their next update, on November 16, 2026, as a separate paper. Doc. 99. Should the form matter, Respondents lodge a proposed motion for leave as Exhibit R.

The same is true of Exhibit N. It reports the hearing of November 4 and 10, 2026, the transcripts of which were circulated on November 12, 2026. Sworn English translations of Petitioners' exhibits were delivered on November 14, 2026. Petitioners first placed the DNB Process Letter of February 24, 2017 on the arbitration record on October 29, 2026.

These matters are relevant, and they will remain relevant. Petitioners brought a mandamus petition in the Fourth Circuit concerning restitution, on which Mr. Lindberg had twelve hours' notice. They told that court that, apart from the penalty, Conservatrix "is pursuing, through Dutch arbitration proceedings, recovery of the damages its policyholders have suffered." W.D.N.C. Doc. No. 189-1 at 238 n.6. That presented the penalty and the Arbitration as separate matters. They are one loss. And the only account the panel had of Petitioners' dealings with the Special Master was that he "spoke with Petitioners' counsel multiple times and reviewed information submitted by Petitioners." *In re Zetteler*, No. 26-1749, 2026 WL 1724731 (4th Cir. June 13, 2026), as amended (June 15, 2026) (per curiam) (W.D.N.C. Doc. No. 203 at 3).

What was said and submitted in those communications was not before the Fourth Circuit and has not been given to Mr. Lindberg. Two members of that panel, Judges Rushing and Heytens, also sat on the panel that decided the appeal in this case one month later. *van Faassen v. Lindberg*, 181 F.4th 480 (4th Cir. 2026). Respondents do not suggest that the panel in this case decided anything other than the questions before it. The point is that the account given on the mandamus petition did not say that those communications took place without Mr. Lindberg, or that the Arbitration and the penalty proceedings concern the same claim, which Petitioners' own public report states. Exhibit T § 8.3. That account has not been corrected in either proceeding, and the record that answers it is the record Petitioners ask this Court to strike. The Fourth Circuit has thus had both matters before it, the restitution claim and the claim to enforce the penalty, without the record that connects them, and one or both parties are likely to return to that court. The record of this case should contain that record when they do. The propriety of Petitioners' ex parte communications is at issue in his pending appeals, Nos. 26-4309(L) and 26-4310 (4th Cir.). The Western District records filed here will be before the Fourth Circuit in those appeals, and should not be struck here for that reason as well. The mandamus petition itself relied on this proceeding: it told the Fourth Circuit that the harm to Conservatrix "is

detailed in an arbitration award" that was "enforced by" this Court. W.D.N.C. Doc. No. 189-1 at 28 n.5. Any further petition will draw on the record of this case as well.

## V. THE REQUEST TO STRIKE FAILS ON PETITIONERS' OWN STANDARD

The standard Petitioners state is that sealed materials may be stricken where "resolution of a motion does not require consideration of the documents sought to be sealed." Doc. 98 at 3. It does not apply here. Exhibit L is described in Part IV. Exhibit N is the Update filed in the Western District on November 16, 2026, with Petitioners' Statement of Reply and exhibits in the Arbitration, reports and correspondence of Conservatrix and De Nederlandsche Bank from 2017 to 2019, and the transcripts of the hearing. These are the materials on which the Tribunal will decide whether the Commitment required any further contribution. The Motion to Confirm asks the Court to enforce a penalty under that Commitment, and Petitioners have told the Court that no evidence exists of any proceeding that could leave Conservatrix owing Respondents. Doc. 81 at 9 n.3. Resolving that motion requires consideration of them. Petitioners do not ask the Court to decide that Exhibit L is irrelevant to the Motion to Confirm; they say that "such a determination is not necessary." Doc. 98 at 5 n.2. LR 7.1(c), which Petitioners invoke, does not bar materials that are "essential." *Id.* at 3

(quoting LR 7.1(c)). Exhibit N was filed on November 16, 2026 under temporary seal with a motion under LR 5.4(c). Docs. 100, 101. Exhibits O and P, Conservatrix's Annual Reports for 2017 and 2018, are not confidential, and Respondents have withdrawn the request to seal them by the Notice of Correction filed today.

The effect of Petitioners' positions is to keep the two proceedings in separate compartments. They proceeded in the Western District and in the Fourth Circuit on their own selective record, based on ex parte communications with the Special Master. These records go to the heart of the claim Petitioners make in the Western District. Petitioners rely on the merits where the merits help them, Doc. 81 at 10–11, 13, 14, and resist the merits where they do not. W.D.N.C. Doc. No. 384 at 2 n.1. And now that the record is before this Court, they ask to strike it on a ground of form, although its subject has been examined in public.

## VI. SEALING AND DURATION

On sealing the parties agree, Doc. 98 at 1, 6, and Respondents do not object to a seal for whatever period the Court finds appropriate. Doc. 92 at 5–6. Nor does LR 5.4(a)(3) support the request to strike. Under that Rule sealed documents "should not be filed unless necessary for determination of the matter before the Court." The record of the Western District proceeding is necessary because it concerns the same loss that

Petitioners ask this Court to enforce. Exhibit Q states, for each document, what it addresses and why it could not have been filed earlier.

If the Court denies sealing, the documents should be unsealed, not stricken. Respondents did not elect to withdraw Exhibit L or Exhibits N, O and P if sealing is denied, Docs. 93, 100, and where a motion to seal "does not include such an election, the documents will be unsealed if the motion to seal is denied." LR 5.4(c)(7). Respondents filed under seal to avoid an unnecessary dispute over Article 6 of the NAI Arbitration Rules. Docs. 83, 93, 100. Article 6 excepts disclosure that "ensues from the law," Doc. 37-1 at 6, and disclosure to this Court does. The claim of confidentiality is weak. Conservatrix's annual reports and its 2018 solvency report are available online, and the Notice of Correction filed today withdraws the request to seal them. Petitioners' own public report describes the Arbitration and records that Conservatrix's failure has been examined in public: in DNB's published account, in questions and a hearing in the Dutch Parliament at which Petitioners and DNB were heard, and by a government evaluation committee. Exhibit T §§ 8, 10. Mr. Nelson's affidavit and Mr. Lindberg's notes of the call of June 5, 2020, which are in Exhibit L, are Respondents' own documents, and Respondents have no objection to their being

public. Petitioners now use the seal as a sword: having agreed that the materials should be sealed, they ask that they be struck.

Respondents respectfully ask the Court to grant the Motion to Seal Exhibit L (Doc. 93), to order that Exhibit L (Doc. 94) remain under seal until further order of the Court, and to deny Petitioners' request to strike it.

Respondents file no separate motion and no further brief on the Motion to Confirm. The Court's order of August 26, 2026 states: "No further briefing is authorized." Doc. 74 at 6. Respondents make the following request only because Petitioners, in their Response, have asked the Court to strike. Doc. 98 at 1, 3–5; see LR 5.4(c)(4)(b). If the Court is inclined to strike Exhibit L (Doc. 94), the Update of November 16, 2026 (Docs. 99, 101) or Exhibit N, Respondents ask in the alternative for leave to supplement the record on the Motion to Confirm (Doc. 42) with those filings, on the grounds stated in this Reply and in the proposed motion lodged as Exhibit R. If leave is denied, Respondents ask that the filings remain on the docket, under seal, as Respondents' offer of proof, so that the record shows the substance of what was excluded. See Fed. R. Evid. 103(a)(2).

Dated: November 17, 2026

Respectfully submitted,

/s/ Kenneth N. Barnes
Kenneth N. Barnes
Barnes Legal, PLLC
356 Travel Lite Dr.
Raleigh, NC 27603
919-524-1977
Email: barnesatty@aol.com

/s/ Vivek Ramachandran
Vivek Ramachandran
Dhamma Law, PLLC
418 Broadway, Suite N
Albany, NY 12207
202-860-4084
Email: vramachandran@dhammalaw.com
Special Appearance Counsel

Counsel for Respondents Greg Evan Lindberg,
Trier Holding B.V., Netherlands Insurance Holdings, Inc., and NIH Capital, LLC

## CERTIFICATE OF WORD COUNT

The undersigned certifies that this reply, which contains fewer than 3,125 words exclusive of the caption, signature block, and certificates, complies with LR 7.3(d)(1).

Dated: November 17, 2026

/s/ Kenneth Barnes
Kenneth Barnes
Counsel for Respondents

## CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a notice of electronic filing upon all counsel of record and all parties registered to receive such notices in this case.

Dated: November 17, 2026

/s/ Kenneth Barnes
Kenneth Barnes
Counsel for Respondents