**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

van Faassen v. Lindberg, Case No. 1:23-CV-879

# EXHIBIT Q

## STATEMENT OF RELEVANCE AND TIMING FOR EACH DOCUMENT FILED FROM THE WESTERN DISTRICT OF NORTH CAROLINA

This statement lists each document from United States v. Lindberg, No. 3:23-cr-48 (W.D.N.C.), that Respondents have filed in this case. For each it states (1) the date of the document and the date it became available to Respondents, (2) what Petitioners placed on the record of this case that the document addresses, by reference to the numbered statements in Part A, and (3) why the document could not have been filed with Respondents' Supplemental Sur-Reply (Doc. 82), which was filed on October 9, 2026. The descriptions are non-confidential. What each sealed document shows is set out in the sealed version of Respondents' Update (Doc. 101).

Three facts apply to every document and are not repeated in each row. First, Petitioners seek €215,356,806 in criminal restitution in the Western District and €150 million in this Court under the same Recapitalization Commitment, so that the record of the Western District proceeding concerns the same loss. W.D.N.C. Doc. No. 258 at 12; Doc. 42. Second, the documents are confidential under Article 6 of the 2015 NAI Arbitration Rules. Respondents gave the Tribunal notice of their intended disclosure on October 7, 2026; the Tribunal answered on October 7 and ruled on Respondents' related requests on October 16, 2026; and Petitioners first stated their position on sealing in this Court on October 23, 2026. Doc. 90. Each of those events but the first came after the Supplemental Sur-Reply. Third, Petitioners assert the confidentiality of the Arbitration over these documents in both courts, Docs. 90, 98; W.D.N.C. Doc. Nos. 372, 384, while relying in this Court on the criminal proceeding in which they claim restitution, Doc. 81 at 10–11, 13, 14. These are records that go to the heart of the claim Petitioners make in the Western District. Petitioners rely on the merits where the merits help them and resist the merits where they do not. And the Fourth Circuit ruled on their mandamus petition concerning restitution, of which Mr. Lindberg had twelve hours' notice, on their own selective record, based on ex parte communications with the Special Master in the Western District. W.D.N.C. Doc. No. 203 at 3; W.D.N.C. Doc. No. 365 at 1–2. That is why these documents were not before this Court earlier and why Respondents place them before it now.

### PART A — WHAT PETITIONERS PLACED ON THE RECORD OF THIS CASE

| No. | Petitioners' statement | Where |
|---|---|---|
| 1 | "Respondents have presented no evidence—nor does any such evidence exist—of pending claims against Conservatrix or the existence of any proceedings that could result in Conservatrix's obligation to pay Respondents." | Doc. 81 at 9 n.3 |

| No. | Petitioners' statement | Where |
|---|---|---|
| 2 | "[T]here is merely the possibility of a second judgment at some later date," and "there is only one judgment in front of the Court and thus no risk of recognition allowing double recovery." | Doc. 81 at 9 |
| 3 | The arbitrator may determine "whether the amount the arbitrator required the respondents to pay should be adjusted or whether some refund might be due"; "should the arbitrator later conclude that respondents are entitled to a refund or adjustment, there is nothing to indicate the petitioners would not comply." | Doc. 81 at 8, 12 n.5 |
| 4 | "Trier Holding B.V. ('Trier') did not restore Conservatrix's solvency capital ratio"; the obligations are ones "an arbitral panel found they breached" and that "Respondents have been evading since 2019." | Doc. 81 at 4, 13 |
| 5 | The criminal case: the 2017 Order allowed Respondents to acquire the shares "as part of Lindberg's scheme to enter reinsurance agreements"; the obligations "arose from Lindberg's fraud, which resulted in CBL being put into rehabilitation and breaching its reinsurance agreement with Conservatrix." | Doc. 81 at 10–11, 13 |
| 6 | The restitution proceeding: "a Special Master was appointed to calculate the losses suffered by each of Lindberg's victims"; "it is important that the Dutch Judgment is recognized so that Conservatrix's policyholders can be repaid for the harm Respondents inflicted on them." | Doc. 81 at 14 |
| 7 | Respondents may rely only on new evidence, and must show "that this evidence was unavailable during earlier briefing." | Doc. 81 at 6, 13 |
| 8 | Respondents "cite no legal basis for disclosing any information beyond what Petitioners consented to"; the materials should be sealed permanently. | Doc. 90 at 1, 3; Doc. 98 at 1, 6 |
| 9 | The merits arbitration is irrelevant because the judgment "arose from separate summary arbitral proceedings"; Exhibit L should be stricken and "should have been filed with Respondents' Supplemental Sur-Reply (ECF 82)." | Doc. 98 at 3–5 & n.2 |

**PART B — THE DOCUMENTS**

| Document (W.D.N.C. exhibit no.) | Date of document; date available | Statements in Part A that it addresses, and how | Why it could not have been filed with the Supplemental Sur-Reply (Oct. 9, 2026) |
|---|---|---|---|
| **EXHIBIT L (Doc. 94, filed October 30, 2026; public version Exhibit L-1)** | | | |
| Defendant's Response of October 30, 2026 in the Western District | October 30, 2026 | 5, 6, 8. Petitioners rely on the criminal case and the restitution proceeding in this Court. | It did not exist. It answers a filing Petitioners made in the Western District |

| Document (W.D.N.C. exhibit no.) | Date of document; date available | Statements in Part A that it addresses, and how | Why it could not have been filed with the Supplemental Sur-Reply (Oct. 9, 2026) |
|---|---|---|---|
| (W.D.N.C. Doc. No. 374) | | This is Mr. Lindberg's answer, in that proceeding, to Petitioners' position there on the same arbitration materials, and it states the law under which disclosure is made. | after October 9, 2026 (W.D.N.C. Doc. No. 372). It also addresses the ex parte communications between Petitioners' counsel and the Special Master's team, which Mr. Lindberg and his counsel compiled from the Special Master's fee applications and placed on the Western District docket on October 11, 2026 (W.D.N.C. Doc. No. 365). |
| Respondents' Application to the Tribunal for leave to submit five documents (S-10) | October 17, 2026 | 1, 3, 9. It shows that the tribunal deciding the merits is receiving evidence on whether any further contribution was owed under the Commitment. | It was made on October 17, 2026. |
| Trier's funding proposal of June 4, 2020, and the record of the call of June 5, 2020 (S-11, Documents 1 and 2) | June 4 and 5, 2020 | 4. They bear on Petitioners' statements that Trier "did not restore" the ratio and that Respondents "have been evading" the obligation. | The proposal and the notes date from June 4 and 5, 2020. The Tribunal ruled on their admission to the arbitration record on October 26, 2026 (S-12), after the Supplemental Sur-Reply, and admitted the notes on that date. They were filed in the Western District on October 30, 2026 and in this Court the same day. |
| Internal e-mail of July 9, 2018 (S-11, Document 3) | July 9, 2018 | 4. It bears on the condition of the Company in 2018, which is the first condition of paragraph 1.2(b) of the Commitment. | Same as the preceding row. |
| Conservatrix's Solvency and Financial Condition Report 2018 | Report for the year 2018 | 4, 5. It is the Company's own report of its condition at the end of 2018, before the | Same as the preceding row. The Tribunal's ruling of October 26, 2026 |

| Document (W.D.N.C. exhibit no.) | Date of document; date available | Statements in Part A that it addresses, and how | Why it could not have been filed with the Supplemental Sur-Reply (Oct. 9, 2026) |
|---|---|---|---|
| (S-11, Document 4) | | events Petitioners attribute to the criminal case. | addressed this report and identified where the same statement appears in the arbitration record. |
| Affidavit of a witness in the Arbitration, dated October 4, 2024 (S-11, Document 5) | October 4, 2024 | 4, 5. It is sworn evidence on the events Petitioners describe. | Same as the row for Documents 1 and 2. |
| Procedural Order No. 6 of the Tribunal, with addendum (S-12) | October 26, 2026 | 1, 3, 7, 9. It is a ruling of the merits tribunal, made after the Supplemental Sur-Reply, on evidence going to whether the obligation existed. | It was issued on October 26, 2026. |
| **EXHIBIT N (Doc. 101, filed November 16, 2026; public version Exhibit N-1, Doc. 99)** | | | |
| Defendant's Update of November 16, 2026 in the Western District (W.D.N.C. Doc. No. 387) | November 16, 2026 | 2, 5, 6, 8, 9. It reports the hearing on the merits and answers Petitioners' statement in the Western District, made on November 12, 2026, that the arbitration materials "are unrelated to the restitution" they seek there (W.D.N.C. Doc. No. 384 at 2 n.1). | It did not exist. It reports a hearing held on November 4 and 10, 2026 and answers a filing Petitioners made on November 12, 2026. |
| Petitioners' Statement of Reply in the Arbitration (S-13) | March 27, 2026 | 2, 4, 9. It is Petitioners' own pleading on the merits of the Commitment, and states what they claim under it. | The document existed. It is relied on in the Western District Update of November 16, 2026, which reports the hearing of November 4 and 10, 2026, and it was filed there and in this Court on that date. On October 6, 2026 Respondents asked Petitioners' counsel to send it again because the download link by which it had been delivered had expired; Petitioners' counsel agreed on October |

| Document (W.D.N.C. exhibit no.) | Date of document; date available | Statements in Part A that it addresses, and how | Why it could not have been filed with the Supplemental Sur-Reply (Oct. 9, 2026) |
|---|---|---|---|
| | | | 16, 2026, and a secure delivery from Petitioners' counsel was received on October 19, 2026. |
| Letter of De Nederlandsche Bank N.V. (DNB) to Petitioners of March 24, 2026, with memorandum (Petitioners' Exhibit C-42) (S-14) | March 24, 2026; sworn English translation received November 14, 2026 | 4. It is Petitioners' own exhibit on the drafting history of paragraph 1.2(b), the provision that decides whether any further contribution was owed. | The Dutch original existed. The sworn English translation was delivered on November 14, 2026. Petitioners' counsel addressed the subject of the letter at the hearing of November 4, 2026. On October 6, 2026 Respondents asked Petitioners' counsel to send it again because the download link by which it had been delivered had expired; Petitioners' counsel agreed on October 16, 2026, and a secure delivery from Petitioners' counsel was received on October 19, 2026. |
| DNB Process Letter of February 24, 2017 (Petitioners' Exhibit C-51) (S-15) | February 24, 2017 | 4. It contains the text from which paragraph 1.2(b) was taken. | Petitioners placed this document on the record of the Arbitration on October 29, 2026, at the Tribunal's request, and numbered it Exhibit C-51. It was not part of the arbitration record when the Supplemental Sur-Reply was filed. It is read with Exhibit C-42, the sworn English translation of which was delivered on November 14, 2026. |
| Conservatrix's letter to DNB of January 24, 2019 and e-mail of | January 24 and May 24, 2019; sworn | 4, 5. They are the Company's own statements to its regulator about its | The documents existed. Sworn translations were delivered on November |

| Document (W.D.N.C. exhibit no.) | Date of document; date available | Statements in Part A that it addresses, and how | Why it could not have been filed with the Supplemental Sur-Reply (Oct. 9, 2026) |
|---|---|---|---|
| May 24, 2019 (Petitioners' Exhibits C-08, C-09) (S-16) | English translations received November 14, 2026 | condition, made before the events Petitioners attribute to the criminal case. | 14, 2026. Petitioners' opening presentation of November 4, 2026 addressed the request made in the letter of January 24, 2019. On October 6, 2026 Respondents asked Petitioners' counsel to send them again because the download link by which they had been delivered had expired; Petitioners' counsel agreed on October 16, 2026, and a secure delivery from Petitioners' counsel was received on October 19, 2026. |
| Conservatrix's Triggered Own Risk and Solvency Assessment of June 13, 2019 (S-17) | June 13, 2019 | 4, 5, 6. It is the Company's own assessment of its condition in June 2019. | The document existed; Petitioners produced it in the Arbitration. It is relied on in the Western District Update of November 16, 2026, which reports the hearing of November 4 and 10, 2026, and it was filed there and in this Court on that date. |
| DNB e-mail with scorecard of September 12, 2018 and DNB final report of September 27, 2018 (Petitioners' Exhibits C-45, C-47) (S-18) | September 12 and 27, 2018; sworn English translation of C-45 received November 14, 2026 | 4. They are the regulator's own record of the Company's condition in 2018. | The documents existed. The sworn translation was delivered on November 14, 2026. They are relied on in the Western District Update of November 16, 2026 and were filed there and in this Court on that date. On October 6, 2026 Respondents asked Petitioners' counsel to send them again because the download link by which they had been delivered |

| Document (W.D.N.C. exhibit no.) | Date of document; date available | Statements in Part A that it addresses, and how | Why it could not have been filed with the Supplemental Sur-Reply (Oct. 9, 2026) |
|---|---|---|---|
| | | | had expired; Petitioners' counsel agreed on October 16, 2026, and a secure delivery from Petitioners' counsel was received on October 19, 2026. |
| DNB letters of December 20, 2019 (Petitioners' Exhibits C-27, C-28) (S-19) | December 20, 2019 | 4. They state DNB's reading of the Commitment and were relied on by Petitioners at the hearing. | The documents existed. Petitioners relied on them in their opening presentation of November 4, 2026. |
| Letter of René Collé to Petitioners of March 25, 2026 (Petitioners' Exhibit C-43) (S-20) | March 25, 2026 | 4. It is a letter to Petitioners from a former officer of the Company, which Petitioners filed as their own exhibit. | The document existed. Petitioners did not call its author as a witness at the hearing of November 4 and 10, 2026. |
| Annexes C, D and E to Petitioners' expert report CE-01 (S-21) | Report filed in the Arbitration; sworn English translation of Annex D received November 14, 2026 | 2, 5, 6. They show how the sum Petitioners claim is composed and what the Company's own report identifies as the cause of the change in its position. | The annexes existed. Petitioners' witness was heard on the composition of the sum claimed on November 4, 2026, and the sworn translation was delivered on November 14, 2026. On October 6, 2026 Respondents asked Petitioners' counsel to send them again because the download link by which they had been delivered had expired; Petitioners' counsel agreed on October 16, 2026, and a secure delivery from Petitioners' counsel was received on October 19, 2026. |
| Hearing schedule fixed by the Tribunal, and Petitioners' opening presentation (S-22) | October 16, 2026 and November 4, 2026 | 1, 4, 9. They show that the merits were set for hearing and what Petitioners argued at it. | They are dated October 16 and November 4, 2026. |
| Excerpts of the transcripts of the hearing, Day 1 and Day 2 (S-23, S- | November 4 and 10, 2026; circulated | 1, 2, 3, 4, 9. They record what Petitioners' counsel and Petitioners' witnesses said on | The hearing was held on November 4 and 10, 2026, and the transcripts were |

| Document (W.D.N.C. exhibit no.) | Date of document; date available | Statements in Part A that it addresses, and how | Why it could not have been filed with the Supplemental Sur-Reply (Oct. 9, 2026) |
|---|---|---|---|
| 24) | November 12, 2026 | whether the obligation existed and on the amount claimed. | circulated on November 12, 2026. |
| Communications of the Tribunal on the post-hearing schedule (S-25) | November 10 and 11, 2026 | 1, 3. They show that the merits are under submission to the Tribunal. | They are dated November 10 and 11, 2026. |
| Conservatrix's Initial Recovery Plan of October 4, 2019 (Petitioners' Exhibit C-22) (S-26) | October 4, 2019 | 4, 5, 6. It is the Company's own account, to its regulator, of its condition and of the cause of the decline in its solvency. | The document existed. It was addressed in the examination of witnesses at the hearing of November 10, 2026. |
| Communication of the Tribunal of October 7, 2026 concerning Article 6 of the NAI Arbitration Rules (S-27) | October 7, 2026 | 8. It is the Tribunal's answer to Respondents' notice of disclosure and bears on Petitioners' statement that Respondents cite no legal basis for disclosure. | It was received two days before the Supplemental Sur-Reply. Petitioners first objected that Respondents had identified no law permitting disclosure on October 23, 2026 (Doc. 90 at 3), and repeated the objection on November 13, 2026 (Doc. 98 at 6). The document answers those objections. |
| Decision of the Tribunal of October 16, 2026 on the hearing schedule and on Respondents' requests (S-28) | October 16, 2026 | 1, 8, 9. It is a ruling of the merits tribunal made after the Supplemental Sur-Reply. | It was issued on October 16, 2026. |
| DNB letter of May 15, 2017 (Petitioners' Exhibit C-01) (S-29) | May 15, 2017 | 4, 5. It is the regulator's letter of the date of the acquisition and concerns the terms on which the acquisition was made. | The document existed. It is part of the set filed in the Western District on November 16, 2026, and is included so that Exhibit N is a complete copy of that filing. |
| **EXHIBITS O AND P (Doc. 101, filed November 16, 2026)** | | | |

| Document (W.D.N.C. exhibit no.) | Date of document; date available | Statements in Part A that it addresses, and how | Why it could not have been filed with the Supplemental Sur-Reply (Oct. 9, 2026) |
|---|---|---|---|
| Conservatrix's Annual Report 2017 and Annual Report 2018 (Respondents' Exhibits C and D in the Arbitration; W.D.N.C. Doc. No. 363, Exhibit S-3-A) | Reports for the years 2017 and 2018 | 4, 5. They are the Company's audited reports of its capital position in the two years after the acquisition, before the events Petitioners attribute to the criminal case. | The reports existed. The Tribunal's ruling of October 26, 2026 identified the Annual Report 2018 as the place where the Board's statement on the Company's condition appears in the arbitration record, and Petitioners' witness was heard on the Company's position at December 31, 2018 at the hearing of November 4 and 10, 2026. |