**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| J. ROBERT VAN FAASSEN, LLM and ELEONORA L. ZETTELER, LLM, in their capacity as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzekering "CONSERVATRIX" N.V.,<br><br>Petitioners,<br><br>v.<br><br>GREG EVAN LINDBERG; TRIER HOLDING B.V.; NETHERLANDS INSURANCE HOLDINGS, INC.; and NIH CAPITAL, LLC,<br><br>Respondents. | Case No. 1:23-CV-879<br><br>Senior District Judge Catherine C. Eagles |

**EXHIBIT R: RESPONDENTS' PROPOSED MOTION FOR LEAVE TO SUPPLEMENT THE RECORD ON THE MOTION TO CONFIRM (DOC. 42) AND ON RESPONDENTS' SUPPLEMENTAL SUR-REPLY (DOC. 82)**

Respondents Greg Evan Lindberg, Trier Holding B.V., Netherlands Insurance Holdings, Inc., and NIH Capital, LLC move, under LR 7.3 and LR 5.4, for leave to

supplement the record on Petitioners' Motion to Confirm (Doc. 42) and on Respondents' Supplemental Sur-Reply (Doc. 82) with the following filings, as of the dates on which they were filed: (1) Respondents' Reply of October 30, 2026 (Doc. 92) and its exhibits (Docs. 92-1 through 92-4); (2) Exhibit L (Doc. 94, under temporary seal) and its public version, Exhibit L-1; (3) Respondents' Update on the Arbitration in NAI Case No. 4794 and on Corresponding Proceedings in the Western District of North Carolina, filed November 16, 2026 (Docs. 99, 101); and (4) Exhibit N to that Update (Doc. 101, under temporary seal), its public version, Exhibit N-1 (Doc. 99), and Exhibits O and P, which are public and are filed with Respondents' Notice of Correction of November 17, 2026.

This proposed motion is lodged as Exhibit R to Respondents' Reply of November 17, 2026, and is to be deemed filed only if the Court permits. The Court has ordered that no further briefing is authorized on the Motion to Confirm, Doc. 74 at 6, and Respondents file no brief with it. The grounds, which are stated in that Reply and in Exhibit Q to it, are these. First, the filings from *United States v. Lindberg*, No. 3:23-cr-48 (W.D.N.C.), concern the same loss that Petitioners ask this Court to enforce, and are therefore necessary for determination of the matter before the Court. LR 5.4(a)(3); 18 U.S.C. § 3664(j)(2). Second, each filing addresses something Petitioners placed on

the record of this case, including their statements that no evidence exists of any proceeding that could result in an obligation of Conservatrix to pay Respondents, that there is no risk of double recovery, and their reliance on the criminal proceeding and the restitution process. Doc. 81 at 9 & n.3, 10–11, 13, 14. Third, none of the filings could have been made with the Supplemental Sur-Reply of October 9, 2026: they report rulings of the arbitral tribunal of October 16 and 26, 2026, the hearing on the merits of November 4 and 10, 2026, filings made in the Western District on and after October 11, 2026, and ex parte communications between Petitioners' counsel and the Special Master's team of which Mr. Lindberg and his counsel learned only after the Supplemental Sur-Reply was filed. Fourth, Petitioners have asked that Exhibit L be stricken on the ground that it was filed with a reply on a motion to seal, Doc. 98 at 3–5, and this Motion places the filings before the Court by leave. Fifth, the record of this case should be complete for any review by the Fourth Circuit, which has had Petitioners' restitution claim and Petitioners' claim to enforce the penalty before it in separate matters without the record that connects them.

This motion is necessary only because Petitioners invoke confidentiality over documents whose claim to confidentiality is weak. The Arbitration Rules themselves permit disclosure that "ensues from the law." Doc. 37-1 at 6. Petitioners placed the

documents they chose before the Fourth Circuit in their mandamus petition under the Crime Victims' Rights Act, W.D.N.C. Doc. No. 189-1, and now use confidentiality as a sword to keep the rest from this Court. That use of confidentiality should not be permitted. This record will also bear on any further petition for mandamus or appeal arising from the Western District proceeding.

Respondents ask the Court to grant leave and to deem the filings made as of the dates on which they were filed. In the alternative, if the Court strikes any of them, Respondents ask that the filing remain lodged in the record, under seal where it was filed under seal, as Respondents' offer of proof. Fed. R. Evid. 103(a)(2).

Counsel for Respondents conferred with counsel for Petitioners by e-mail on November 16, 2026. Petitioners oppose this Motion.

Dated: November 17, 2026

Respectfully submitted,

/s/ Kenneth N. Barnes
Kenneth N. Barnes
Barnes Legal, PLLC
356 Travel Lite Dr.
Raleigh, NC 27603
919-524-1977
Email: barnesatty@aol.com

/s/ Vivek Ramachandran
Vivek Ramachandran
Dhamma Law, PLLC
418 Broadway, Suite N
Albany, NY 12207
202-860-4084
Email: vramachandran@dhammalaw.com
Special Appearance Counsel

Counsel for Respondents Greg Evan Lindberg,
Trier Holding B.V., Netherlands Insurance Holdings, Inc., and NIH Capital, LLC

## CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a notice of electronic filing upon all counsel of record and all parties registered to receive such notices in this case.

Dated: November 17, 2026

/s/ Kenneth Barnes
Kenneth Barnes
Counsel for Respondents